UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| In re: | ) |
| | ) |
| WILLIAM CHARLES BEVAN | ) |
| | ) Case No. 22-12609 |
| Debtor | ) (Chapter 13) |
| _____ | ) |

**PRELIMINARY RESPONSE TO LIMITED OBJECTION TO EXEMPTIONS AND COUNTERREQUEST TO DEFER SAME TO AVOID AN ADVISORY OPINION**

WILLIAM CHARLES BEVAN (the "Debtor") hereby files this Preliminary Response to Limited Objection to Exemptions And Counter Request To Defer Same To Avoid An Advisory Opinion, and states as follows:

**RESPONSE:**

On or about May 13, 2022 (the "Petition Date"), the Debtor filed a voluntary petition pursuant to Chapter 13 of the Bankruptcy Code of 2005, as amended (the "Code').

On June 23, 2020, Manor Care of Bethesda MD, LLC ("Manor Care") filed civil suit against the Debtor in the Circuit Court for Montgomery County, MD (the "Circuit Court") (Case No. 482555V). On January 24, 2022, the Circuit Court entered judgment against the Debtor in the amount of $58,365.27, of which $33,764.00 represented a contract judgment and the amount of $24,601.27 represented attorneys' fees (the "Judgment"). The Judgment was not timely appealed by Debtor nor was there any timely revisory relief sought or obtained on the docket. The Judgment was entered prior to 90 days in advance of the Petition Date, and Manor Care is not an insider. *See*, 11 U.S.C. § 547(b), 522(h). The value of the Montgomery County property as scheduled poses serious challenges to any remedies of judicial lien avoidance under 11 U.S.C. § 522(f).

The Debtor's Schedules of Assets and Liabilities herein designates the Judgment as disputed denoting that "Debtor asserts revisory relief under Md. Rule 2-535(b)." [Dkt. 19; p.12 para. 2.4] Debtor has not retained counsel to bring such a motion in the Circuit Court nor is the undersigned retained for such action. Accordingly, it would appear the Judgment is a final Order which reflects *a claim for payment* not subject to challenge in this Bankruptcy Court given the *Rooker-Feldman* doctrine.

In turn, Manor Care has filed its proof of claim [Dkt. 1] (the "Claim") for $60,401.27 representing the Judgment of $58,365.27, and per diem interest on the principal balance at $9.25 per diem to a total for 112 days through the Petition Date at $1,036.00. Manor Care contends the Montgomery County property in which the Claim is secured is worth $806,300.00. [Cl. Dkt. 1-1; p. 5] Manor Care also includes post-judgment attorneys fees of $1,000.00, which are not authorized by the Judgment nor any asserted law. It must be noted that any assertion that post-Judgment fees may be allowed will be disallowed, given that the Judgment is final and all contract rights including attorneys fees were merged therein. That will be dealt with by an appropriate Objection to Claim.

Accordingly, absent a revisory motion pursuant to Md. Rule 2-535(b) which does not appear to be arriving from the Debtor's scheduled assertions, the amount of the Judgment of $59,401.27 as of the Petition Date is likely an allowed claim for this Chapter 13 case. Notably, the Judgment of $58,365.27 is a lien of record on the Debtor's real property in Montgomery County, MD pursuant to Md. Rule 2-621(a).

The Debtor's Schedule C filed herein shows a $25,150.00 exemption under Md. Cts. & Jud. Proc. Art. 11-504(f)(1)(i)(2) in the Montgomery County property which is scheduled at a value of $930,000.00. [Dkt. 19; p.9]

2

On August 1, 2022, Manor Care filed an Objection to the foregoing exemption in the Montgomery County property. [Dkt. 50]  The gravamen of the Objection is that a conflict exists in the Debtor's right to a federally allowed exemption in his Montgomery County property as set forth above, contrasted with Manor Care's asserted rights in its Judgment under MD Code, Health - General, § 19-344(c)(4)(vi).  This provision concerns the medical assistance program and a distribution of funds including income and assets of the resident or applicant which the medical assistance program has determined to be available to pay for care to the facility.  The Objection is carefully tailored to pertain only to the Manor Care Claim.  It appears the Objection was filed given the existence of concerns on the part of Manor Care over whether its Claim to the extent allowed would be paid in full from the sale of the Montgomery County property, which asset the Debtor contends to be worth substantially more than the Claim as does Manor Care in its own Claim despite the value of the asset being hundreds of thousands of dollars more than the Manor Care Claim.

Be that as it may be, Manor Care bases its Objection on the following:

Firstly, Manor Care avers that the Judgment recites the Circuit Court's concerns that a *lis pendens* would issue on the Montgomery County property and that Debtor should have sold the Montgomery County property within a period certain. A state court representative was appointed to perform the sale.  Manor Care recites that the Debtor – who is residing in skilled care facilities on medication – should have taken prompt steps to address the Montgomery County Judgment and associated requirements.  *The Objection ignores preemption under Title 11, and the fact that the Debtor intends to either refinance the Montgomery County property or sell it and pay all allowed secured claims and other obligations under the proposed Plan.*

Secondly, Manor Care alleges that the Debtor does not reside in the Montgomery

3

County property and thus cannot exempt the interest in that property pursuant to Md. Code Cts. & Jud. Proc. § 11-504(f)(1)(i)(2).  *The Objection ignores that temporary visits even though extended stays in a skilled care facility are not residences nor any form of domiciliary subject to exemption by a debtor.  The Debtor's last residence which he vacated for temporary health reasons alone is the Montgomery County property, which is subject to exemption accordingly.*

