UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| WILLIAM CHARLES BEVAN | ) | |
| | ) | Case No. 22-12609 |
| Debtor | ) | (Chapter 13) |
| | ) | |

**FURTHER MOTION AND NOTICE FOR AUTHORIZATION TO USE PROPERTY OF THE ESTATE OUT OF THE ORDINARY COURSE OF BUSINESS PURSUANT TO 11 U.S.C. §§ 363(b) and 1303 and FED. R. BANKR. P. 2002(a)(2)**

WILLIAM CHARLES BEVAN (the "Debtor") files this Further Motion And Notice For Authorization To Use Property Of The Estate Out of The Ordinary Course of Business Pursuant to 11 U.S.C. § 363(b) and 1303 and Fed. R. Bankr. P. 2002(a)(2) (the "Motion"), and states as follows:

**FACTUAL STATEMENT:**

1. On or about May 13, 2022 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 13 in the United States Bankruptcy Court for the District of Maryland.

2. The Debtor is the owner of the Rockville Property situated at 11229 Empire Lane, Rockville, MD 20852 herein. The confirmed Amended Plan [Dkt. 55] and the Confirmation Order [Dkt. 80] give authority for the restoration rehabilitation and sale of the Rockville Property.

3. The process commenced with the employment of Ivelin Kostadinov who is the MHIC contractor that was engaged by Application to Employ [Dkt. 86] and Order [Dkt. 96] granting same to remove all the biohazard and water sogged waste (requiring at least five (5) thirty-yard long dumpsters) an incredible volume of matter dangerous to human health and impeding rehabilitation

and sale of the unit. This was then followed by a prior Motion for Authority to Use Property of the Estate Out of the Ordinary Course by the contractor for two (2) further engagement agreements. [Dkt. 103] which was granted by Order [Dkt. 115]. All work contemplated by the original bio waste removal, the mold remediation and the roof replacement relative to the Rockville Property were timely completed in a workmanlike manner and all payments to the contractor were made. For reasons already expressed in the prior filings, the Debtor and the attorney in fact Mr. Levin believe and thus aver that the work payments were at a very fair and reasonable rate.

4. The contractor has provided an estimate to rehabilitate the Rockville Property, a copy of which is attached hereto as **Exhibit 1**. (the "Rehabilitation Agreement") Dated February 1, 2023 – February 16, 2023, the contractor has priced the interior work at $98,160.00; the exterior work at $28,500.00; the change orders at $6,000.00 concerning wood and termite issues. The draw schedule requires the interior work to be funded at $32,700.00 each by three (3) equal installments; the exterior work to be funded at $9,500.00 each by three (3) equal installments; and the wood/termite work at $2,000.00 up front and then $4,000.00 at completion. The contractor is starting work on March 4, 2023 and anticipates a conclusion of the work by April 5, 2023, subject to the below caveats.

5. The business judgment for the rehabilitation and then sale of the Rockville Property was outlined at the confirmation hearing conducted on September 27, 2023, where the costs of same were explored and supported by Dr. Bevan as Debtor, who attended along with Mr. Levin the realtor and then proposed agent in fact. Dr. Bevan supported this path and the professionals are pursuing it as was always contemplated. The increase in sale value has been demonstrated by Mr. Levin from a present value prior to work of about $560,000.00 to over

$920,000.00 upon completion. This is supported by appraisal consultation and work product which can be produced by Mr. Levin. The contractor believes, and thus has averred today, that he believes he can get the work done. However, the Motion to Convert that was filed by the Chapter 13 Trustee on February 3, 2023 has given pause to the contractor and stalled the estimations and final change orders here by about 20 days.

6. Another contractor was consulted after February 3, 2023, but could not match the pricing by Mr. Kostadinov. Several other contractors provided bids as well in January, 2023; however, Mr. Kostadinov was the prevailing contractor. The caveat noted above is that with supply chain delays on windows for example, there could be a delay in the completion of the construction that would potentially go beyond April 5, 2023. In all fairness to the Debtor and this estate, it is unfair for the Chapter 13 Trustee to have caused a 30 day delay in the entry of the confirmation Order, and now to have filed a Motion to Convert rearguing all of those points and issues anew which chills the Debtor's contractor by another 20 days or more before final consent to move forward. The Bankruptcy Court should *sua sponte* refix the date for sale of the Rockville Property at July 1, 2023, which would accommodate the Debtor for the delays caused by the Trustee as a matter of fundamental fairness. The contractor and Mr. Levin do not believe that this will take longer to complete, market and sell than that date. But, that is up to the Court *sua sponte* given the terms of the Plan as confirmed.

