UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| In re: | ) |
| | ) |
| WILLIAM CHARLES BEVAN | ) |
| | ) Case No. 22-12609 |
| Debtor | ) (Chapter 13) |
| | ) |

## ANSWER TO TRUSTEE'S MOTION TO CONVERT CASE TO CHAPTER 7 AND REQUEST FOR HEARING

WILLIAM CHARLES BEVAN (the "Debtor") files this Answer to Trustee's Motion to Convert Case to Chapter 7 and Request for Hearing (the "Answer"), and states as follows:

### REQUEST FOR A HEARING:

The Debtor requests a hearing on this matter.

### ANSWER:

On September 27, 2022, the Bankruptcy Court conducted a confirmation hearing [Dkt. 67] in this Chapter 13 case on the Debtor's Amended Plan [Dkt. 55]. After an extraordinary colloquy before the Bankruptcy Court roused by the Chapter 13 Trustee primarily and his stated objections which were fully heard, and overruled, the Bankruptcy Court ordered the Plan confirmed with several *sua sponte* provisos; namely, that (i) the Rockville Property would be sold by May 1, 2023; (ii) there would be adequate protection payments to the mortgagee on the Rockville Property each month (PITI); (iii) the Rockville Property should remain insured; and (iv) the Chapter 7 Trustee should receive a copy of the annuity statement.

These steps were memorialized and completed in all respects by the Debtor through

1

counsel and Mr. Levin no later than September 28, 2023, a day after the hearing. This was confirmed in a Plan support document. [Dkt. 66]

It is more than apparent here that the Chapter 13 Trustee does not like this case. He has unfortunate animus for the Debtor and counsel, and is doing all he can do to cause failure when success should occur here. Having failed to persuade the Court at confirmation of his cause, the Trustee continues to persist in actions to frustrate the rollout of the case. For example, knowing full well that the Debtor needed to get moving, the Trustee delayed submission of an Order to the Bankruptcy Court compliant with the Plan and the substance of the hearing on September 27, 2022.

Thus, it took a full month for the Debtor to have an alternative Debtor's Order entered and placed into effect by the Bankruptcy Court on October 26, 2023. [Dkt. 80] This was brought to the Bankruptcy Court's attention by a Request for entry of the confirmation Order filed on October 24, 2023. [Dkt. 79] The confirmation Order was uploaded by the undersigned on October 4, 2022 when the Trustee had declined to act. The Trustee was emailed with all of this and ignores the emails. He refuses to respond.

Yet, the Trustee found the time to file an opposition to the employment of Mr. Levin as broker to sell the Laurel Property herein on October 7, 2023, which was overruled by an Order to employ Mr. Levin. [Dkt. 70] [Dkts. 62, 71, 72] So, again, the point is that by the Trustee's actions here, the Debtor was delayed a full month in even getting out of the gate so to speak to perform his time sensitive confirmed Plan.

Be all of that as it may be, *the Debtor since the entry of the confirmation Order has done everything he is supposed to do under the confirmed Plan, the confirmation Order and under the provisos required by the Bankruptcy Court*. He is performing as required. Mr. Levin as agent

2

in fact has made sure all payments to the Trustee each month under the Plan have been timely made. The payments to the mortgagee on the Rockville Property of PITI have been made each month as required. The property insurance on the Rockville Property has been current.

Each step of the Plan or other Orders has been performed as required. The Debtor has filed a quarterly report through Mr. Levin by counsel as requested by the Trustee and as permitted by the Bankruptcy Court. [Dkts. 72, 84] The Debtor has sought permission to hire an accountant, Mr. Bortnick, who is busily working on the taxes that are necessary to abate the IRS claim which should be withdrawn. [Dkt. 89, 113] [Cl. Dkt. 7] The Debtor has sought permission to hire a licensed contractor, Mr. Kostadinov, at a reasonable cost, who has by timely application to employ and by ensuing motions as to the Rockville Property been permitted to (i) gut the premises and remove all the biowaste; (ii) remove all the mold contaminated contents and test the property for mold thereafter; (iii) put on a new roof (as there is no sense in leaving the sky open for new rain to pour in and re-contaminate the premises); and (iv) now, by further motion seeks to rehabilitate the property so it can be timely marketed and sold. [Dkts. 86, 96, 105, 115, 118] All of this foregoing work (other than the rehabilitation itself) has been timely completed. The rehabilitation is set to begin March 4, 2023 and conclude April 5, 2023, with the caveats dealt with below.

The abandoned cars which were causing citations and fines to the detriment of the estate for nuisance have been towed to Capital Auto Auction and are subject to auction once the Motion to Approve same has been approved over the Trustee's Objection. [Dkts. 103; 107; 109] These cars when auctioned will provide monies for the estate by use by Mr. Levin as agent and attorney in fact to fund the construction or other needs of the estate pending a further and final distribution to the Chapter 13 Trustee after all sales to fund the Plan.

