IN THE UNITED STATES BANKRUPTCY COURT
**FOR THE DISTRICT OF MARYLAND (Greenbelt)**

| | | |
|---|---|---|
| IN RE: | * | |
| | * | Case No.: 22-12609-LSS |
| WILLIAM C. BEVAN, JR., | * | |
| | * | |
| Debtor. | * | Chapter 13 |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CREDITOR'S RESPONSE IN SUPPORT OF MOTION TO ENFORCE CONFIRMED PLAN AND CONFIRMATION ORDER

Creditor, Manor Care of Bethesda MD, LLC ("Creditor"), by its counsel, William M. Rudow, Esquire and the Rudow Law Group, LLC, submits Creditor's Response in Support of Motion to Enforce Confirmed Plan and Confirmation Order, in the above-captioned matter and states:

1. Creditor generally agrees with the Motion to Enforce Confirmed Plan and Confirmation Order.

2. The Creditor takes no position on the location that the Debtor moves to upon discharge so long as it is safe, except that the location cannot be 11229 Empire Lane, Rockville, MD 20852 ("Rockville Property") as it is presently unsafe and too intrinsically and inextricably intertwined in the present Chapter 13 Plan to be a viable option.

3. The Chapter 13 Plan [Dkt 55] ("Plan"), as confirmed in that Order Confirming Plan [Dkt 80] on October 26, 2022, inter alia, required the sale of the Rockville Property to pay, inter alia, the Creditor.

4. The Creditor is in a unique position regarding the Rockville Property, in that it is the beneficiary of an Order of Judgment ("State Court Order"),[1] entered on January 24, 2022, by the Montgomery County Circuit Court, ordering the Debtor to sell the Rockville Property, or if he failed to do so, directly authorizing a Trustee to sell the Rockville Property, first applying the sales proceeds to the debt owed to the Creditor, with any surplus funds going to the Debtor. The basis of the Circuit Court Order was Md. Code, Health General, § 19-344(c)(4)(vi).

5. The Md. Code, Health General, § 19-344(c)(4)(vi) also places the Creditor in an unusual position regarding the Debtor in that the Maryland State exemptions are primed by Md. Code, Health General, § 19-344(c)(4)(vi). The Creditor brought this in issue by filing that Creditor's Partial Objection to Exemption re: 11229 Empire Lane [Dkt 50] ("Objection to Exemption"). The Creditor did not object to staying the ruling on the Objection to Exemption, as it, along with all other creditors, expects to be paid in full under the Plan in May of 2023. The Plan also significantly increases the Debtor's equity and sales price by the Debtor voluntarily infusing funds from a bank account that are otherwise exempt. Under these circumstances, the Creditor was willing to wait until the Rockville Property sold under the Plan. The Court issued that Order Continuing Creditor's Partial Objection to Exemption Re: 11229 Empire Lane *Sine Die.* [Dkt 73], continuing the Objection to Exemption to be reset if *relevant and meaningful*.

6. Accordingly, the Creditor believes that it has the right to lift the stay and sell the Rockville Property. If the Court, for instance, set aside the Plan, then depending on how its claim is

---

[1] A copy this order is attached hereto and identified as Movant Exhibit 1.

treated, the Creditor could sell the Rockville Property. If the Chapter 13 is dismissed, then the Creditor's Trustee can immediately continue his sale of the Rockville Property. If the Chapter 13 is converted, the Creditor or Chapter 7 Trustee will sell the Rockville Property.

7. The Chapter 13 Trustee moved to convert this case to a Chapter 7; the Court has set the hearing for this pleading on May 16, 2023.

8. The Creditor's debt was based on failure to pay for services rendered by Manor Care of Bethesda MD, LLC, inter alia, an assisted living facility. The Debtor was discharged from the Creditor's care.

9. After a hiatus from Manor Care facilities, the Debtor moved into a sister Manor Care/Pro Medica facility - Manor Care of Wheaton MD, LLC ("Wheaton Facility") post-petition. The Debtor receives social security income that the Maryland Department of Human Services ("MDHS") requires the Debtor to apply to the private pay portion of the facility's fees – totaling $23,425.20 as of 3-1-23. The Debtor has not paid anything towards his private pay portion of his invoices despite spending significant funds in prodigious internet based purchasing. The funds being used to renovate the Rockville Property may be the subject of a new MD Code, Health - General, § 19-344(c)(4)(vi) claim which might prime the Debtor's voluntary use to pay for renovations under his Plan. The MDHS should find that the funds being used to renovate the Rockville Property must be paid to the Wheaton Facility instead. This potential conflict could cause application for the Wheaton Facility's bills as an administrative expense or simply deride the renovations due to the Debtor's post-petition debt. The Wheaton Facility has no control over the MDHS. A material delay in the Plan would be required if the Rockville Property is not being sold as a new plan would work its

way through the Bankruptcy Court. This delay would result in a new plan that would be materially adversely impacted by the MDHS and Wheaton Facility post-petition obligations.

10. With the renovation and sale of the Rockville Property on target for a mid to late May date, the Creditor's MD Code, Health - General, § 19-344(c)(4)(vi) based claim, and with the posture of the Debtor's Wheaton Facility's post-petition debts, it appears to be unreasonable and unsafe for the Debtor to try to be discharged into the Rockville Property at this late date.

11. The Wheaton Facility needs to discharge the Debtor into a safe location and is presently working with the Debtor and his non-bankruptcy counsel to identify a safe discharge location. Without material specialized renovations, the Rockville Property, as is being renovated, or as is, does not appear to be a viable option for a safe discharge in the near future.

12. Accordingly, based on the confirmed Plan, relying on the sale of the Rockville Property, late stage of the Plan, State Court Order, likely MDHS position, new fees owed to the Wheaton Facility, and presently unsafe condition of the Rockville Property, the Court should not allow the Debtor to vitiate the Plan to discharge into the Rockville Property.

13. The Creditor is not filing a memorandum pursuant to Local Rule 9013-2.

WHEREFORE, for the foregoing reasons, Manor Care of Bethesda MD, LLC, respectfully requests that this Court allow the Plan to continue unimpeded with renovations at the Rockville Property continuing as identified in the Plan, to be sold as in the plan, and for such other and further relief as is proper.

Dated: April 6, 2023

/S/ William Rudow
William M. Rudow, Esquire
Rudow Law Group, LLC
502 Washington Avenue, Ste 730

Baltimore MD 21204
Fed. Bar No.: 09937
(410) 542-6000
Fax (410) 542-9500
WilliamRudow@RudowLaw.com.com
*Attorney for Creditor, Manor Care of Bethesda MD, LLC*