UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| In re: | ) |
| | ) |
| WILLIAM CHARLES BEVAN | ) |
| | ) Case No. 22-12609 |
| Debtor | ) (Chapter 13) |
| | ) |

**MOTION FOR ORDER TO REQUIRE DEBTOR TO REENTER ROCKVILLE PROPERTY AND ASSUME POSSESSION AND DOMINION OVER SAME ON OR BEFORE MAY 1, 2023 FILED AT THE DIRECTION OF WILLIAM C. BEVAN**

WILLIAM CHARLES BEVAN (the "Debtor") files this Motion For Order To Require Debtor To Reenter Rockville Property And Assume Possession And Dominion Over Same On Or Before May 1, 2023 Filed At The Direction of William C. Bevan (the "Motion")< and states as follows:

**FACTUAL STATEMENT:**

1. On or about May 13, 2022 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 13 in the United States Bankruptcy Court for the District of Maryland.

2. The Debtor is the owner of the Rockville Property situated at 11229 Empire Lane, Rockville, MD 20852 herein. The confirmed Amended Plan [Dkt. 55] and the Confirmation Order entered on October 26, 2022 [Dkt. 80] mandate and provide authority for the restoration, rehabilitation and sale of the Rockville Property. As the Bankruptcy Court resolved in an expedited status conference yesterday, the Plan and Confirmation Order and all actions taken in furtherance thereof are matters of finality herein and the Confirmation Order is *res judicata*.

3. This Plan and the Confirmation Order involve a SPE; namely, Mr. Levin as a

1

remote bankruptcy entry to sever the Debtor's capacity and agency to make any direction which is contrary to the Plan and Confirmation Order or actions taken thereby under. The Bankruptcy Court thereby inferentially resolved that any and all contrary directions and demands and contentions made heretofore by the Debtor are without a good faith factual or legal basis.

4. However, the Bankruptcy Court also declined to allow the Debtor to have his direct input at the hearing on April 24, 2023 because as stated by the presiding Judge there was nothing pending from the Debtor himself that would give the Bankruptcy Court a foundation to make a specific finding and conclusion as to any specific relief being requested by the Debtor personally. Obviously, the Bankruptcy Court as the guardian of due process rights and warding off advisory opinions from matters not specifically framed before the tribunal cannot merely opine in a vacuum.[1]

4. Today, the Debtor has contacted the undersigned with a specific direction that is memorialized succinctly below:

> **From:** Malaya Janey <burnslawpl1@burnsbankruptcyfirm.com>
> **Sent:** Tuesday, April 25, 2023 10:50 AM
> **To:** Info <info@burnsbankruptcyfirm.com>
> **Subject:** Bevan
>
> JDB
>
> Bevan called and said that you need to file a motion for him to move into Rockville on or before May 1st by the close of business today.
>
> Malaya Janey
> The Burns Law Firm, LLC
> 6305 Ivy Lane, Suite 340
> Greenbelt, MD 20770
> Phone: 301-441-8780

---

[1] *See generally, United States v. Fruehauf*, 36 U.S. 146, 157 (1961) (Frankfurter, J.) ("Such opinions, such advance expressions of legal judgment upon issues which remain unfocused because they are not pressed before the Court with that clear concreteness provided when a question emerges precisely framed and necessary for decision from a clash of adversary arguments exploring every aspect of a multifaceted situation embracing conflicting and demanding interests, we have consistently refused to give.")

2

CALL TO FAX
Email: info@burnsbankruptcyfirm.com
**PLEASE ONLY USE: INFO@BURNSBANKRUPTCYFIRM.COM TO INITIATE OR RESPOND TO EMAILS WITH THE LAW FIRM.**

(Disclaimers Omitted)

4. This falls on the heels of the email sent to the undersigned on April 21, 2023, which is before the Bankruptcy Court at Dkt. 153-1; p.1 and the emails of April 13, 2023 found at Dkt. 140; p.3.

5. As the Bankruptcy Court is aware from Dkt. 140 p.4, n.2 as the undersigned counsel has previously relayed, the MSBA Ethics Committee has provided a recommendation to the undersigned counsel that should the Debtor (as residual client and facial party in interest[2]) provide direction that conflicts with the Plan and Confirmation Order, the undersigned should put the direction or request before the Bankruptcy Court so that this tribunal may resolve it.

