Entered: September 5th, 2023
Signed: September 5th, 2023
**SO ORDERED**



LORI S. SIMPSON
U.S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| In re: | ) |
| | ) |
| WILLIAM CHARLES BEVAN | ) |
| | ) Case No. 22-12609-LSS |
| Debtor | ) (Chapter 13) |
| | ) |

**CONSENT ORDER GRANTING MOTION TO FIX PRE-CONVERSION ADMINISTRATIVE CLAIMS BAR DATE OF OCTOBER 31, 2023 HEREIN**

UPON CONSIDERATION OF THE Motion to Fix Pre-Conversion Administrative Claims Bar Date of October 31, 2023 Herein (the "Motion"), filed by THE BURNS LAWFIRM, LLC (the "Firm"), as a prospective Administrative Expense Claimant, and the consent of the Trustee thereto, and after notice and a hearing as required by 11 U.S.C. § 102(1), good cause having been shown by the Motion, it is HEREBY

ORDERED, that the Motion is GRANTED; and it is further

ORDERED, that any holder of an administrative expense claim as defined and set forth in 11 U.S.C. § 503(b) and 507(a)(2) which arose or accrued following the petition date of May 13, 2022 but before the conversion date herein to Chapter 7 of June 13, 2023 (the "Conversion Date"), SHALL FILE ON OR BEFORE **_OCTOBER 31, 2023_** ("the Chapter 13 Administrative Claim Bar Date") WITH THE CLERK OF THIS BANKRUPTCY COURT an

application for allowance of same on notice to all creditors as required by Fed. R. Bankr. P. 2002(a) and Local Bankruptcy Rule 2070-1 and serve a copy of such application upon the Office of the United States Trustee at the address noted below and upon the Chapter 7 Trustee at the address noted below **OR FOREVER BE BARRED** from seeking such allowance of any such administrative expense claim; and it is further

ORDERED, that this Order shall have no effect or impact upon the Chapter 7 Trustee, her professionals, or any other person or entity asserting a post-conversion administrative claime; and it is further

ORDERED, that this Order shall have no effect or impact upon any claim arising prior to the petition date or which is treated as such under 11 U.S.C. § 348(d), which are governed by the *Notice of Need to File Proof of Claim Due to Recovery of Assets* [Docket No. 246] entered previously in this Chapter 7 case; and it is further

ORDERED, that this Order shall constitute notice of the bar date on pre-conversion administrative expense claims for filing and submission which is the Chapter 13 Administrative Claim Bar Date and it is further

ORDERED, that notwithstanding the preceding paragraphs, the Chapter 13 Administrative Claim Bar Date will not apply to the following (the "Excluded Administrative Claims"):

    i.    fees payable to the Office of the United States Trustee pursuant to 28 U.S.C. § 1930;
    ii.    fees and commission payable to the Chapter 13 truste
    iii.    any party that has already properly filed a proof of claim, application, or other pleading with the Court that clearly sets forth that such party is asserting a Chapter 13 Administrative Claim;
    iv.    any party whose Chapter 13 Administrative Claim has been allowed by a prior order of the Court;

   v. Chapter 13 Administrative Claims that have been paid in full at any time prior to the Chapter 13 Administrative Claims Bar Date; and

   vi. administrative claims incurred by the Trustee or other parties on or after the Conversion Date. These claims will be dealt with separately; and it is further

  ORDERED, with the exception of holder of Excluded Administrative Claims, any person, entity or governmental unit that has a Chapter 13 Administrative Claim, but fails to submit a request for allowance of such Chapter 13 Administrative Claim by the Chapter 13 Administrative Claim Bar Date, will be forever barred, estopped, and enjoined from: (a) asserting their Chapter 13 Administrative Claim against the Debtor's estate; (b) asserting any claim that is a different nature or classification on account of such Chapter 13 Administrative Claim; and (c) participating in any distribution, or receiving any payment, or otherwise from the Debtor's estate or the Trustee on account of such Chapter 13  Administrative Claim.

| /s/ *Janet M. Nesse* | /s/ *John D. Burns* |
|---|---|
| Janet M. Nesse (Fed. Bar No. 07804)<br>Justin P. Fasano (Fed Bar. No. 28659<br>McNamee Hosea, P.A.<br>64104 Ivy Lane, Suite 820<br>Greenbelt, MD 20770<br>Tel: 301-441-2420<br>Fax: 301-982-9450<br>jnesse@mhlawyers.com<br><br>*Counsel for the Trustee* | John D. Burns, Esquire (#22777)<br>The Burns Law Firm, LLC<br>6305 Ivy Lane; Suite 340<br>Greenbelt, Maryland 20770 |

 I HEREBY CERTIFY that the terms of the copy of the consent order submitted to the court are identical to those set forth in the original consent order; and the signatures represented by the /s/_____ on this copy reference the signatures of consenting parties on the original consent order.

          /s/ Janet M. Nesse
          Janet M. Nesse

cc:     John D. Burns, Esquire (#22777)
        The Burns Law Firm, LLC
        6305 Ivy Lane; Suite 340
        Greenbelt, Maryland 20770

Justin P. Fasano jfasano@mhlawyers.com

Chapter 7 Trustee
Janet Nesse, Esquire
McNamee Hosea
6404 Ivy Lane; STE 820
Greenbelt, MD 20770

williamrudow@rudowlaw.com

emeyers@mrrlaw.net


Ross Levin ross@romkind.org
Adam Ross Levin, Agent in Fact

jeanette.rice@usdoj.gov Jeanette.Rice@usdoj.gov
United States Trustee

Office of the United States Trustee
6305 Ivy Lane; STE 600
Greenbelt, MD 20770

Ivelin Kostadinov ugotmold@yahoo.com
Mr. Kostadinov Contractor

Edward Bortnick ebortnick@skmb.cpa
Ed Bortnick, CPA

Dr. William Bevan
ProMedica Skilled Nursing and Rehab (Manor Care)
11901 Georgia Avenue
Wheaton, MD 20902

(matrix of creditors)

**(END OF ORDER)**