IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 22-12609-LSS |
| WILLIAM CHARLES BEVAN, ) | Chapter 7 |
| ) | |
| Debtor. ) | |
| ) | |

**TRUSTEE'S MOTION TO ABANDON
REMAINING PROPERTY OF ESTATE**

Janet M. Nesse, Chapter 7 trustee (the "Trustee") for the bankruptcy estate of William Charles Bevan (the "Debtor), by and through her undersigned attorneys, McNamee Hosea, P.A., files this *Trustee's Motion to Abandon Remaining Property* ("Motion"), and in support thereof, states as follows.

1. Debtor commenced this case by filing a voluntary petition for Chapter 13 Bankruptcy on May 13, 2022 (the "Petition Date"). The case was the Debtor's fifth Chapter 13 filing since 2014, all of which were dismissed without discharge.

2. The Debtor's estate included a parcel of real property located at 11229 Empire Lane; Rockville, MD 20852 (the "Rockville Property"). The Property was owned in fee simple by the Debtor. It was vacant as the Debtor has been living in an assisted living facility for multiple years. The Debtor has claimed a homestead exemption, but the Trustee's objection to said exemption was sustained.

3. The Debtor's estate also included a parcel of real property located at 3415 Wenona South, Laurel MD 20724 (the "Laurel Property"). The Laurel Property was owned as 1/4 joint tenants with rights of survivorship with the Debtor's three other siblings. The Laurel Property was also vacant.

4. On June 16, 2022, the Debtor filed an Application to Employ Adam Ross Levin ("Mr. Levin") as realtor for the estate to sell the Rockville Property. Docket No. 25. On July 12, 2022, the Court granted that Application to Employ. Docket No. 33.

5. On September 26, 2022, the Debtor filed an Application to Employ Mr. Levin as realtor for the estate to sell the Laurel Property. Docket No. 62. On October 17, 2022, the Court granted that Application to Employ. Docket No. 76.

6. Because his four previous Chapter 13 plans were unsuccessful, the Debtor's Chapter 13 plan provided 120 days for the Debtor to refinance the Rockville Property, after which Mr. Levin was to be appointed as attorney in fact to sell the Rockville Property and Laurel Property. Plan, Docket No. 55, ¶ 9. On October 26, 2022, the Plan was confirmed, and Mr. Levin was appointed as attorney-in-fact for the Debtor for, *inter alia*, the purpose of selling the Rockville Property and the Laurel Property.

7. The Debtor did not refinance the Rockville Property.

8. On April 29, 2023, the Debtor filed a motion to sell the Laurel Property to Juan A. Umanzor, Jr. (the "Purchaser") for $275,000 pursuant to a contract dated April 27, 2023 (the "Laurel Motion to Sell," Docket No. 169). On April 30, 2023, the Debtor filed a motion to sell the Rockville Property to Janet Williams (the "Purchaser") for $920,000 pursuant to a contract dated April 25, 2023 (the "Rockville Motion to Sell," Docket No. 173, and collectively with the Laurel Motion to Sell, the "Motions to Sell").

9. On May 1, 2023, the Court entered an order shortening time to object to the sale to May 10, 2023. Docket No. 176. No objections were filed to the Motions to Sell.

10. In-person hearings were held on May 16, 2023 and June 13, 2023, at which the Debtor repudiated the confirmed plan and the Motions to Sell. As a result, the Court converted this case to Chapter 7 on the Motion of the Chapter 13 trustee. Docket No. 220.

11. The Trustee is now the Trustee of the Debtor's bankruptcy estate. The Trustee has obtained approval of the sale of the Rockville Property (Docket No. 275) and the Laurel Property (Docket No. 276). The Laurel Property was sold for $275,000.00 leaving $63,295.43 for the estate. Docket No. 319. The Rockville Property was sold for $920,000 leaving $387,606.30 for the estate. Docket No. 320. Additional funds were provided to the Trustee from Mr. Levin's escrow account and water escrow refunds. Accordingly, the estate is holding $466,797.34.

12. The remaining assets of the estate consist of a 2001 Chevrolet Corvette (the "Corvette") valued at about $7,500.00, a 2006 Saturn Vue (the "Second Car") valued at $300 and potentially, an unscheduled airplane (the "Airplane"). The Airplane appears to be owned by an entity, not by the Debtor directly. Additionally, the Debtor asserts various causes of action ("Causes of Action") against Manor Care, his siblings, the real estate agent who sold his Properties, his former attorney, and various others. The Corvette, the Second Car, the Airplane, the Causes of Action, and all other scheduled assets not yet sold or paid to the Trustee are hereinafter referred to as the "Remaining Assets".

13. The Debtor has exempted $5,000 of the Corvette. The Debtor, through previous counsel, took the Corvette and Second Car to Capital Auto Auctions, where the above valuations were obtained. The vehicles continue to accrue storage fees. The Airplane, which is non-functioning, and may be obsolete (it was manufactured in 1978), is located in a hangar in West Virginia, where it is accruing storage costs. The Airplane is registered to Bevan & Browne, Inc., a defunct corporation in which the Debtor owns a 50% interest. The co-owner is deceased, and it

3

is unclear who inherited his interest.  It is unclear if the Trustee has authority to sell the Airplane and, in any event, she will have to go through an elaborate process, including possibly a probate estate. to determine how to sell the assets and then distribute funds. .  The Corvette, the Airplane, and the Second Car continue to accrue storage costs.

