IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND (Greenbelt)

| | | |
|---|---|---|
| IN RE: | * | |
| | * | Case No.: 22-12609-LSS |
| WILLIAM C. BEVAN, JR., | * | |
| | * | |
| Debtor. | * | Chapter 7 |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**CREDITOR'S OPPOSITION TO
MOTION TO ORDER DISMISSAL OF OPPOSITION TO MOTION OF CONTEMPT
OF COURT BY ROB COLBERT [DKT 364]**

Creditor, Manor Care of Wheaton MD, LLC ("Creditor"), and it's Administrator Ron Colbert, by its counsel, William M. Rudow, Esquire and the Rudow Law Group, LLC, submits this Creditor's Opposition to Motion to Order Dismissal of Opposition to Motion of Contempt of Court by Ron Colbert [Dkt 364] ("Response") in the above-captioned matter and states:

1. Mr. William C. Bevan ("Debtor") resides at the Creditor's facility located at 11901 Georgia Ave, Wheaton, MD 20902 ("Facility"), and has done so during the entire pendency of this bankruptcy case, with, upon information and belief, a brief stay at a hospital and detention center.

2. Respondent Ron Colbert ("Administrator") is the Administrator of the Facility and has been during the entire pendency of this bankruptcy case.

3. The Debtor is presently pro se, and has a history of presenting pleadings to harass and to cause unnecessary delay as well as needless increase in the cost of litigation; the Debtor's pleadings usually present claims, defenses, and other legal contentions therein are that are not warranted by existing law and are not non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; the Debtor's

allegations and other factual contentions have no evidentiary support and are unlikely to have evidentiary support after a reasonable opportunity for further investigation or discovery ("Frivolous").

4. On August 22, 2023, the Debtor filed that Frivolous Motion of Contempt of Court by Ron Colbert [Dkt 302] ("MTC").

5. The Debtor filed the MTC asking the Court to hold the Administrator in contempt of Court for failing to honor a Subpoena allegedly dated August 18, 2023 ("Subpoena").

6. On August 24, 2023, the Creditor sent a Rule 9011 letter to the Debtor warning him that the Creditor would seek sanctions against the Debtor should he continue prosecute the MTC.[1]

7. On August 28, 2023, the Trustee filed that Opposition to Motion of Contempt of Court by Robert Colbert [Dkt 314] ("Opposition") opposing the MTC.

8. The Creditor was drafting a substantive response to the MTC when the Court, on August 28, 2023, denied the MTC by that Order Denying Debtor's Motion for Contempt [Dkt 316], rendering the Creditor's draft response moot.

9. The Debtor just efiled on November 7, 2023, that Motion to Order Dismissal of Opposition to Motion of Contempt of Court by Ron Colbert [Dkt 364] ("MTD OPP MTC").

10. The MTD OPP MTC is a bizarre form of the Debtor's continued prosecution of the MTC.

11. The MTD OPP MTC is bizarre because the substance does not involve Ron Colbert or his alleged failure to honor the Subpoena.

---

[1] See that Letter dated August 24, 2023, attached hereto and identified as Creditor Exhibit 1.

12. Nonetheless, the title of the MTD OPP MTC by a pro se debtor includes Mr. Colbert and the Trustee's Opposition, which did include a substantive response to the false Subpoena allegations made against Ron Colbert in the MTC.

13. The Subpoena purportedly required the Administrator to produce documents … at the Facility on August 21, 2023 at 10:00 AM – but did not identify any documents ….

14. The Subpoena purportedly required the Administrator to permit entry on, and inspection of the Facility in which he resided on August 21, 2023 at 10:00 AM.

15. The Debtor himself served the Subpoena on the Administrator in the Facility on August 21, 2023 stating *you've been served* and *I will sue you* as he walked out of the Facility; this gave the Administrator no time to comply with the Subpoena and makes clear the frivolity of the issuance in that the Debtor made absolutely no effort to receive any information from the Administrator, to the contrary, it is clear that he intended to harass the Administrator.

16. The MTC is a quintessential example of the Debtor's Frivolous motions because:

    a. there Subpoena served no legal purpose in this Bankruptcy Case with no adversarial proceeding in in effect involving the Facility or Administrator;\

    b. the Debtor has free access to the Facility so demanding the same is frivolous;

    c. no documents were identified as being sought;

    d. no documents were sought of the Administrator orally or in writing extraneous to the Subpoena;

    e. The Debtor named the Administrator in his individual capacity in the Subpoena, instead of the Facility;

f.  a subpoena may not be served by the Debtor, as he is a party in the case, per FRCP 45 (b)(1), as made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, but the Debtor served the Subpoena;

g.  a subpoena must be served on a party before served on the person to whom it is directed if it seeks the production of documents, per FRCP 45 (a)(4), as made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, but even though the Subpoena purports to seek the production of documents, it was not served on the Facility, much less its counsel of record;

h.  the MTC contains no *Proof of Service* as required by FRCP 45 (b)(4), as made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, so we do not even know who the Debtor purportedly served the Subpoena on;

i.  per FRCP 45 (d)(1), as made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, *a party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena* but the Debtor made no attempt to contact the Facility, Administrator or counsel for the Facility prior to having the Subpoena, which facially sought documents, served and FRCP 45 (d)(1), as made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, even warns of the consequences of subpoena misuse *[t]he court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply;*

j. per FRCP 45 (d)(2)(B), as made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, the person commanded to produce documents has 14 days to object so the service of the Subpoena needed to be at least 14 days prior to the compliance date, but the Subpoena was served at the time of the requested production, not only stripping the Facility of the ability to object to the Subpoena, but creating a *fait accomplis* in that if documents were identified no time was given to produce them.

17. The Creditor takes no position on the location that the Debtor moves to upon discharge so long as it is safe, except that the location cannot be 11229 Empire Lane, Rockville, MD 20852 ("Rockville Property") as it is no longer his property, presently unsafe and too intrinsically and inextricably intertwined in the present Chapter 13 Plan to be a viable option.

18. The Chapter 13 Plan [Dkt 55] ("Plan"), as confirmed in that Order Confirming Plan [Dkt 80] on October 26, 2022, inter alia, required the sale of the Rockville Property to pay, inter alia, the Creditor.

19. The Creditor incorporates that Limited Response of The Burns Law Firm, LLC to Motion to Dismiss Robert Colbert Opposition [Dkt 365].

20. The Creditor is not filing a memorandum pursuant to Local Rule 9013-2.

WHEREFORE, for the foregoing reasons, Manor Care of Bethesda MD, LLC, respectfully requests that this Court deny the Motion of Contempt of Court by Ron Colbert [Dkt 364], and for such other and further relief as is proper.

Dated: November 8, 2023

/S/ William Rudow
William M. Rudow, Esquire
Rudow Law Group, LLC
502 Washington Avenue, Ste 730
Baltimore MD 21204
Fed. Bar No.: 09937

(410) 542-6000
Fax (410) 542-9500
WilliamRudow@RudowLaw.com.com
*Attorney for Creditor, Manor Care of Bethesda MD, LLC*