IN THE UNITED STATES BANKRUPTCY COURT
**FOR THE DISTRICT OF MARYLAND (Greenbelt)**

| | | |
|---|---|---|
| IN RE: | * | |
| | * | Case No.: 22-12609-LSS |
| WILLIAM C. BEVAN, JR., | * | |
| | * | |
| Debtor. | * | Chapter 7 |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MOTION FOR SANCTIONS PER FED. R. BANKR. P. 9011(C)

Creditor, Manor Care of Wheaton MD, LLC ("Creditor"), and its Administrator Ron Colbert, by its counsel, William M. Rudow, Esquire and the Rudow Law Group, LLC, submits this Motion for Sanctions per Fed. R. Bankr. P. 9011 ("MFS") in the above-captioned matter and states:

1. Mr. William C. Bevan ("Debtor") resides at the Creditor's facility located at 11901 Georgia Ave, Wheaton, MD 20902 ("Facility"), and has done so during the entire pendency of this bankruptcy case.

2. Respondent Ron Colbert ("Administrator") is the Administrator of the Facility and has been during the entire pendency of this bankruptcy case.

3. The Debtor is presently Pro Se, and has a long history of presenting pleadings to harass and to cause unnecessary delay as well as needlessly increase in the cost of litigation; the Debtor's pleadings usually present claims, defenses, and other legal contentions therein are that are not warranted by existing law and are not non-frivolous arguments for the extension, modification, or reversal of existing law or the establishment of new law; the Debtor's allegations and other factual contentions have no evidentiary support and are unlikely to have evidentiary support after a reasonable opportunity for further investigation or discovery

("Frivolous"), and incorporates by reference the following pleadings: Dkts 233, 242, 255, 277, 278, 294, 295, 301, and 303 as examples.

4. The Debtor just filed that Motion of Contempt of Court by Ron Colbert [Dkt 302] ("MOC").

5. The Debtor filed the MOC asking the Court to hold the Administrator in contempt of Court for failing to honor a Subpoena dated August 18, 2023 ("Subpoena"), and attached hereto and identified Movant Exhibit 1.

6. The Subpoena purportedly required the Administrator to produce documents … at the Facility on August 21, 2023 at 10:00 AM – but did not identify any documents ….

7. The Subpoena purportedly required the Administrator to permit entry on, and inspection of the Facility in which he resided on August 21, 2023 at 10:00 AM.

8. The Debtor himself served the Subpoena on the Administrator in the Facility on August 21, 2023 stating *you've been served* and *I will sue you* as he walked out of the Facility; this gave the Administrator no time to comply with the Subpoena, and emphasizes the frivolity of the issuance in that the Debtor made absolutely no effort to receive any information from the Administrator, to the contrary, it is clear that he intended to harass the Administrator misusing the Subpoena.

9. The MOC is a quintessential example of the Debtor's Frivolous motions and requires sanctions to stop this continuous plethora of unjustified pleadings, as well as compensation for this required MOC response, because:

    a. the Subpoena served no legal purpose in this Bankruptcy Case with no adversarial proceeding in in effect involving the Facility or Administrator and no actual information or access sought;

b. the Debtor has free access to the Facility so demanding the same is frivolous, in fact the Debtor improperly served the subpoena while inside the Facility;

c. no documents were identified as being sought (and no documents were sought of the Administrator orally or in writing extraneous to the Subpoena);

d. The Debtor named the Administrator in his individual capacity in the Subpoena, instead of the Facility but only the Facility controlled access and documents;

e. a subpoena may not be served by the Debtor, as he is a party in the case, per FRCP 45 (b)(1), as made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, but the Debtor personally served the Subpoena on August 21, 2023 inside the Facility;

f. a subpoena must be served on a party before served on the person to whom it is directed if it seeks the production of documents, per FRCP 45 (a)(4), as made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, but even though the Subpoena purports to seek the production of documents, it was not served on the Facility, much less its counsel of record;

g. the MOC contains no *Proof of Service* as required by FRCP 45 (b)(4), as made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, so we do not even know who the Debtor purports to have served the Subpoena on;

h. per FRCP 45 (d)(1), as made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, *a party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena* but the Debtor made no attempt to contact the Facility, Administrator or counsel for the Facility to discuss voluntary document production prior to having the

Subpoena served, which facially sought documents, and FRCP 45 (d)(1), as made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, even warns of the consequences of subpoena misuse *[t]he court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply;*

i. per FRCP 45 (d)(2)(B), as made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, the person commanded to produce documents has 14 days to object so the service of the Subpoena needed to be at least 14 days prior to the compliance date, but the Subpoena was served at the time of the requested production, not only stripping the Facility of the ability to object to the Subpoena, but creating a *fait accomplis* in that if documents were identified no time was given to produce them.

10. This MFS was served on the Debtor by First Class Mail pursuant to Fed. R. Bankr. P. 7004(b) at the Facility as required by Fed. R. Bankr. P. 9011(b)(1)(A) but the Debtor has not withdrawn the MOC; see Sanctions Exhibit 1.

WHEREFORE, for the foregoing reasons, Manor Care of Wheaton MD, LLC, respectfully requests that this Court sanction Mr. Bevan reasonable expenses and attorney's fees incurred in presenting this MFS, as determined in a subsequent hearing, and for such other and further relief as is proper.

Dated:  November 8, 2023

/S/ *William Rudow*
William M. Rudow, Esquire
Rudow Law Group, LLC
502 Washington Avenue, Ste 730
Baltimore MD 21204
Fed. Bar No.: 09937

(410) 542-6000
Fax (410) 542-9500
WilliamRudow@RudowLaw.com.com
*Attorney for Creditor, Manor Care of Wheaton MD, LLC*