# Rudow Law Group, LLC

502 Washington Avenue, Suite 730
Towson, Maryland 21204
(410) 542-6000 Fax (410) 542-9500
WilliamRudow@RudowLaw.com
www.RudowLaw.com

August 24, 2023

MR. WILLIAM C. BEVAN
ManorCare of Wheaton
11901 GEORGIA AVE
WHEATON MD 20902-2001

RE:   Motion for Sanctions – 14 Day Notice

Dear Mr. Bevan:

I will file the attached Motion for Sanctions after 14 days unless you immediately withdraw and stop prosecuting that Motion of Contempt of Court by Ron Colbert [Dkt 302].

Sincerely,

Rudow Law Group, LLC

_____
By: William M. Rudow, Esquire

**Creditor Exhibit 1**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND (Greenbelt)

| | |
|---|---|
| IN RE: | * |
| | * Case No.: 22-12609-LSS |
| WILLIAM C. BEVAN, JR., | * |
| | * |
| Debtor. | * Chapter 7 |
| | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MOTION FOR SANCTIONS PER FED. R. BANKR. P. 9011(C)**

Creditor, Manor Care of Wheaton MD, LLC ("Creditor"), and its Administrator Ron Colbert, by its counsel, William M. Rudow, Esquire and the Rudow Law Group, LLC, submits this Motion for Sanctions per Fed. R. Bankr. P. 9011 ("MFS") in the above-captioned matter and states:

1. Mr. William C. Bevan ("Debtor") resides at the Creditor's facility located at 11901 Georgia Ave, Wheaton, MD 20902 ("Facility"), and has done so during the entire pendency of this bankruptcy case.

2. Respondent Ron Colbert ("Administrator") is the Administrator of the Facility and has been during the entire pendency of this bankruptcy case.

3. The Debtor is presently Pro Se, and has a long history of presenting pleadings to harass and to cause unnecessary delay as well as needlessly increase in the cost of litigation; the Debtor's pleadings usually present claims, defenses, and other legal contentions therein are that are not warranted by existing law and are not non-frivolous arguments for the extension, modification, or reversal of existing law or the establishment of new law; the Debtor's allegations and other factual contentions have no evidentiary support and are unlikely to have evidentiary support after a reasonable opportunity for further investigation or discovery

**Creditor Exhibit 1**

("Frivolous"), and incorporates by reference the following pleadings: Dkts 233, 242, 255, 277, 278, 294, 295, 301, and 303 as examples.

4. The Debtor just filed that Motion of Contempt of Court by Ron Colbert [Dkt 302] ("MOC").

5. The Debtor filed the MOC asking the Court to hold the Administrator in contempt of Court for failing to honor a Subpoena dated August 18, 2023 ("Subpoena"), and attached hereto and identified Movant Exhibit 1.

6. The Subpoena purportedly required the Administrator to produce documents … at the Facility on August 21, 2023 at 10:00 AM – but did not identify any documents ….

7. The Subpoena purportedly required the Administrator to permit entry on, and inspection of the Facility in which he resided on August 21, 2023 at 10:00 AM.

8. The Debtor himself served the Subpoena on the Administrator in the Facility on August 21, 2023 stating *you've been served* and *I will sue you* as he walked out of the Facility; this gave the Administrator no time to comply with the Subpoena, and emphasizes the frivolity of the issuance in that the Debtor made absolutely no effort to receive any information from the Administrator, to the contrary, it is clear that he intended to harass the Administrator misusing the Subpoena.

9. The MOC is a quintessential example of the Debtor's Frivolous motions and requires sanctions to stop this continuous plethora of unjustified pleadings, as well as compensation for this required MOC response, because:

   a. the Subpoena served no legal purpose in this Bankruptcy Case with no adversarial proceeding in in effect involving the Facility or Administrator and no actual information or access sought;

