**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)**

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 22-12609-LSS |
| WILLIAM CHARLES BEVAN, ) | Chapter 7 |
| ) | |
| Debtor. ) | |
| ) | |

**CHAPTER 7 TRUSTEE'S RESPONSE TO FIRST AND FINAL APPLICATION FOR PRE-CONVERSION ADMINISTRATIVE COMPENSATION FOR FORMER COUNSEL FOR THE CHAPTER 13 DEBTOR AND FOR <u>REIMBURSEMENT OF EXPENSES</u>**

Janet M. Nesse, Chapter 7 trustee (the "Chapter 7 Trustee") for the bankruptcy estate of William Charles Bevan (the "Debtor"), by and through her undersigned attorneys, McNamee Hosea, P.A., files this Response to the *First and Final Application for Pre-Conversion Administrative Compensation for Counsel for the Chapter 13 Debtor and For Reimbursement of Expenses* (the "Application,") Docket No. 354, filed by John D. Burns, the Debtor's former counsel, ("Mr. Burns"), and requests that the Court review the Application and determine the appropriate award for pre-conversion administrative expense on account of the Application for the reasons set forth herein:

1. Debtor commenced this case by filing a voluntary petition for Chapter 13 Bankruptcy on May 13, 2022 (the "Petition Date"). The case was the Debtor's fifth Chapter 13 filing since 2014, all of which were dismissed without discharge.

2. On June 13, 2023, the Court converted this case to Chapter 7 on the Motion of the Chapter 13 trustee. Docket No. 220.

1

3.      Prior to appointment of the Chapter 7 Trustee, this case proceeded as a Chapter 13 for thirteen (13) months, from May 13, 2022 through June 12, 2023, without the supervision or involvement of the Chapter 7 Trustee.

4.       Much transpired while the case was proceeding under chapter 13, and it is evident to the Chapter 7 Trustee, from her review of the Application, the case filings, and her involvement with the case post-conversion, that the relationship between Debtor and Mr. Burns was acrimonious from its early stages.

5.      The Chapter 7 Trustee has an obligation to review all fee applications but is somewhat disadvantaged in her review of this pre-conversion Application as she was not involved with the case and the decision-making process prior to conversion. The Chapter 7 Trustee is now left evaluating all the machinations of this case after the fact, and must try to decipher if all pre-conversion actions were authorized and were in the best interest of the estate and/or the Debtor.

6.      In an attempt to provide the Court with information to consider in its analysis of the Application, the Chapter 7 Trustee will try to provide a brief history of the case here.

### *History of case while it proceeded under Chapter 13*

7.      On May 13, 2022, the Debtor commenced this case by filing Voluntary Petition under Chapter 13 of the Bankruptcy Code.  Docket No. 1.

8.      At the time of filing, the Debtor was living in an assisted living facility, and apparently had resided in various such facilities for multiple years prior to this bankruptcy filing.

9.      Debtor filed his bankruptcy schedules on June 14, 2022.  Docket No. 19. Debtor filed amended schedules on September 26, 2022 ("Amended Schedules").  Docket No. 64.

10. Debtor's Amended Schedules revealed only one significant item of personal property, Security Benefit Annuity, valued at $428,595.68. Amended Schedules, Docket No. 64 at p. 6.

11. Debtor exempted the entirety of the Security Benefit Annuity utilizing Md. Code Ann., [Cts. & Jud. Proc.] § 11-504(h)(1). Amended Schedules, Docket No. 64 at p. 9.

12. The Debtor's Amended Schedules also indicated that the estate included two parcels of real property, one located at 11229 Empire Lane; Rockville, MD 20852 (the "Rockville Property"), and the second located at 3415 Wenona South, Laurel MD 20724 (the "Laurel Property"). Amended Schedules, Docket No. 64 at p. 2.

13. The Rockville Property was owned in fee simple by the Debtor and it was valued at $930,000.00.

14. The Laurel Property was owned as 1/4 joint tenants as rights of survivorship with the Debtor's three other siblings and it was valued at $252,100.00.

15. The Debtor filed two plans in this case, an Original Plan was filed on June 14, 2022 (Docket No. 24) and an Amended Plan was filed on August 15, 2022 (the "Amended Plan," Docket No. 55).

16. Although the exact treatment for each property changed, both plans provided for the refinance and/or sale of both the Rockville Property and the Laurel Property.

17. It was Debtor's stated aspiration, in both plans, to use the Laurel Property as a future residence.

18. In brief, with regards to the Rockville Property, the Amended Plan, which was ultimately confirmed, required the Debtor to either refinance the Rockville Property by the

confirmation date, and if a refinance could not be timely completed, the Rockville Property would be listed for sale immediately and the required sale to occur on or before May 1, 2023.

19. In brief, with regards to the Laurel Property, the Amended Plan required the Debtor to purchase the interest of the joint tenants and obtain a reverse mortgage, or other financing, within 90 days following the confirmation date, or the sale of the Laurel Property would be required.

