UNITED STATES BANKRUPTCY
COURT FOR DISTRICT OF
MARYLAND (Greenbelt Div)

IRe:
Dr. William BEVAN ) Case No.
) 22-12609
Debtor ) (Chapter 13)

USBC-MD G FILED
4 DEC '23 PM 4:02

Motion to Dismiss Application
for Compensation for
Attorney JOHN BURNS
And Motion to Examine Attorney's Fees

Debtor, has been harmed by the unprofessional actions of John Burns and Adam Ross Levin described in the following pages

## INTRODUCTION

5. Between May 13, 2022 and May 18, 2023, attorney John Burns acted as counsel for William Bevan (the "Debtor" or "Mr. Bevan"). After confirmation of the chapter 13 plan, and relations broke down between Mr. Burns and the Debtor, Mr. Burns began to claim he represented the estate, or a "Special Purpose Entity" or "SPE" for which Realtor, Ross Levin ("Mr. Levin"), was purportedly the Debtor's agent in fact. Mr. Burns claimed that this "SPE" empowered Mr. Burns and Mr. Levin to control all aspects of the chapter 13 case and the Debtor's property without the Debtor's consent. To wit, Mr. Burns made decisions regarding the Debtor's bankruptcy case and property contrary to the express wishes of the Debtor, thereby breaching his ethical duties to the Debtor.

6. Mr. Burns breached his ethical duties by creating a conflict with the Debtor by not abiding by his client's instructions, filing pleadings without the Debtor's consent, filing pleading in direct opposition to the Debtor's position, and disclosing confidential information and communications. Mr. Burns then failed to withdraw after the conflict developed between him and the Debtor

7. As described more fully below, the Court should require Mr. Burns to return all of the fees he received from the Debtor and deny his request for compensation because, *inter alia*, his services provided little benefit to the Debtor, and he violated numerous ethical rules.

## FACTS AND BACKGROUND

8. In early May 2022, William Bevan contacted Mr. Burns regarding representation in a chapter 13 bankruptcy case. Dkt. No. 354 at p.3.

9. On May 13, 2022, the Debtor executed a written retainer agreement with Mr. Burns. Dkt. No. 354-2.

10. On March 13, 2022, Mr. Burns filed this instant chapter 13 case on behalf of the Debtor.

11. Timothy P. Branigan ("Chapter 13 Trustee") was appointed as the chapter 13 trustee.

12. At the time the case was filed, the Debtor's schedules showed that the Debtor had assets of $1,472,400.35, secured debt of $473,818.36, and priority unsecured debt of $49,609.42. Dkt. No. 19.

13. On September 26, 2022, the Debtor filed Amended Schedule A/B showing he owned the following assets:

   a. 11229 Empire Lane, Rockville, MD ("Rockville Property"), valued at 930,000;

   b. 1/4 interest in 3415 Wenona South, Laurel, MD ("Laurel Property"), valued at $50,420; and

   c. A Social Security Benefit Annuity, valued at $428,595.68.

Dkt. No. 64.

14. The Debtor filed his original chapter 13 plan on June 14, 2022. Dkt. No. 24.

15. On July 28, 2022, the chapter 13 plan was denied with leave to amend. Dkt. No. 45.

16. The Debtor filed an amended chapter 13 plan ("Amended Plan") on August 15, 2022. Dkt. No. 55. A contested hearing on the Amended Plan was held on September 22, 2022. Dkt. No. 67. The Amended Plan was confirmed on October 26, 2022 ("Confirmed Plan"). Dkt. No. 80.

17. The Confirmed Plan contained several non-standard provisions, which were included in paragraph 9. The Confirmed Plan provided, in relevant part, that realtor Ross Levin

construction at the Rockville Property." Clearly, Mr. Burns was not acting in the Debtor's best interest. Dkt. No. 130 at 7.

24. In the Motion to Enforce, Mr. Burns admitted that the Debtor, instead of proceeding with a sale, desired to reside in the Rockville Property after being discharged from the Manor Care assisted living facility. Arguing against his client's position, Mr. Burns characterized his client's desire to reside in the Rockville Property as "bad faith and inconsistent with the law of the case and barred by consent and judicial estoppel." Dkt. No. 130 at 7. Mr. Burns further stated that "the Debtor took it upon himself after engaging Ms. Moore to knowingly, intentionally and contrary to law frustrate the purpose and effect of his own Plan and Confirmation Order." Dkt. No. 130 at 7.

