Entered: December 18th, 2023
Signed: December 18th, 2023

**SO ORDERED**



**LORI S. SIMPSON**
**U.S. BANKRUPTCY JUDGE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | | |
|---|---|---|---|
| In re: | * | | |
| William C. Bevan, Jr., | * | Case No. | 22-12609-LSS |
| | * | Chapter | 7 |
| Debtor. | * | | |
| | * | | |

### ORDER SETTING HEARING ON APPLICATIONS FOR COMPENSATION AND RELATED MATTERS AND SETTING DEADLINES FOR DEBTOR TO ASSERT CLAIMS AGAINST PRIOR COUNSEL AND REAL ESTATE BROKER

On August 3, 2023, Debtor filed a Motion that Dr. William Bevan Not be Charged All and Any Fees in This Case of Any Appeals [Dkt. No. 296], wherein Debtor asserted allegations of misconduct against his prior counsel, John D. Burns and The Burns Lawfirm, LLC ("Prior Counsel"), and real estate broker, Adam Ross Levin ("Broker"). Shortly thereafter, Debtor's prior counsel filed a Preliminary Response [Dkt. No. 297]. In response, the Court issued the Order Continuing *Sine Die* Motion to Disallow Fees, wherein the Court deferred consideration of Debtor's claims against Prior Counsel and Broker until after they have filed applications for compensation.

On October 31, 2023, Prior Counsel filed his First and Final Application for Pre-Conversion Administrative Compensation for Former Counsel for the Chapter 13 Debtor and for

Reimbursement of Expenses [Dkt. No. 354] (the "Prior Counsel Fee Application"). Timely objections or responses to the Prior Counsel Fee Application were filed by the Chapter 7 Trustee [Dkt. No. 382], Debtor [Dkt. No. 386], and the United States Trustee [Dkt. No. 389]. The same day, Broker filed his First Application and Final Application for Compensation for Services Rendered and for Reimbursement of Expenses Incurred for the Period of June 16, 2022, Through and Including June 13, 2023 [Dkt. No. 360] (the "Broker Fee Application"). The Chapter 7 Trustee filed a timely Response [Dkt. No. 383] to the Broker Fee Application.

In addition to opposing the fee applications, Debtor has filed a Motion to Dismiss with Extreme Prejudice All Claims by John Burns Against the Debtor [Dkt. No. 377] and a Motion to Dismiss Application for Compensation for Attorney John Burns and Motion to Examine Attorney's Fees [Dkt. No. 394]. Prior Counsel filed Responses [Dkt. Nos. 381 and 395] to both these motions. Similarly, Debtor recently filed a Motion for Adam Ross Levin Pay the Debtor $6,262,301.99 [Dkt. No. 400]. Further, Debtor has included allegations against Prior Counsel and Broker in numerous documents he has filed on the docket. Debtor's documents, including the three motions cited above, lack clarity both stylistically and substantively. Furthermore, Debtor's certificates of service are similarly incomprehensible and clearly deficient.  For these reasons, the Court finds and concludes that the three motions cited above should be denied without prejudice to Debtor asserting his claims, defenses, and other requests for relief in the documents described below.

In light of the foregoing and in the interest of judicial economy and ensuring adequate notice to the Court and all parties, the Court has determined that it should set a single, in-person hearing to consider all claims, defenses, and other requests for relief arising out of or related to this case and Debtor's relationship with Prior Counsel and Broker. To that end, the Court has

determined that it should set a deadline for Debtor to file two documents, one relating to Prior Counsel and one relating to Broker, containing any and all claims, defenses, and other requests for relief, including without limitation requests for the imposition of sanctions or disallowance of compensation, that Debtor may have against those individuals arising out of or related to this case. Wherefore, it is, by the United States Bankruptcy Court for the District of Maryland,

**ORDERED**, that, no later than **Tuesday, January 16, 2024**, Debtor shall file with the Court and serve upon Prior Counsel, the Chapter 7 Trustee, and the United States Trustee via U.S. Mail a document entitled Debtor's Motion Seeking Relief Against Prior Counsel, wherein Debtor shall assert all claims, defenses, and other requests for relief that Debtor may have against Prior Counsel arising out of or related to this case, including without limitation all legal and factual bases Debtor has for opposing the Broker Fee Application or requesting that the Court impose sanctions on Broker; and it is further,

**ORDERED**, that, no later than **Tuesday, January 16, 2024**, Debtor shall file with the Court and serve upon Broker, the Chapter 7 Trustee, and the United States Trustee via U.S. Mail a document entitled Debtor's Motion Seeking Relief Against Broker, wherein Debtor shall assert all claims, defenses, and other requests for relief that Debtor may have against Broker arising out of or related to this case, including without limitation all legal and factual bases Debtor has for opposing the Broker Fee Application or requesting that the Court impose sanctions on Broker; and it is further,