Thirdly, Manor Care avers that by this presiding jurist, the Bankruptcy Court has declined to permit an exemption under Md. Code Cts. & Jud. Proc. § 11-504 when contrasted against MD. Code, Health - General, § 19-344(c)(4)(vi).  *See, ie*; *In re Barsir* (Case No. 19-18076) [Dkt. 180] 07/26/20.  (one page form Order reciting without analysis that "Debtor's 403(b) account through Transamerica is not exempt from Manor Care's ability to collect against such account pursuant to an appropriate order issued by the state court pursuant to Md. Health-Gen. Code § 19-344(c)(4)(vi)[.]" The essence of this argument by Manor Care is that there is a statutory conflict between the Health General Article and the Courts and Judicial Proceedings Article, and that the Bankruptcy Court should "harmonize" these enactments.  *The Debtor's argument would be that there is no conflict, in that many statutes in Maryland and otherwise involve an imposition of a financial obligation, contrasted against a state regimen of exemptions which apply against execution and collections of an imposed financial liability.*  The Objection is largely conjecture and speculation conceding that "Health - General, § 19-344(c)(4)(vi) does not allow for any exemption, defense or exception in a statutory scheme specifically dealing with residents of facilities like the Creditor in relation to funds ***which well may*** consist of the same type of funds exempted pursuant to the RP Exemption." (emphasis supplied)  Manor Care does not even know if its own Objection matches the RP Exemption claimed by the Debtor herein.  Indeed, the Objection concludes "[t]he Creditor could not find any Maryland Law in which an appellate court ruled regarding the facial conflict

4

between the RP Exemption and MD Code, Health - General, § 19-344(c)(4)(vi)." So, this is a matter of first impression in the Bankruptcy Court herein. It should also be deferred to a time when it is ripe for briefing, argument and decision if needed.

The larger question is despite the academic and interesting nature of the Objection, why this is not an advisory opinion at this time. Firstly, the Amended Plan [Dkt. 55] provides for payment in full of "all allowed secured claims related to the Rockville Property, and allowed priority and unsecured claims." [Dkt. 55; p. 8] Manor Care has an allowed Claim [Dkt. 1], other than the $1,000.00 post-judgment attorney fee, which will be stricken on objection[1]. The same is true for any refinancing on the Rockville Property under the Plan. To the extent there is a shortfall in funding from the Rockville Property, "the Debtor *shall supplement* from his own retirement funds (the Debtor waiving any exemption in that fund which would preclude him from being compelled through his advance consent under the Plan for a loan or withdrawal as may be allowed under the fund to meet his obligations herein provided for) . . . " (emphasis supplied). [Dkt. 55; p. 8]

Under the arguments advanced by Manor Care in *Barsir*, Manor Care would be able to assert an execution against the Debtor's exempt retirement funds. Thus the arguments advanced by Manor Care are equitably moot herein given the Plan and the obvious repayment of the allowed claims herein and other expenses contemplated by the Plan. Manor Care seeks an advisory opinion as the dispute is not presently ripe for determination. Stated plainly, the Debtor has gone to extraordinary lengths as the Plan and record in this Chapter 13 case demonstrate to show creditors and allowed claim holders that they will be paid in a very reasonable time in full.

---

1 Obviously, no post-judgment attorneys fees will be permitted to Manor Care, as that closed with the Judgment on January 24, 2022.

5

Accordingly, should this contested matter become ripe for adjudication, by counter-request herein, the Debtor requests that the Bankruptcy Court set a briefing schedule for the Objection and Response, and an argument date, provided that the Plan is not confirmed and fails to fund all allowed claims and other Plan obligations as presently premised under Dkt. 55. This contested matter will be preserved in the Plan confirmation Order to ensure continuing jurisdiction to hear and adjudicate it post-confirmation. Debtor reserves all rights to file a memorandum in supplement hereof. Debtor consents to the entry of final Orders in this case by the Bankruptcy Court.

WHEREFORE, the Debtor requests that the Bankruptcy Court enter an Order denying the Objection at the appropriate time following briefing notice and a hearing and granting such other and further relief as equity and justice may require.

Respectfully Submitted,

--------/S/ John D. Burns----------
John D. Burns, Esquire (#22777)
The Burns Law Firm, LLC
6303 Ivy Lane; Suite 102
Greenbelt, Maryland 20770
(301) 441-8780
*info@burnsbankruptcyfirm.com*
Counsel to the Debtor

## **CERTIFICATE OF SERVICE**

        I hereby certify that on this 26th day of August, 2022, a copy of the foregoing Debtor's Answer was served via first-class mail, postage prepaid, or sent by ECF, upon:

*By ECF Notification Upon:*
Timothy Branigan, Chapter 13 Trustee
9891 Broken Land Parkway, Suite 301
Columbia, MD  21046
    Chapter 13 Trustee

williamrudow@rudowlaw.com

emeyers@mrrlaw.net

Parties registered for ECF notification

*By Electronic Mail Upon:*
Adam Ross Levin
Homewise Realty Services, LLC
11140 Rockville Pike
Suite 420
Rockville, MD 20852

Office of the United States Trustee
6305 Ivy Lane; STE 600
Greenbelt, MD 20770

William C. Bevan
drwilliambevan@juno.com

                              -----------/S/ John D. Burns-----
                              John D. Burns