7. The agent in fact, Mr. Levin, has had an opportunity to observe the removal of property work that has been ongoing with this contractor and is pleased and satisfied with it.

8. A Motion to Shorten Time from twenty (21) days to seven (7) days has been

filed so that the Order may issue on this Motion and the work continue unabated.

9. Section 363(b) of the Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate[.]" The Debtor assumes the powers of the Trustee in Chapter 13 for the purposes of 11 U.S.C. § 363(b) *See, eg*; 11 U.S.C. § 1303. The use is subject to twenty (21) day notice which is delineated below. However, a Motion to Reduce Notice Time is being filed contemporaneous herewith.

**NOTICE:**

ANY OBJECTION TO THIS NOTICE MUST BE FILED WITH THE OFFICE OF THE CLERK, UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF MARYLAND, 6500 Cherrywood Lane; Clerk's Office Greenbelt MD 20770 NO LATER THAN 21 DAYS FROM THE SERVICE OF THIS NOTICE AND A COPY MUST BE CONTEMPORANEOUSLY SERVED UPON AND RECEIVED BY UNDERSIGNED COUNSEL. IF NO OBJECTIONS ARE TIMELY FILED, THE PROPOSED ACTION MAY BE APPROVED WITHOUT FURTHER ORDER OR NOTICE. THE COURT, IN ITS DISCRETION, MAY CONDUCT A HEARING OR DETERMINE THE MATTER WITHOUT A HEARING REGARDLESS OF WHETHER AN OBJECTION IS FILED. AN OBJECTION MUST STATE THE FACTS AND LEGAL GROUNDS ON WHICH THE OBJECTION IS BASED AND THE BELOW REFERENCED COUNSEL IS TO BE CONTACTED IF PARTIES IN INTEREST HAVE QUESTIONS.

Good cause exists for the Motion. The relief sought is premised upon 11 U.S.C. §§ 363(b) and 105(a). No memorandum is filed herewith pursuant to Local Rule 9013-2. The Debtor consents to the entry of final Orders by the Bankruptcy Court herein.

**MOVANT HAS ALSO FILED A MOTION TO SHORTEN THE TIME FOR RESPONSE AND/OR FOR AN EXPEDITED HEARING. IF THAT MOTION TO SHORTEN OR EXPEDITE IS GRANTED, THE TIME TO OBJECT AND/OR DATE FOR HEARING WILL BE CHANGED AS PROVIDED IN SUCH ORDER.**

WHEREFORE, the Debtor requests that this Honorable Court enter an Order that:

(i) Grants the Motion;

(ii) Authorizes the use of property of the estate as described in the Rehabilitation Agreement to perform that work through and by the contractor with draw schedules as set forth therein and supervision of the Contractor by the agent in fact, Mr. Levin; and

(iii) Retains the jurisdiction of the Bankruptcy Court over this matter and compensation of the contractor as described in the Application to employ the contractor and the Order granting same; and

(iv) Grants such other and further relief as equity and justice may require.

Respectfully Submitted,
--------/S/ John D. Burns----------
John D. Burns, Esquire (#22777)
The Burns Law Firm, LLC
6305 Ivy Lane; Suite 340
Greenbelt, Maryland 20770
(301) 441-8780
*info@burnsbankruptcyfirm.com*
Counsel to the Debtor

# CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of February, 2023, a copy of the foregoing Debtor's Motion and Notice and Order, was served via first-class mail, postage prepaid, or sent by ECF, upon:

***By ECF Notification Upon:***
Timothy Branigan, Chapter 13 Trustee
9891 Broken Land Parkway, Suite 301
Columbia, MD 21046
Chapter 13 Trustee

Parties registered for ECF notification

***By Electronic Mail Upon:***
Jeanette Rice, Esquire
Office of the United States Trustee
6305 Ivy Lane; STE 340
Greenbelt, MD 20770

Adam Ross Levin
Homewise Realty Services, LLC
11140 Rockville Pike
Suite 420
Rockville, MD 20852

williamrudow@rudowlaw.com
William Rudow, Esquire

ugotmold@yahoo.com
Ivelin Kostadinov, Contractor

William C. Bevan, Debtor
drwilliambevan@juno.com

***By First Class Postage Pre-Paid Mail Upon:***
Dr. William Bevan
ProMedica Skilled Nursing and Rehab (Manor Care)
11901 Georgia Avenue
Wheaton, MD 20902

(Matrix of Creditors)

-----------/S/ John D. Burns-----
John D. Burns