The Debtor has filed in his Further Motion to Use Property of the Estate [Dkt. 118] that the Bankruptcy Court should *sua sponte* fix the date for sale of the Rockville Property at July 1, 2023 rather than May 1, 2023 because of the foregoing delays that the Chapter 13 Trustee has brought to this case. The 30 day delay imposed by the Trustee's inaction between September 27, 2022 and October 26, 2023 has been explored above on the Confirmation Order. However, as noted in the Dkt. 118, the Trustee's filed Motion to Convert on February 3, 2023 has slowed the pace of the rehabilitation on the Rockville Property by almost another month as the contractor Mr. Kostadinov was chilled by it.

The Rehabilitation Agreement with its change Order could have advanced more quickly but for the Trustee's action. Another contractor had to be brought in, who was unable to perform the work to the specifications of the Debtor and Mr. Levin because of the concerns over the Trustee's actions herein. Thus, after some time now, the present contractor who wants to finish the work, but may be delayed by supply chain issues on windows imposed from the delays at least this month from the Trustee's actions should be given some leeway *sua sponte* by the Court to complete the job. The same goes for Mr. Levin to sell the property at highest and best value, which will likely exceed well over $920,000.00 from $560,000.00 value before the work commenced. July 1, 2023 should be the date for the sale, not May 1, 2023 in all fundamental fairness to the estate and Debtor, given the Trustee's actions herein. However, that is up to the tribunal.

On February 3, 2023, the Trustee filed a Motion to Convert this case to Chapter 7 [Dkt. 112]; therein reciting that (i) the Debtor has "failed to close" on the sale of the Laurel Property following the confirmation Order as required within 90 days; (ii) this prevents the siblings from being paid on their ownership interest in the Laurel Property; (iii) because the Debtor is going to sell

4

the Laurel Property and pay the proceeds into the Trustee's coffers (as the Plan always contemplated), suddenly this is a liquidation case and not a reorganization so a Chapter 7 Trustee should be appointed and everyone here displaced; (iv) because the Rockville Property is not ready to sell yet "or anytime soon," this case should be converted to Chapter 7; and (v) because of the Debtor's several prior bankruptcy cases (all evaluated at confirmation and heard time and time again), and the lack of substantial income as a medical patient in a skilled nursing facility, the case is not subject to reorganization and should be converted.

This is all really unfortunate from the Trustee. The Trustee draws extensively from Dkt. 109 wherein the Debtor and undersigned counsel deservedly criticized the Chapter 13 Trustee for his prior retaliatory actions given a complaint filed against him in this case which is pending before the United States Trustee. If this is the Trustee's further retaliatory response, so be it.

The Trustee's allegations are both baseless and quite frankly patently frivolous on their face. To begin with the Trustee has made all of these protests known in concept at the confirmation hearing on September 27, 2023. The Trustee lost. But he will not move on.

The Chapter 13 Plan and confirmation Order permit the Debtor to rehabilitate and sell the Rockville Property by May 1, 2023. So the Debtor is compliant with the terms of the Plan and the confirmation Order. The Debtor is doing just that, but as noted is being hobbled by the Chapter 13 Trustee. If the Bankruptcy Court decides to *sua sponte* extend or fix that date at July 1, 2023 for sale for the reasons set forth above, that would be helpful. But the Debtor intends to comply with the Plan either way. This case will succeed.

The Chapter 13 Trustee's objection over the sale of the Laurel Property is not accurate. The Plan at paragraph 9 provided Dr. Bevan 90 days from the confirmation Order as

follows: "Debtor shall have up to 90 days following the confirmation date to close on a fee simple purchase of 3415 Wenona South, Laurel MD 20724 (the "Laurel Property") *from the Debtor's co-owners* of which the Debtor is a co-owner as well or to close on the reverse mortgage contract or other financing ("reverse mortgage/financing") with respect to the Laurel Property."  (emphasis supplied)  This provision deals with buy outs on the co-owners of the Laurel Property by the Debtor. There is no requirement anywhere in the Plan that the Debtor sell the Laurel Property outright in 90 days from the Confirmation Order.  The Plan further identifies at paragraph 9 a consequence of failure to refinance or fund a reverse mortgage on the Laurel Property "shall terminate on the 91st day following the confirmation date on the Laurel Property."  There is no mention of any sale terminating on the 91st day on the Laurel Property. That is because the sale to buy out the siblings interests on the Laurel Property by the Debtor could only happen through financing or reverse mortgage.  An open market sale is not controlled by the 90 days on the Laurel Property.