6. The undersigned therefore submits this Motion seeking on the part of the Debtor at a direct request from Dr. William C. Bevan that he be authorized to move into the Rockville Property on or prior to May 1, 2023. To that end, the undersigned has also conferred with the agent in fact, Mr. Levin, as to whether a reverse mortgage netting sufficient proceeds to the estate could be submitted, close and fund by April 30, 2023, and Mr. Levin has responded that this was not possible:

> **From:** Ross Levin <ross@romkind.org>
> **Sent:** Tuesday, April 25, 2023 12:37 PM
> **To:** John Burns <jburns@burnsbankruptcyfirm.com>
> **Cc:** Info <info@burnsbankruptcyfirm.com>
> **Subject:** RE: Bevan
> **Importance:** High

---

[2] In an SPE Plan, the Debtor is not the "real party in interest" post-confirmation as to matters contradicting the Plan, or the Confirmation Order, but rather the bankruptcy remote entity Mr. Levin is as agent in fact. *See also*, Fed. R. Civ. P. 17(a)(1).

3

Mr. Burns:

I spoke to James McCarron, CSA, who told me he believed he could not close and fund a Reverse Mortgage on or before April 30, 2023, for Dr. Bevan's Rockville property; this is the same loan officer I spoke to at the beginning of the year.

7. Accordingly, the Debtor having directed the undersigned counsel to file Motion seeking to have an Order entered to permit him to move into the Rockville Property on or before May 1, 2023 has been complied with. The undersigned sees no legal basis to support the relief which has been already opposed by Old Georgetown Village Homeowners[3] [Dkt. 138] when outlined in the Request for Emergency Hearing at Dkt. 140, and opposed by ManorCare of Bethesda MD, LLC [Dkt. 134], other than the fact that the Debtor has a right to have his request presented before the Bankruptcy Court for a ruling, and on that basis alone the undersigned has remitted such request to the Bankruptcy Court so it may be acted upon. Although the Bankruptcy Court may see such a request as a wasted effort given the general observations of yesterday; however, the MSBA ethics committee was clear that the specific request by the Debtor should be put before the Bankruptcy Court for a determination.

8. The Bankruptcy Court should rule upon this Motion, and in the process give clarity to the Debtor as to his duties and obligations (which have been aptly explained to him many times by the undersigned counsel) under the Plan and Confirmation Order. The undersigned has done his job to present this request by the Debtor to the Bankruptcy Court so there is now something pending before the tribunal to rule upon, which the Bankruptcy Court noted there was not yesterday.

9. A Motion to Shorten Time on responses shall be filed herewith given the timing of the

---

[3] The undersigned has spoken today with Mr. Evans who has confirmed that his client opposes this Motion and its relief on the same basis as is in Dkt. 138.

4

Debtor's request and May 1, 2023. The Debtor and estate consent to the entry of final Orders herein by the Bankruptcy Court pursuant to Local Rule 9013-6. No memorandum is attached hereto pursuant to Local Rule 9013-2.

**MOVANT HAS ALSO FILED A MOTION TO SHORTEN THE TIME FOR RESPONSE AND/OR FOR AN EXPEDITED HEARING. IF THAT MOTION TO SHORTEN OR EXPEDITE IS GRANTED, THE TIME TO OBJECT AND/OR DATE FOR HEARING WILL BE CHANGED AS PROVIDED IN SUCH ORDER.**

WHEREFORE, the Debtor requests that this Honorable Court enter an Order that:

(i)  Grants or Otherwise Resolves the Motion;

(ii)  Issues an Order consistent with the Bankruptcy Court's determination on these matters respective to the Plan and Confirmation Order; and

(iii)  Grants such other and further relief as equity and justice may require herein.

> Respectfully Submitted,
> --------/S/ John D. Burns----------
> John D. Burns, Esquire (#22777)
> The Burns Law Firm, LLC
> 6305 Ivy Lane; Suite 340
> Greenbelt, Maryland 20770
> (301) 441-8780
> *info@burnsbankruptcyfirm.com*
> Counsel to the Debtor

5

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of April, 2023, a copy of the foregoing Debtor's Motion and Order, was served via first-class mail, postage prepaid, or sent by ECF, upon:

***By ECF Notification Upon:***
Timothy Branigan, Chapter 13 Trustee
9891 Broken Land Parkway, Suite 301
Columbia, MD  21046
         Chapter 13 Trustee

Parties registered for ECF notification

***By Electronic Mail Upon:***
Jeanette Rice, Esquire
Office of the United States Trustee
6305 Ivy Lane; STE 340
Greenbelt, MD 20770

Adam Ross Levin
Homewise Realty Services, LLC
11140 Rockville Pike
Suite 420
Rockville, MD 20852

cmoore@mdlab.org
Christina Moore, Esquire
Legal Aid – Medical Placement Issues Counsel
For Debtor

williamrudow@rudowlaw.com
William Rudow, Esquire

ugotmold@yahoo.com
Ivelin Kostadinov, Contractor

William C. Bevan, Debtor
drwilliambevan@juno.com

***By First Class Postage Pre-Paid Mail Upon:***
Dr. William Bevan
ProMedica Skilled Nursing and Rehab (Manor Care)
11901 Georgia Avenue
Wheaton, MD 20902

------/s/ John D. Burns
John D. Burns