14. The Trustee has made inquiry about the claims against the siblings and the professionals, and does not believe that it would be economically beneficial to the estate to pursue them.

15. Since the conversion to Chapter 7, the Debtor has filed numerous motions, objections, and at least one appeal. These pleadings have been largely unsupported but then nonetheless require oppositions, and court hearings to resolve them.  After conversation with, and observation of,  the Debtor, it appears this behavior is likely to continue, further reinforcing the economic cost of pursuing the Remaining Assets.

16. While capital gains taxes may be due, and administrative claims arising from the Chapter 13 estate have yet to be filed, it is believed that the unsecured claims in this case total less than $150,000. There is also a claim from ManorCare that may be secured by some of the proceeds of sale.

## RELIEF REQUESTED

By this Motion, the Trustee seeks an order pursuant to § 554 of the Bankruptcy Code authorizing the abandonment of the Remaining Property.  Section 554(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."  11 U.S.C. §554(a).  "Section 554 of the Code serves the purpose of expeditious and equitable distribution by permitting the trustee to abandon property that consumes the resources and drains

the income of the estate." *In re Pilz Compact Disc, Inc.,* 229 B.R. 630, 635 (Bankr. E.D. Pa. 1999) (quoting *In re Smith-Douglass, Inc.,* 856 F.2d 12, 16 (4th Cir. 1988)).  Abandonment thus facilitates the debtor's orderly and efficient reduction of its obligations and maximizes the estate for the benefit of the debtor's creditors.  *In re Terjen,* 154 B.R. 456, 458 (E.D. Va. 1993).

In this case, abandonment is appropriate.  It appears at this time that the Trustee should be able to pay all unsecured claims in full.  The Remaining Assets are of low value or have been exempted.  Each has difficulties – the Corvette likely would only pay the Debtor's exemptions, the Second Car is of low value, and the ownership and value of the Airplane is unclear.  The Causes of Action appear to be of low value.  The Debtor at this point is likely the main party in interest, and his opinion opposing the sale of these assets is of some persuasive value.

Essentially, at this juncture, it is likely the Debtor is fighting against himself with his own money.  Responding to the Debtor's multitudinous papers and appeals, while not necessarily difficult, is repetitive and expensive.  The longer his case lingers, the more expensive it appears it will be.  At this point, it is appropriate to abandon the Remaining Assets so that this case can be closed and creditors will be paid promptly.  If there are remaining funds, the Debtor can be paid expeditiously, and he will be free to pursue the Remaining Assets as he deems appropriate.

## Conclusion

**WHEREFORE**, the Trustee respectfully requests that the Court enter an Order (i) granting the Trustee's motion to abandon the Remaining Assets and (ii) granting such other and further relief as the Court deems just and proper.

Dated: September 22, 2023          Respectfully submitted

/s/ *Justin P. Fasano*
Janet M. Nesse (Fed. Bar No. 07804)
Justin P. Fasano (Fed Bar No. 28659)
McNamee Hosea, P.A.
6404 Ivy Lane, Suite 820
Greenbelt, MD 20770
Tel: 301-441-2420
Fax: 301-982-9450
jnesse@mhlawyers.com
jfasano@mhlawyers.com
*Counsel for the Trustee*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this September 22, 2023, a true and correct copy of the *Trustee's Motion to Abandon Remaining Property of the Estate* has been served by CM/ECF to

Timothy P. Branigan cmecf@chapter13maryland.com

John D. Burns info@burnsbankruptcyfirm.com,
burnslaw3@gmail.com,
burnslaw6@gmail.com,
notices@nextchapterbk.com,
pacerecfemails@gmail.com,
2634@notices.nextchapterbk.com

Anthony Joseph DiPaula ajdipaula@dipaulalaw.com,
cevans@dipaulalaw.com

Leah Christina Freedman bankruptcy@bww-law.com,
leah.freedman@bww-law.com

Nicole C. Kenworthy bdept@mrrlaw.net

M. Evan Meyers bdept@mrrlaw.net

Daniel J. Pesachowitz dpesacho@siwpc.com,
rjones@siwpc.com,
bkreferrals@siwpc.com,
siwbkecf@siwpc.com,
siwpc@ecf.courtdrive.com,
siwattecf@siwpc.com

William Mark Rudow williamrudow@rudowlaw.com

6

Dorothy Carol Sasser dsasser@siwpc.com,
bkreferrals@siwpc.com,
siwbkecf@siwpc.com,
siwpc@ecf.courtdrive.com,
siwattecf@siwpc.com

William Frederick Steinwedel wsteinwedel@mdlab.org,
roithamer21988@gmail.com,
G21117@notify.cincompass.com


**I FURTHER CERTIFY** that on this September 22, 2023, a true and correct copy of the *Trustee's Motion to Abandon Remaining Property of the Estate* has been served by first class mail, postage prepaid, to the parties listed below:

Office of the U.S. Trustee
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770

Dr. William Bevan
ProMedica Skilled Nursing and Rehab (Manor Care)
11901 Georgia Avenue
Wheaton, MD 20902

And to the attached matrix

                                                          /s/ *Justin P. Fasano*
                                                        Justin P. Fasano