Creditor Exhibit 1

b.  the Debtor has free access to the Facility so demanding the same is frivolous, in fact the Debtor improperly served the subpoena while inside the Facility;

c.  no documents were identified as being sought (and no documents were sought of the Administrator orally or in writing extraneous to the Subpoena);

d.  The Debtor named the Administrator in his individual capacity in the Subpoena, instead of the Facility but only the Facility controlled access and documents;

e.  a subpoena may not be served by the Debtor, as he is a party in the case, per FRCP 45 (b)(1), as made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, but the Debtor personally served the Subpoena on August 21, 2023 inside the Facility;

f.  a subpoena must be served on a party before served on the person to whom it is directed if it seeks the production of documents, per FRCP 45 (a)(4), as made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, but even though the Subpoena purports to seek the production of documents, it was not served on the Facility, much less its counsel of record;

g.  the MOC contains no *Proof of Service* as required by FRCP 45 (b)(4), as made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, so we do not even know who the Debtor purports to have served the Subpoena on;

h.  per FRCP 45 (d)(1), as made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, *a party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena* but the Debtor made no attempt to contact the Facility, Administrator or counsel for the Facility to discuss voluntary document production prior to having the

Creditor Exhibit 1

Subpoena served, which facially sought documents, and FRCP 45 (d)(1), as made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, even warns of the consequences of subpoena misuse *[t]he court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply;*

i. per FRCP 45 (d)(2)(B), as made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, the person commanded to produce documents has 14 days to object so the service of the Subpoena needed to be at least 14 days prior to the compliance date, but the Subpoena was served at the time of the requested production, not only stripping the Facility of the ability to object to the Subpoena, but creating a *fait accomplis* in that if documents were identified no time was given to produce them.

10. This MFS was served on the Debtor by First Class Mail pursuant to Fed. R. Bankr. P. 7004(b) at the Facility as required by Fed. R. Bankr. P. 9011(b)(1)(A) but the Debtor has not withdrawn the MOC.

WHEREFORE, for the foregoing reasons, Manor Care of Wheaton MD, LLC, respectfully requests that this Court sanction Mr. Bevan reasonable expenses and attorney's fees incurred in presenting this MFS, as deretmined in a subsequent hearing, and for such other and further relief as is proper.

Dated: _____, 2023

                                                                    William M. Rudow, Esquire
                                                                            Rudow Law Group, LLC
                                     502 Washington Avenue, Ste 730
                                                                 Baltimore MD 21204
                                                                    Fed. Bar No.: 09937

**Creditor Exhibit 1**

(410) 542-6000
Fax (410) 542-9500
WilliamRudow@RudowLaw.com.com
*Attorney for Creditor, Manor Care of Wheaton MD, LLC*

Page **5** of **5**

**Creditor Exhibit 1**

B70 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of __Maryland__

In re __Dr. William Bevan__
_____Debtor_____

Case No. __22-12609__

(Complete if issued in an adversary proceeding)

Chapter _____

_____Plaintiff_____
v.

Adv. Proc. No. _____

_____Defendant_____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __Roh Colbert__
(Name of person to whom the subpoena is directed)

☒ *Production*: YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
| 11901 Georgia Ave, Wheaton, MD | August 21, 2023 10AM |

☐ *Inspection of Premises*: YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| 11501 Georgia Ave, Wheaton, MD | Aug 21, 2023 10AM |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __8/18/23__

CLERK OF COURT

_____[signature]_____        OR        _____
Signature of Clerk or Deputy Clerk            Attorney's signature

The name, address, email address, and telephone number of the attorney representing (name of party) _____, who issues or requests this subpoena, are:
__Dr. William Bevan; 11910 Georgia Ave, Wheaton, MD__

Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**Movant Exhibit 1**

**Creditor Exhibit 1**

Adam Ross Levin
ross@romkind.org

Christina Moore, Esquire
Legal Aid – Medical Placement Issues Counsel
For Debtor
cmoore@mdlab.org

John Burns, Esquire
jburns@burnsbankruptcyfirm.com
info@burnsbankruptcyfirm.com

William C. Bevan, Debtor
*By Hand-Delivery Upon:*
William Bevan
Manor Care Wheaton, LLC
11901 Georgia Avenue
Wheaton MD 20902

D̶S̶/ William ~~Rudow~~ Bevan
William ~~M. Rudow, Esquire~~ Bevan, Pro Se

Debtor

I HEREBY CERTIFY that the terms of the copy of the ~~Creditor~~'s Response in Support of ~~Motion to Enforce Confirmed Plan and Confirmation Order,~~ exhibit, and proposed order ~~submitted to the Court are identical to those set forth in the original; and the signature represented by the /S/ on the copy submitted to the Court reference the signature of the party obtained on the original.~~ Motion to stay entire hearings and all Decisions based on hearing and any action must be immediately reversed.

Page 2 of 2

**Movant Exhibit 1**

**Creditor Exhibit 1**



**Creditor Exhibit 1**