20. On June 16, 2022, the Debtor filed an Application to Employ Adam Ross Levin ("Mr. Levin") as realtor for the estate to sell the Rockville Property pursuant to a fee structure providing for a 5% commission, plus $595.00 (the "Commission"), as well as other fees, up to an additional 3% commission for additional work, if required, above and beyond the ordinary listing and showing and closing on a straightforward contract basis (the "Other Fees"). Docket No. 25. On July 12, 2022, the Court granted the Application to Employ. Docket No. 33.

21. On September 26, 2022, the Debtor filed another Application to Employ Mr. Levin, this time as realtor for the estate to sell the Laurel Property pursuant to a fee structure providing for a 6% commission, plus $595.00 (the "Commission"). Docket No. 62. On October 17, 2022, the Court granted the Application to Employ. Docket No. 76

22. On October 26, 2022, an Order Confirming Debtor's Amended Chapter 13 Plan was entered ("Confirmation Order," Docket No. 80). Pursuant to the terms of the Confirmation Order, Mr. Ross was "appointed as agent in fact and attorney in fact for the Debtor to take all reasonable and appropriate actions to restore the Rockville Property and the Laurel Property to saleable condition including removal and disposal … and to transfer funds from depository accounts including any retirement account(s) as required to fund the Plan (with the prior approval in writing by the Debtor's counsel) and to further pursue as the real estate broker of

record the listing agreements to contracts of sale and to fund the Plan." Confirmation Order at Docket No. 80.

23. On June 16, 2022, the Debtor filed an Application to Employ Ivelin Kostadinov and EHI Mold Remediation, Inc. for the estate (Docket No. 86), to remove all personalty from the Rockville Property and leave it broom clean condition for $19,870.00; funds for the payment to come from Debtor's retirement account(s), an otherwise exempt asset. On January 23, 2023, the Court granted the Application to Employ. Docket No. 96.

24. On January 26, 2023, the Debtor filed a Motion and Authorization to Use Property of the Estate Out of the Ordinary Course of Business to authorize the use of funds of the estate, $31,340.00, for mold remediation and funds of $ the estate, 15,400.00, for roof replacement of the Rockville Property. Docket No. 105. On February 6, 2023, the Court granted the Motion for Authorization to Use Property of the Estate Out of the Ordinary Course of Business. Docket No. 115.

25. On February 2, 2023, the Chapter 13 Trustee filed a Motion to Convert this case to Chapter 7 for failure to timely list, or close on a sale of the Laurel Property; failure to sell the Rockville Property, and for a chapter 7 trustee to be appointed to determine the propriety of the additional rehabilitation of the Rockville Property (the "Motion to Convert," Docket No. 112). On February 21, 2023, the Debtor filed his Response to the Motion to Convert. Docket No. 118. The Court set in a hearing on the Motion to Convert and the Debtor's Response for May 16, 2023.

26. On February 21, 2023, the Debtor filed a Motion and Authorization to Use Property of the Estate Out of the Ordinary Course of Business to authorize the use of funds of the estate to rehabilitate the Rockville Property for an additional $132,660.00. Docket No. 118. On

March 1, 2023, the Court granted the Motion for Authorization to Use Property of the Estate Out of the Ordinary Course of Business. Docket No. 128. It is not clear that retirement funds are property of the estate.

27. At some point, not later than the end of March 2023, the interests of the Debtor and Mr. Burns diverged.

28. On March 31, 2023, either Debtor through counsel, or Mr. Burns as counsel, filed a Motion to Enforce the Debtor's Confirmed Plan and Confirmation Order (the "Motion to Enforce," Docket No. 130). The Motion to Enforce appears to have been inspired by Debtor's equivocations related to the impending sale of both the Rockville Property and the Laurel Property.

29. On April 3, 2023, Debtor filed a Line Reflecting a Change Order to Construction Contract for Tile and Duct Work in the amount of $7,325.00. Docket No. 133.

30. In total, over $200,000.00 of otherwise exempt retirement funds were committed and used for the remediation, repair, and renovations of the Rockville Property, apparently with direct consent of Debtor's counsel, not the Debtor.

31. On April 11, 2023, and April 21, 2023, Christina Moore ("Ms. Moore"), Supervising Attorney, Administrative Law Unit, Maryland Legal Aid Bureau, who had been retained by the Debtor to represent him related to an involuntary discharge from the assisted living facility where he was residing, filed Affidavits in response to the Motion to Enforce (the "Affidavits," Docket Nos. 137-1 and 149-1). In the Affidavits, Ms. Moore conveyed the substance of her communications with Mr. Burns as it related to the impact of the bankruptcy case on the Debtor's desired location(s) to be discharged to.

32. On April 19, 2023, Mr. Burns filed Emergency Request for Conference related to the Motion to Enforce. Docket No. 145. The Court set a status conference on Motion Enforce for April 24, 2023.

33. Following the status conference, the Debtor filed a flurry of motions.

34. On April 25, 2023, Debtor filed a Motion for Order to Require Debtor to Reenter Rockville Property and Assume Possession and Dominion Over Same on or Before May 1, 2023 ("Motion to Reenter"), and a Motion to Shorten Time for Responses. Docket Nos. 155 and 156.