25. The Proposed Order for the Motion to Enforce requested the following relief from the Court:

> ORDERED, that the Debtor and anyone acting in privity[1] with the Debtor comply with the Plan and Confirmation Order as to any actions which could interfere, contravene, or contradict the Plan, Confirmation Order and any of the Orders this Bankruptcy Court has entered since the Confirmation Order; and it is further
>
> ORDERED, that the Debtor and anyone acting in privity with the Debtor SHALL avoid interfering with construction or sale efforts the Rockville Property as they are now ongoing, and that the Debtor shall take no actions to regain entrance to the Rockville Property including for the purposes of reestablishing residency there; and it is further
>
> ORDERED, that the Debtor and anyone acting in privity with the Debtor SHALL avoid engaging in conduct in respect of the Debtor's residency at Manor Care Wheaton which may cause or tend to create a civil claim against the estate herein that may interfere with the Plan, including but not limited to the conduct set forth in the Motion, and the Debtor shall make his arrangements with Manor Care as to cost of care for his ongoing housing in a manner that does not infringe upon property of the estate other than the Debtor's current earnings, his social security payments, and his surplus funds available, if any, following the full administration of the confirmed Plan; and it is further

---

[1] "[A]nyone acting in privity", appears to be directed at attorney Christina Moore, whom Mr. Burns believed was encouraging the Debtor to move into the Rockville Property. *See* Dkt. No. 150.

Supplying Admonishment Email on Planned Disruptions and Willful Contempt of Confirmed Plan Contemplated for April 21, 2023 on Rockville Property (Dkt. No. 150) and attached a copy of the email he sent to Ms. Moore. Dkt. No. 150-1.

32. Additionally, on April 21, 2023, Mr. Burns filed an Affidavit on behalf of Ross Levin revealing communications with the Debtor and Christina Moore. Dkt. No. 151-1.

33. On April 24, 2023, Mr. Burns filed a Line Supplying Emails in Aid of Status Conference. Dkt. No. 153. The email filed with the Court was an email sent by the Debtor to Mr. Burns on April 21, 2023, Dkt. No. 153-1, which was a further breach of confidentiality.

34. On April 25, 2023, Mr. Burns filed a Motion for Order to Require Debtor to Reenter Rockville Property and Assume Possession and Dominion Over Same on or Before May 1, 2023 Filed at the Direction of William C. Bevan ("Motion to Reenter"). Dkt. No. 155.

35. In paragraph 3 of the Motion to Reenter, Mr. Burns asserted:

> This Plan and the Confirmation Order involve a SPE; namely, Mr. Levin as a remote bankruptcy entry to sever the Debtor's capacity and agency to make any direction which is contrary to the Plan and Confirmation Order or actions taken thereby under. The Bankruptcy Court thereby inferentially resolved that any and all contrary directions and demands and contentions made heretofore by the Debtor are without a good faith factual or legal basis.

Dkt. No. 155 at 3.

36. While Mr. Burns filed the Motion to Reenter as requested by the Debtor, not only did Mr. Burns not advocate for the Debtor's position, but he also actively opposed the Debtor's position:

> The undersigned sees no legal basis to support the relief which has been already opposed by Old Georgetown Village Homeowners [Dkt. 138] when outlined in the Request for Emergency Hearing at Dkt. 140, and opposed by ManorCare of Bethesda MD, LLC [Dkt. 134], other than the fact that the Debtor has a right to have his request presented before the Bankruptcy Court for a ruling, and on that basis alone the undersigned has remitted such request to the Bankruptcy Court so it may be acted upon. Although the Bankruptcy Court may see such a request as a

41. On April 29, 2023, Mr. Burns filed a Status Report with Attachments in Aid of Emergency Hearing, Motion for Relief by Debtor, and Motion to Enforce Plan by Estate SPE for Debtor for May 3, 2023 Hearing on behalf of William C Bevan Jr. ("Status Report'). Dkt. No. 171. The Status Report included emails that contained confidential information. The emails revealed that the Debtor was seeking to terminate Mr. Burns's representation, but Mr. Levin stated that Mr. Burns was employed to represent the estate's "Special Purpose Entity" and Mr. Bevan did not have the authority to terminate Mr. Burns. Dkt. No. 171 at 3.