**ORDERED**, that, no later than **Monday, January 29, 2024**, Prior Counsel may file with the Court and properly serve, including service upon Debtor via U.S. Mail, an opposition or other response to Debtor's Motion Seeking Relief Against Prior Counsel; and it is further,

**ORDERED**, that, no later than **Monday, January 29, 2024**, Broker may file with the Court and properly serve, including service upon Debtor via U.S. Mail, an opposition or other response to Debtor's Motion Seeking Relief Against Broker; and it is further,

**ORDERED**, that, no later than **Monday, February 12, 2024**, Debtor may file with the Court and serve upon Prior Counsel, the Chapter 7 Trustee, and the United States Trustee via U.S. Mail a reply addressing and replying to the statements and arguments made by Prior Counsel in Prior Counsel's response or opposition to Debtor's Motion Seeking Relief Against Prior Counsel; and it is further,

**ORDERED**, that, no later than **Monday, February 12, 2024**, Debtor may file with the Court and serve upon Broker, the Chapter 7 Trustee, and the United States Trustee via U.S. Mail a reply addressing and replying to the statements and arguments made by Broker in Broker's response or opposition to Debtor's Motion Seeking Relief Against Prior Counsel; and it is further,

**ORDERED**, that all claims, defenses, and other requests for relief that Debtor may have against Prior Counsel and Broker arising out of or related to this case that are not raised in either Debtor's Opposition to Prior Counsel Fee Application [Dkt. No. 386], Debtor's Motion Seeking Relief Against Prior Counsel, or Debtor's Motion Seeking Relief Against Broker, including without limitation those previously raised by Debtor in other pleadings, shall be forever waived; and it is further,

**ORDERED,** that the Court will hold an in-person hearing on **<u>Wednesday, February 28, 2024 at 10:00 a.m.</u>** in Courtroom 3-D of the U.S. Bankruptcy Court, 6500 Cherrywood Lane, Greenbelt, Md. 20770 on the following:

- Prior Counsel Fee Application [Dkt. No. 354];

- Broker Fee Application [Dkt. No. 360];

- Chapter 7 Trustee's Response to Prior Counsel Fee Application [Dkt. No. 382];

- Chapter 7 Trustee's Response to Broker Fee Application [Dkt. No. 383];

- Debtor's Objection to Prior Counsel Fee Application [Dkt. No. 386];

- U.S. Trustee's Objection to Prior Counsel Fee Application [Dkt. No. 389];

- Debtor's Motion Seeking Relief Against Prior Counsel, described above;

- Debtor's Motion Seeking Relief Against Broker, described above; and

- All timely filed oppositions or responses to the foregoing;

and it is further,

**ORDERED**, that the Motion to Dismiss with Extreme Prejudice All Claims by John Burns Against the Debtor [Dkt. No. 377] is **DENIED**, without prejudice to Debtor reasserting any claims, defenses, and other requests for relief raised therein in Debtor's Motion Seeking Relief Against Prior Counsel or Debtor's Motion Seeking Relief Against Broker; and it is further,

**ORDERED**, that the Motion to Dismiss Application for Compensation for Attorney John Burns and Motion to Examine Attorney's Fees [Dkt. No. 394] is **DENIED**, without prejudice to Debtor reasserting any claims, defenses, and other requests for relief raised therein in Debtor's Motion Seeking Relief Against Prior Counsel or Debtor's Motion Seeking Relief Against Broker; and it is further,

**ORDERED**, that the Motion that Dr. William Bevan Not be Charged All and Any Fees in This Case of Any Appeals [Dkt. No. 296] is **DENIED**, without prejudice to Debtor reasserting any claims, defenses, and other requests for relief raised therein in Debtor's Motion Seeking

Relief Against Prior Counsel or Debtor's Motion Seeking Relief Against Broker; and it is further,

**ORDERED**, that the Motion for Adam Ross Levin Pay the Debtor $6,262,301.99 [Dkt. No. 400] is **DENIED**, without prejudice to Debtor reasserting any claims, defenses, and other requests for relief raised therein in Debtor's Motion Seeking Relief Against Prior Counsel or Debtor's Motion Seeking Relief Against Broker.

cc:     Debtor
        Chapter 7 Trustee – Janet M. Nesse
        U.S. Trustee
        The Burns Law Firm, LLC – John D. Burns
        Adam Ross Levin

**END OF ORDER**