  Having said that, the Debtor is engaged in a transaction negotiation with the siblings as to further Order on the Laurel Property that would require restoration and a higher sales price with a fixed return to the siblings from the sale. That is not yet complete and will be shortly and then submitted to the Bankruptcy Court. Again, it does not offend the Plan or Confirmation Order because there is no deadline for sale of the Laurel Property int eh Plan on the open market.

  Although the Trustee has raised that an old sick man in a nursing home cannot reorganize and should be tossed into Chapter 7, with the properties sold by someone else.  With all due respect, if any be deserved, those arguments were already made and overruled at the confirmation hearing. The Debtor is reorganizing and the Firm is aiding the Debtor in his long term care and placement, all of which is aided by monies that should flow from the Rockville Property

6

and Laurel Property when sold. The Trustee – like a trusted retail cashier – will receive the proceeds of the sales when the administration is completed and be able to exercise his statutory duty to pay the estate on allowed administrative expenses and allowed priority claims and allowed unsecured claims, not to mention the Trustee's commission itself. The case is not there yet.

Simply stated, it is inappropriate at best for the Chapter 13 Trustee to argue that the Debtor who is infirm and needs strong and capable professionals to care for his interests by advocacy and action should be cut off from his estate that is reorganizing because the Chapter 13 Trustee obviously does not want to deal with this case anymore. The Court will recall (and may listen to the audio if the Bench has forgotten) that on September 27, 2022, the Trustee alleged that he was looking out for the Debtor's interest. The Trustee's Motion to Convert is looking out for no one. He is not representing the creditors' interests who will be paid 100% under the Plan. He is not representing the siblings who are negotiating an agreement with the Debtor on the Laurel Property, and who really are not even creditors herein but co-owners. He certainly is not representing the Debtor's interests. Just who is the Trustee representing here? The answer is no one. The undersigned can confirm he is not representing the United States Trustee's policies here.

The Court will remember that the Trustee argued at the confirmation hearing that a conversion bar should not be allowed, and the undersigned (when he could be heard over the Trustee's ranting) replied that there was no conversion bar *ipso facto*, but only before sale of the Rockville Property and Laurel Property. The Trustee lost. The Plan says clearly that there is no conversion until sales of these real properties have closed and funded. Yet, the Trustee who did not bother to read the Plan then, as the Court will recall at the September 27, 2022 hearing, has obviously still not read the Plan. His Motion should be denied on that ground alone.

No cause or even a statutory reference has been presented by the Trustee under 11 U.S.C. § 1307(c) herein.

The Confirmation Order herein is *res judicata*. *See, In Re: N.Hess & Sons, Inc., t/a Hess Shoes*, 218 B.R. 354 (Bankr. D. Md. 1998), citing to *In re Varet Ent., Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996). "Confirmation of a plan of reorganization constitutes a final judgment in bankruptcy proceedings." *Sanders Confectionery Prods., Inc. v. Heller Fin., Inc.,* 973 F.2d 474,480 (6th Cir.1992). Indeed, even unlawful provisions in Plan confirmation Orders carry *res judicata* if not addressed by timely revisory motion. *See, United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 220 (2010).

The Motion to Convert should be DENIED for the foregoing reasons and the Bankruptcy Court should consider *sua sponte* fixing the date for sale of the Rockville Property at July 1, 2023 rather than May 1, 2023 given the foregoing reasons and circumstances with equity and justice granted to the Debtor as the Bankruptcy Court may find appropriate and necessary.

        Respectfully Submitted,

        --------/S/ John D. Burns----------
        John D. Burns, Esquire (#22777)
        The Burns Law Firm, LLC
        6305 Ivy Lane; Suite 340
        Greenbelt, Maryland 20770
        (301) 441-8780
        *info@burnsbankruptcyfirm.com*
        Counsel to the Debtor

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of February, 2023, a copy of the foregoing Debtor's Response to Motion to Convert Case to Chapter 7 was served via first-class mail, postage prepaid, or sent by ECF, upon:

***By ECF Notification Upon:***
Timothy Branigan, Chapter 13 Trustee
9891 Broken Land Parkway, Suite 301
Columbia, MD  21046
   Chapter 13 Trustee

Parties registered for ECF notification

***By Electronic Mail Upon:***
Jeanette Rice, Esquire
Office of the United States Trustee
6305 Ivy Lane; STE 340
Greenbelt, MD 20770

williamrudow@rudowlaw.com
William Rudow, Esquire

Adam Ross Levin
Homewise Realty Services, LLC
11140 Rockville Pike
Suite 420
Rockville, MD 20852

William C. Bevan
drwilliambevan@juno.com

***By First Class Postage Pre-Paid Mail Upon:***
Dr. William Bevan
ProMedica Skilled Nursing and Rehab (Manor Care)
11901 Georgia Avenue
Wheaton, MD 20902

-----------/S/ John D. Burns-----
John D. Burns