35. On April 26, 2023, Debtor filed a Motion to Sell 11229 Empire Lane; Rockville, MD 20852 ("Motion to Sell Rockville Property") and a Motion to Shorten Time for Responses. Docket Nos. 157 and 159. This Motion to Sell Rockville Property was subsequently withdrawn on May 15, 2023. Docket No. 188.

36. On April 29, 2023, Debtor filed a Motion to Sell 13415 Wenona St; Laurel, MD 20724 ("Motion to Sell Laurel Property") and a Motion to Shorten Time for Responses. Docket Nos. 169 and 170.

37. On April 30, 2023, Debtor filed a Second Motion to Sell 11229 Empire Lane; Rockville, MD 20852 ("Second Motion to Sell Rockville Property") and a Motion to Shorten Time for Responses. Docket Nos. 173 and 174.

38. On May 16, 2023, the Court held a hearing on the Motion to Convert, the Motion to Enforce, the Motion to Reenter, the Motion to Sell Laurel Property and the Second Motion to Sell Rockville Property. The hearing was adjourned and ultimately re-set to June 13, 2023.

39. In the afternoon of May 16, 2023, after the hearing, due to a conflict of interest, Mr. Burns filed a Motion to Withdraw as Attorney. Docket No. 192.

40. On May 18, 2023, the Court entered an Order Striking the Appearance of Mr. Burns as counsel for the Debtor. Docket No. 193.

41. On June 13, 2023, the Court held a hearing on the Motion to Convert, the Motion to Reenter, the Motion to Sell Laurel Property and the Second Motion to Sell Rockville Property.

42. On June 13, 2023, the Court entered an order Granting the Motion to Convert. Docket No. 120.

43. On June 14, 2023, Orders Denying the Motion to Enforce Plan and the Motion to Reenter were entered. Docket Nos. 223 and 224.

44. As the case was being converted to Chapter 7, the Court reserved judgment on Motion to Sell Laurel Property and the Second Motion to Sell Rockville Property.

45. On June 14, 2023, Janet Nesse was appointed the Chapter 7 Trustee.

46. The Chapter 7 Trustee requests that the Court review the Application, determine exactly when the conflict of interest between the Debtor and Mr. Burns arose, determine on whose behalf Mr. Burns was acting after the conflict arose, and if attorney fees and costs that accrued after such conflict arose can appropriately be requested as an administrative expense from the Debtor's estate.

47. The Chapter 7 Trustee is also concerned about possible privileged information disclosed in the voluminous application.

WHEREFORE, the Chapter 7 Trustee respectfully requests this Court review the Application, determine the appropriate award for pre-conversion administrative expense on account of the Application, and the Court grant such other relief as it deems appropriate and proper.

Dated: November 20, 2023          Respectfully submitted

/s/ *Janet M. Nesse*
Janet M. Nesse (Fed. Bar No. 07804)

>Justin P. Fasano (Fed Bar No. 28659)
>McNamee Hosea, P.A.
>6404 Ivy Lane, Suite 820
>Greenbelt, MD 20770
>Tel: 301-441-2420
>Fax: 301-982-9450
>jnesse@mhlawyers.com
>jfasano@mhlawyers.com
>*Counsel for the Trustee*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this November 20, 2023, a true and correct copy of the *foregoing* has been served by CM/ECF to

John D. Burns info@burnsbankruptcyfirm.com, burnslaw3@gmail.com, burnslaw6@gmail.com, notices@nextchapterbk.com, pacerecfemails@gmail.com, 2634@notices.nextchapterbk.com

Anthony Joseph DiPaula ajdipaula@dipaulalaw.com, cevans@dipaulalaw.com

Leah Christina Freedman bankruptcy@bww-law.com, leah.freedman@bww-law.com

Nicole C. Kenworthy bdept@mrrlaw.net

M. Evan Meyers bdept@mrrlaw.net

Daniel J. Pesachowitz dpesacho@siwpc.com, rjones@siwpc.com, bkreferrals@siwpc.com, siwbkecf@siwpc.com, siwpc@ecf.courtdrive.com, siwattecf@siwpc.com

William Mark Rudow williamrudow@rudowlaw.com

Dorothy Carol Sasser dsasser@siwpc.com, bkreferrals@siwpc.com, siwbkecf@siwpc.com, siwpc@ecf.courtdrive.com, siwattecf@siwpc.com

William Frederick Steinwedel wsteinwedel@mdlab.org, roithamer21988@gmail.com, G21117@notify.cincompass.com

Donald L Bell donbellaw@gmail.com

L. Jeanette Rice Jeanette.Rice@usdoj.gov

**I FURTHER CERTIFY** that on this November 20, 2023, a true and correct copy of the *foregoing* has been served by first class mail, postage prepaid, to the parties listed below:

Office of the U.S. Trustee
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770

Dr. William Bevan
ProMedica Skilled Nursing and Rehab (Manor Care)
11901 Georgia Avenue
Wheaton, MD 20902

/s/ *Janet M. Nesse*
Janet M. Nesse