42. On April 30, 2023, Mr. Burns filed a Second Motion to Sell 11229 Empire Lane; Rockville, MD 20852 Free and Clear of Liens. Dkt. No. 173. This filing was not authorized by the Debtor because prior to this filing, the Debtor had sent emails terminating both Mr. Levin and Mr. Burns.

43. On May 5, 2023, Mr. Burns filed a Line Supplying Concerned Email From Broker For Buyer On Rockville Property Requested to be Placed Before the Bankruptcy Court Relative to May 3, 2023 Hearing Matter on behalf of William C Bevan Jr. Dkt. No. 177. The content of the Line shows this filing was not authorized by the Debtor and directly opposed the Debtor's position. In the Line Mr. Burns states:

> Mr. Levin well understands and has expressed from communications as recent as late last week that Dr. Bevan fully intends to return to the Rockville Property and frustrate any sale thereof with all of this effort and boundless available time. The Bankruptcy Court will recall from the prior filings and Mr. Levin's forthcoming testimony that Dr. Bevan chose to appear at the Rockville Property on March 22, 2023, after meetings and discussions about housing options with Legal Aid, thus creating much tumult and this has been the subject of two (2) open house showings whereby two separate buyers have asked about it as the disruption is talked about widely in the gated otherwise serene upscale homeowner community.

Dkt. No. 177 at 1-2.

> The Objections to the Rockville Property and Laurel Property motions to sell and respective contracts came due on May 10, 2023 at 12:00pm ET, and no objections were filed. [Dkts. 175, 176]. The Debtor has been fully apprised of these contested matters, not only orally but by hand delivery (Debtor refused to sign and acknowledge hand delivery service) and by mail and by email. The Debtor, in proper person, despite the tenet and decree of his Confirmation Order and his Plan which was filed and confirmed by his full informed consent, continues to protest the sales by indirect means to the tribunal, although he has in his current status quo with Manor Care skilled nursing facility neither directed any opposition be filed nor has he filed any opposition pro se. The Orders on those motions to sell should be held pending the hearing on May 16, 2023 as the Debtor personally has positions on the matters to present to the Bankruptcy Court.

Dkt. No. 185 at 3.

> Accordingly, the Bankruptcy Court as a component of the aforementioned Motion for Relief shall be requested by the Debtor in proper person to turnover the keys for Rockville Property and Laurel Property. The estate by and through the agent in fact, and at least creditors (Manor Care and the HOA on Rockville Property) protest this relief, as do the aspirant buyers of the Rockville Property and Laurel Property.

Dkt. No. 185 at 9.

46. Further in the Line, Mr. Burns revealed client confidences, and included as exhibits copies of emails he sent to the Debtor, which show that both Mr. Levin and Mr. Burns believed they had the authority to withhold the keys to the Debtor's properties. Dkt. No. 185 at 5-8.

47. On May 14, 2023, Mr. Burns filed a Supplement to Line in Furtherence [sic] of Motion For Relief [Dkt. 155], Motion to Enforce Plan [Dkt. 130], Motion to Sell Empire Lane (Rockville Property) [Dkt. 173]; and Motion to Sell (Laurel Property) [Dkt. 169] and All Responses and Replies, Hearing Notices, and Prior Praecipes Thereupon. Dkt. No. 186. In the Supplement, Mr. Burns states it was filed on behalf of William C Bevan Jr., "by and through the estate and the SPE agent in fact Adam Ross Levin." The Supplement consists of confidential communications between Mr. Burns and the Debtor.

48. On May 15, 2023, Mr. Burns filed a Line Regarding Debtor's Instructions to Bankruptcy Judge on behalf of William C Bevan Jr. Dkt. No. 187. While Mr. Burns claims the

53. On May 24, 2023, Mr. Burns filed a Response of The Burns Law Firm, LLC as Administrative Expense Claimant and Former Counsel to Debtor and SPE Estate Agent In Fact By Confirmation of Plan Relative to Open Filings. Dkt. No. 210. In the Response, Mr. Burns uses information obtained during his representation of the Debtor in a manner that is detrimental to his former client. For example, Mr. Burns makes the following statements:

> With great respect and deference, the undersigned disagreed and disagrees now that the Debtor's particularized demands forwarded to the tribunal created a basis for the Court to diverge from the Plan or to suggest counsel step aside. The Debtor waived all rights at the confirmation hearing to the extent inconsistent with the Plan and Confirmation Order. The Plan is the Plan. It says what it says with finality, binding on Debtor and all others alike.

Dkt. No. 210 at 5.

> Whether the Debtor has so unreasonably enraged the tribunal by his long parade and list of committed conduct herein including alleged contemptuous abnegation of the Plan and Confirmation Order in this case such that the Bankruptcy Court would ignore the confirmed res judicata Plan terms and simply toss the Debtor to the delirious asset hungry wolves of Chapter 7 trustee exile is not something the undersigned needs to comment upon at this time. It is simply not for the undersigned to suggest that holding a Court up in its afternoon docket for several hours on May 16, 2023 while the Debtor delayed as he devoured and gorged on his Manor Care victuals for a leisurely lunch before departing for Greenbelt is something that should have a consequence.

Dkt. No. 210 at 7.

54. On June 13, 2023, on the motion filed by the Chapter 13 Trustee, this case was converted to chapter 7.

55. Janet M. Nesse ("Chapter 7 Trustee") was appointed as the chapter 7 trustee.

56. On October 31, 2023, Mr. Burns filed his Final Application for Compensation and Reimbursement (Pre-Conversion) for John D. Burns, Debtor's Attorney ("Application for Compensation"). Dkt. No. 354. In the Application for Compensation, Mr. Burns states:

> "[C]ounsel forwarded the Debtor's ever escalating contrary requests to the Bankruptcy Court which differed from the requirements of the Plan that the Debtor

- 13 -

imperative that counsel fully disclose the compensation arrangement as required by Section 329(a).

*In re Gay*, 390 B.R. 562, 570 (Bankr. D. Md. 2008).

58. An attorney for a chapter 13 debtor is compensated pursuant to Section 330 (a)(4)(B) of the Bankruptcy Code which provides:

> In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

11 U.S.C. § 330(a)(4)(B).

59. Section 330(a)(4)(B) then directs the Court, in considering whether and to what extent to allow compensation to an attorney representing a debtor in a chapter 13 case, to consider "the benefit and necessity of such services to the debtor and the other factors set forth in [Section 330]." 11 U.S.C. § 330(a)(4)(B). Reasonable compensation for a debtor's attorney in a chapter 13 case is, therefore, to be determined by taking into account factors including: the time spent; normal and customary rates charged; whether the services were necessary and beneficial; whether the services were performed within a reasonable amount of time under the circumstances; whether the attorney is board certified or particularly skilled; and whether the compensation is "reasonable based on the customary compensation charged by comparably skilled practitioners" in non-bankruptcy cases. *In re Long*, 553 B.R. 266, 274 (Bankr. M.D. Pa. 2016).

60. Section 329(b) imposes on the Court an "obligation to review debtor's counsel's fees and order the return of compensation found to be excessive." *In re Tanamor*, Case No. 10-25530-TJC, 2013 WL 3938978 at *4 (Bankr. D. Md., July 31, 2013).

61. Ordering the return of compensation under Section 329 is an appropriate remedy where debtor's counsel's services are insufficient and ineffective in order to "redress losses caused

funds. Mr. Burns's deficient representation caused great expense to the Debtor with little benefit. Moreover, the case is replete with ethical violations.

66. Also, after the chapter 13 plan was confirmed, Mr. Burns was not representing the interests of the Debtor. In numerous pleadings, Mr. Burns claims he was representing the interests of various parties, including the estate, an "SPE", Mr. Levin as agent in fact for the "SPE", Mr. Levin as Debtor's agent in fact, and Mr. Levin as Debtor's attorney in fact, all against the interests of the Debtor. *See, e.g.*, Dkt. Nos. 130, 135, 140, 185, 187, and 354.

C. **Mr. Burns Violated Numerous Ethical Rules**

67. In *Torres v. Chang (In re Chang)*, Case No. 11-10862-WIL, Adv. Pro. 13-00284, 2014 WL 4929062 (Bankr. D. Md., Sept. 30, 2014), this Court held that violations of the applicable ethical rules may constitute a basis for a return of fees under Section 329. *Torres*, 2014 WL 492062 at *4-*5. Additionally, attorneys practicing before the Court are required to abide by the Maryland Rules of Professional Conduct. *Id.* at *5.

68. An attorney owes a duty of loyalty to the client. This principal is expressed repeatedly in the Maryland Attorneys' Rules of Professional Conduct ("MARPC"). Comment 1 to Rule 19-301.7 provides: "Loyalty and independent judgment are essential elements in the attorney's relationship to a client." *See Att'y Grievance Comm'n of Maryland v. Culberson*, 483 Md. 294, 317, 292 A.3d 274, 287 (2023).

*1. Mr. Burns Violated MARPC 19.301.5. Fees (1.5)*

69. MARPC 19-301.5 provides, in pertinent part, that "[a]n attorney shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses."

> (a) The debtor may convert a case under this chapter to a case under chapter 7 of this title at any time. Any waiver of the right to convert under this subsection is unenforceable.
> (b) On request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court shall dismiss a case under this chapter. Any waiver of the right to dismiss under this subsection is unenforceable.

11 U.S.C. § 1307.

While some courts have placed limitations on a debtor's absolute right to dismiss a chapter 13 case, Mr. Burns should have explained to the Debtor his options under Section 1307. The Debtor changed his mind about selling the Rockville Property after he was faced with involuntary discharge from the Manor Care assisted living facility where he resided. Such a significant change may have been sufficient to overcome claims of bad faith on behalf of the Debtor. However, instead of exploring options to achieve his client's objectives, Mr. Burns repeatedly told the Debtor, the Court, and third parties that the Debtor could not revoke the Confirmed Plan. *See, e.g.*, Dkt. Nos. 130, 210, and 354. In addition, to convert or dismiss a chapter 13 case, a debtor also has the right to file a motion to modify a confirmed plan. 11 U.S.C. § 1329.

### 3. Mr. Burns Violated MARPC 19-301.16. (Declining or Terminating Representation (1.16)

73. Rule 19-301.16 provides, in pertinent part:

> (a) Except as stated in section (c) of this Rule, an attorney shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:
> (1) the representation will result in violation of the Maryland Attorneys' Rules of Professional Conduct or other law;
> (2) the attorney's physical or mental condition materially impairs the attorney's ability to represent the client; or
> (3) the attorney is discharged.

MARPC 19-301.6.

by which they are to be pursued. An attorney may take such action on behalf of the client as is impliedly authorized to carry out the representation. An attorney shall abide by a client's decision whether to settle a matter.

MARPC 19-301.2(a).

77. MARPC 19-301.2(a) provides that "an attorney shall abide by a client's decisions concerning the objectives of the representation and, when appropriate, shall consult with the client as to the means by which they are to be pursued." *See Att'y Grievance Comm'n of Maryland v. Framm*, 449 Md. 620, 646–47 (2016) (Finding a violation of Rule 19-301.2 when an attorney opposed client's answer in the guardianship case and took a position that was directly contrary to that of her client); *see also Attorney Grievance Comm'n v. Haley*, 443 Md. 657, 669, (2015) (concluding that the respondent violated MARPC 19-301.2(a) by seeking primary physical custody of his client's children despite the client's instruction for shared physical custody).

78. Mr. Burns breached his duty of loyalty to the Debtor by filing pleadings directly opposing his client's position. *See, e.g.*, Dkt. Nos. 130, 131, 140, 145, 150, 151, 185, and 187. A review of the pleadings filed by Mr. Burns after his relationship with the Debtor broke down, shows that not only did Mr. Burns file pleadings in direct opposition to his client, but he also filed pleadings on behalf of the Debtor which he was clearly not authorized to file. For example, in the Motion To Enforce. Dkt. No. 130, Mr. Burns states:

> This would not require a Motion requesting enforcement of the Plan and Confirmation but for the Debtor's overt actions taken over the past month to now interfere and impose his intentions on the actual construction at the Rockville Property.

Dkt. No. 130 at 7.

> 27. Nothing in the Plan is consistent with the foregoing aberrant behavior recently allegedly displayed by the Debtor. Thus:

- 21 -

### 5. *Mr. Burns Violated MARPC Rule 19-301.7. Conflict Of Interest--General Rule (1.7).*

80. MARPC 19-301.7 provides:

(a) Except as provided in section (b) of this Rule, an attorney shall not represent a client if the representation involves a conflict of interest. A conflict of interest exists if:
(1) the representation of one client will be directly adverse to another client; or
(2) there is a significant risk that the representation of one or more clients will be materially limited by the attorney's responsibilities to another client, a former client or a third person or by a personal interest of the attorney.
(b) Notwithstanding the existence of a conflict of interest under section (a) of this Rule, an attorney may represent a client if:
(1) the attorney reasonably believes that the attorney will be able to provide competent and diligent representation to each affected client;
(2) the representation is not prohibited by law;
(3) the representation does not involve the assertion of a claim by one client against another client represented by the attorney in the same litigation or other proceeding before a tribunal; and
(4) each affected client gives informed consent, confirmed in writing.

MARPC 19-301.7.

81. Mr. Burns violated MARPC 19-301.7 by claiming to represent the bankruptcy estate, a special purpose entity or bankruptcy remote entry, and Ross Levin as agent or attorney in fact, all directly adverse to the Debtor. *See, e.g.*, Dkt. Nos. 130, 135, 140, 185, 187, and 354.

82. Mr. Burns did not represent the bankruptcy estate and was not authorized to file any pleadings on behalf of the bankruptcy estate. Mr. Burns was not employed to represent the bankruptcy estate under 11 U.S.C. §327(e) by Timothy P. Branigan, the duly appointed chapter 13 trustee, who is the representative of the bankruptcy estate.

83. When a debtor files for bankruptcy under chapter 13 of the Bankruptcy Code, the United States Trustee appoints a standing chapter 13 trustee to oversee the case. A standing trustee is considered an independent party, representing neither the debtor nor the government. *See In re Modikhan*, 639 B.R. 792, 816 (Bankr. E.D.N.Y. 2022); *In re Soussis*, 624 B.R. 559, 575 (Bankr. E.D.N.Y. 2020), *aff'd sub nom. Soussis v. Macco*, 2022 WL 203751 (E.D.N.Y. Jan. 24, 2022)

> This Plan and the Confirmation Order involve a SPE; namely, Mr. Levin as a remote bankruptcy entry to sever the Debtor's capacity and agency to make any direction which is contrary to the Plan and Confirmation Order or actions taken thereby under. The Bankruptcy Court thereby inferentially resolved that any and all contrary directions and demands and contentions made heretofore by the Debtor are without a good faith factual or legal basis.

Dkt. No. 155, ¶ 3.

86. Mr. Burns also claimed that the Debtor was not the real party in interest and Mr. Levin had the right to bring suit in his own name:

> In an SPE Plan, the Debtor is not the "real party in interest" post-confirmation as to matters contradicting the Plan, or the Confirmation Order, but rather the bankruptcy remote entity Mr. Levin is as agent in fact. *See* also, Fed. R. Civ. P. 17(a)(1).

Dkt. No. 155 at 3 n.2.

87. The Confirmed Plan did not create a separate legal entity that Mr. Burns could represent in opposition to the Debtor. Because chapter 13 is specifically reserved for individuals with regular income, a special purpose entity cannot be a chapter 13 debtor or replace the debtor as the real party in interest in a chapter 13 case. 11 U.S.C. § 109(e). Even if such an entity could exist in a chapter 13 case, it would be a conflict of interest for Mr. Burns to represent the entity against his client.

88. A "special purpose entity" or "remote bankruptcy entity" is not an entity that can act in place of the Debtor. The court in *In re Drs. Hosp. of Hyde Park, Inc.*, 507 B.R. 558 (Bankr. N.D. Ill. 2013), described "special purpose entities" and "bankruptcy remote entities" as follows:

> Although a "bankruptcy remote entity" is not defined in the Bankruptcy Code, it is recognized in the business world and literature as a structure designed to hold a defined group of assets and to protect those assets from being administered as property of a bankruptcy estate in event of a bankruptcy filing. Comm. Bankr.& Corp. Reorganization of Ass'n of Bar of N.Y.C., Structured Financing Techniques, 50 Bus. Law. 527, 528–29 (1995). A form of structured financing, the idea is to separate the credit quality of identified assets upon which financing is based from the credit and bankruptcy risks of any entity involved in the financing [ ]. To

The Order Confirming Plan further provides that:

> ORDERED, that the property of the estate shall not vest in the Debtor(s) until the Debtor(s) is/are granted a discharge or this case is dismissed or otherwise terminated following funding of the transactions contemplated in ¶ 9 and it is further decreed that pursuant to ¶ 9 of the Plan, Adam Ross Levin is appointed as agent in fact and attorney in fact for the Debtor to take all reasonable and appropriate actions to restore the Rockville Property and the Laurel Property to saleable condition including removal and disposal by sale if feasible on expedited motion/notice or if infeasible disposal on expedited motion/notice of any or all on site personal property including any vehicle(s) stored on site that impedes the restoration and/or sale of the foregoing real properties and to transfer funds from depository accounts including any retirement account(s) as required to fund the Plan (with the prior approval in writing by the Debtor's counsel) and to further pursue as the real estate broker of record the listing agreements to contracts of sale and to fund the Plan; and it is further[.]

Dkt. No. 80 at 1.

91. First, there is no document which provides Mr. Levin with the authority to direct a special purpose entity, direct the entire chapter 13 case, make all decisions regarding plan implementation, make legal decisions for the Debtor, or litigate in his own capacity. The scope of Mr. Levin's authority is clearly defined, and he cannot enlarge the actual authority granted by the Debtor. *See P. Flanigan & Sons, Inc. v. Childs*, 251 Md. 646, 654 (1968).

92. Second, the main duty of an agent is loyalty to the interest of his principal. *See Nagel v. Todd*, 185 Md. 512, 516–17, 45 (1946) (*quoting DeCrette v. Mohler*, 147 Md. 108, 115, (1925)); Restatement, *supra*, § 39 ("Unless otherwise agreed, authority to act as agent includes only authority to act for the benefit of the principal."); *id.* § 387 ("Unless otherwise agreed, an agent is subject to a duty to his principal to act solely for the benefit of the principal in all matters connected with his agency."). Thus, in exercising granted powers under a power of attorney, the attorney in fact is bound to act for the benefit of his principal and must avoid where possible that which is detrimental unless expressly authorized. *See Matter of Rolater's Est.*, 542 P.2d 219, 223; *King v. Bankerd*, 303 Md. 98, 108, 492 A.2d 608, 613 (1985).

perform the duties of a chapter 13 trustee or a debtor in possession. *See In re Jones,* 505 B.R. 229, 233 (Bankr. E.D.Wisc. 2014) (no requirement for employment of special counsel by Chapter 13 debtor); *In re Powell,* 314 B.R. 567, 569–70 (Bankr.N.D.Tex.2004) (Chapter 13 does not decree that a Chapter 13 debtor has the rights or performs the functions or duties of a trustee."); *In re Scott,* 531 B.R. 640, 645 (Bankr. N.D. Miss. 2015); *In re Olick,* 565 B.R. 767, 789 (Bankr. E.D.Pa. 2017) ("Indeed, in every-day practice in the bankruptcy courts, no one expects chapter 13 debtors to request court appointment of their bankruptcy counsel and debtors never do so."); *In re Demeza,* 582 B.R. 868, 875 (Bankr. M.D. Pa. 2018); *In re Gutierrez,* 309 B.R. 488, 501 (Bankr. W.D.Tex. 2004); *In re Young,* 285 B.R. 168, 170 (Bankr. D.Md. 2002).

### 6. Mr. Burns Violated MARPC Rule 19-301.6. Confidentiality of Information (1.6)

97. MARPC 19-301.6(a) states, "[a]n attorney shall not reveal information relating to representation of a client unless the client gives informed consent [and] the disclosure is impliedly authorized in order to carry out the representation[.]" Only the client has the power to waive the attorney-client privilege. *Newman v. State,* 384 Md. 285 (2004).

98. Even in situations where confidential information must be revealed to a court, the attorney is obligated to limit revelations to protect the client. "If the disclosure will be made in connection with a judicial proceeding, the disclosure should be made in a manner that limits access to the information to the tribunal or other persons having a need to know it and appropriate protective orders or other arrangements should be sought by the attorney to the fullest extent practicable." Comment 6 to MARPC 19-301.6.

99. Mr. Burns indiscriminately revealed confidential information related to his representation of the Debtor in pleadings and attachments to pleading filed with the Court and

MARPC 19-301.9.

102. Mr. Burns violated MARPC 19-301.9 by revealing information relating to his representation of the Debtor and using that information to the Debtor's disadvantage after his representation terminated. After the Court entered the Order striking Mr. Burns's appearance as attorney for the Debtor, Mr. Burns filed numerous pleadings revealing confidential information relating to his representation of the Debtor and using that information against the Debtor. *See e.g.*, Dkt. Nos. 210, 297, 354 and 362.

### *8. Mr. Burns Violated MARPC Rule 19-308.4. Misconduct (8.4)*

103. MARPC 19-308.4 provides, in pertinent part, that "[i]t is professional misconduct for an attorney to (a) violate or attempt to violate the Maryland Attorneys' Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another[.]"

104. By violating MARPC 1.2, 1.5, 1.6, 1.7, and 1.16, Ms. Burns also necessarily violated Rule 8.4(a). *See Att'y Grievance Comm'n of Maryland v. Framm*, 449 Md. 620, 664, 144 A.3d 827, 853 (2016) ("We have held that, when an attorney violates a rule of professional conduct, the attorney also violates [Rule] 8.4(a)." (quoting *Attorney Grievance Comm'n v. Young*, 445 Md. 93, 106, 124 A.3d 210 (2015))).

### CONCLUSION

While it is evident from the docket that Mr. Bevin has been an extremely difficult chapter 13 debtor, the Debtor's conduct does not allow Mr. Burns to gratuitously abuse his client or former client in a public forum. Even difficult clients are entitled to the protections of the ethical rules.

For the reasons stated above, the Court should deny Mr. Burns's application for compensation and require Mr. Burns to refund to Debtor or the Chapter 7 Trustee all monies Debtor has paid to him.

Further compensation is due to Dr. Bevan because he is a Senior Citizen currently nearly 68 years old who has been Disabled since July 2, 2010. He was discovered by Mr. Levin while recovering from a hospital stay at Manor Care nursing home while visiting another client this behavior must be prevented by ordering John Burns to pay a large fine to exceed $two million dollars to Dr. William Bevan in the next 30 days plus the full refund.

Date 12/4/23  Dr. William Bevan

-32-  Dr. William Bevan

## CERTIFICATE OF SERVICE

I hereby certify that on Dec~~ember~~, 2023, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the Objection will be served electronically by the Court's CM/ECF system on the following:

Anthony Joseph DiPaula - ajdipaula@dipaulalaw.com,cevans@dipaulalaw.com

Daniel J. Pesachowitz - dpesacho@siwpc.com,rjones@siwpc.com, bkreferrals@siwpc.com,siwbkecf@siwpc.com,siwpc@ecf.courtdrive.com, siwattecf@siwpc.com

Dorothy Carol Sasser - dsasser@siwpc.com,bkreferrals@siwpc.com, siwbkecf@siwpc.com, siwpc@ecf.courtdrive.com, siwattecf@siwpc.com

Janet M. Nesse - jnesse@mhlawyers.com,DC0N@ecfcbis.com, jmnesse@ecf.axosfs.com,jfasano@mhlawyers.com,cpalik@mhlawyers.com,tmackey@mhlawyers.com,Nesse.JanetR92003@notify.bestcase.com

John D. Burns - info@burnsbankruptcyfirm.com,burnslaw3@gmail.com, burnslaw6@gmail.com,notices@nextchapterbk.com,pacerecfemails@gmail.com,2634@notices.nextchapterbk.com

Justin Philip Fasano - jfasano@mhlawyers.com,jfasano@ecf.courtdrive.com, dmoorehead@mhlawyers.com,tmackey@mhlawyers.com,hleaphart@mhlawyers.com,mtaylor@mhlawyers.com,Fasano.JustinR92003@notify.bestcase.com