**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **WILLIAM CHARLES BEVAN** | ) | **CASE NO. 22-12609** |
| | ) | **(Chapter 7)** |
| | ) | |
| _____ | ) | |

**MOTION TO QUASH SUBPOENA**
**AND OBJECTIONS THERETO PURSUANT TO FED. R. CIV. P. 45(d)**

COMES NOW The Burns Law Firm, LLC and John Burns, Esq., and moves to quash a subpoena issued by the United States Trustee

**INTRODUCTION**

The Office of the United States Trustee improperly served a subpoena on Mr. Burns and the Burns Law Firm, LLC (Collectively, the "Firm") on February 5, 2024 pursuant to Fed. R. Civ. Pro. 45 rather than by means of a Request for Production of Documents pursuant to Fed. R. Civ. Pro. 34(b).  It is well settled law that a subpoena, with its shortened  response window rather than 30 days provided for a Request for Production, is inappropriate as to a party.  TheFirm will, in the spirit of good faith and in an effort to expeditiously resolve the inaccurate  allegations of the United States Trustee in its Combined Objection to Application for Compensation for Attorney John Burns and Motion to Examine Attorney's Fees [Dkt. No. 389] ("Objection to Application for Compensation") will treat the subpoena as a Request for Production and endeavor to respond to the United State Trustees' request within the 30 days afforded by Fed. R. Civ. Pro. 34.

**FACTS**

1.      Currently pending before this Court is the Firm's First and Final Application for Pre-Conversion Administrative Compensation for Former Counsel for the Chapter 13 Debtor and for Reimbursement of Expenses [Dkt. No. 354], and Responses and Objections thereto filed by

293265950v.1

the Chapter 7 Trustee [Dkt. No. 382], United States Trustee [Dkt. No. 389], and the Debtor [Dkt. No. 386]. These filings, among others, were set for hearing on February 29, 2024 prior to the filing of an unopposed Motion by the United States Trustee to continue the hearing [Dkt. No. 426]. These matters have been pending on the docket since Fall of 2023.

      2.      On February 5, 2024, the Office of the United States Trustee caused to be served upon John Burns and The Burns Law Firm, LLC (collectively, "Mr. Burns") a subpoena under Fed. R. Civ. Pro. 45. The Subpoena requires production of documents on February 20, 2024 (14 days from the date of service) at 10:00am at 6305 Ivy Lane, Suite 600, Greenbelt, MD 20770 (the office address of the Office of the United States Trustee).

      3.      The Subpoena seeks communication and records relating to Mr. Burns' representation of the Debtor in this case between the period of January 1, 2022 – February 19, 2024 in support of its Objection.

      4.      Undersigned counsel for Mr. Burns has already advised counsel with the United States Trustee, as noted in its Motion to Continue the February 29, 2024 hearing, that Mr. Burns is out of the country and would not be able to respond to the Subpoena by February 20, 2024 even if it had been properly served. Mr. Burns and the Firm have been engaged in significant other duties of the representation of clients and court appearances throughout the recent month and forthcoming periods as well, which creates difficulties in responding on such truncated notice.

## ARGUMENT

It is well settled that a Subpoena seeking document production from a party under Rule 45 is improper, and that a request should instead be pursued under Rule 34(b). "The leading treatises agree that although Rule 45 may apply to both parties and nonparties, resort to Rule 45 should not be allowed when it circumvents the requirements and protections of Rule 34 for the production of

documents belonging to a party. 'If documents are available from a party, it has been thought preferable to have them obtained pursuant to Rule 34 rather than subpoenaing them from a nonparty witness.' 8A Charles Alan Wright, et al., *Federal Practice and Procedure* § 2204 at 365 (2nd ed. 1994)" *Stokes v. Xerox Corp.*, No. 05-cv-71683, 2006 WL 6686584, at *4 (E.D. Mich. Oct. 5, 2006) "Discovery from a party, as distinct from a nonparty, is governed by Rule 34, not Rule 45." 7 *Moore's Federal Practice* § 34.02[5][e] (3d ed.) (citing *Hasbro, Inc. v. Serafino,* 168 F.R.D. 99 (D. Mass. 1996))." *Stokes* at p. 4.   The Eastern District of Michigan concluded in *Stokes* that "the Court finds that the majority view is *that a party not be permitted to circumvent the requirements and protections of Rule 34* by proceeding under Rule 45 for the production of documents belonging to a party." *Stokes* at p. 6 (emphasis supplied).  As here in practical effect , the District Court in *Stokes* refused to allow a shortening of time from 30 days to 8 days to allow an end run around Rule 34(b), as the United States Trustees' Subpoena here would do to 14 days.  The Firm is a party to the objections which have been lodged against its fee application in these contested matters.

Even if the Subpoena were valid, compliance within 14 days would be impossible for a number of reasons.  As indicated above, Mr. Burns is and has been  out of the Country and unable to prepare the document production.   Additionally, Mr. Burns' representation of the Debtor extended more than eighteen months in a highly complex bankruptcy that currently has more than 430 docket entries.  The emails and documents between Mr. Burns and the Debtor are voluminous, and it is anticipated that production will include thousands of communications.  Even if a Request for Production had been served properly, it would be exceedingly difficult to produce such documentation within 30 days.  Serving the Subpoena less than a month before the February 29, 2024 hearing was entirely unrealistic in matters pending for months already and constituted an

unreasonable delay by the United States Trustee to begin the discovery process. *See* Fed. R. Civ. P. 45(d)(2)(B), (3)(A)(i), (iv)

Despite these issues, as indicated above, Mr. Burns will in good faith informally treat the Subpoena as a Request for Production under Rule 34 and voluntarily produce responsive documents within the requested categories in the Subpoena, and in a timeframe reasonable for such comprehensive and wide-ranging requests. This may require further extension and this Motion is without prejudice to such a further request if necessary or appropriate.

This Motion does not incorporate a memorandum under Local Rule 9013-2.

WHEREFORE The Burns Law Firm, LLC and John D. Burns, Esq. respectfully requests that this Court QUASH the Subpoena, treating such Subpoena as a Request for Production of Documents, along with any such further relief the Court deems just and appropriate.

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**

*/s/ Timothy S. Carey*
Timothy S. Carey (Bar #19856)
250 W. Pratt Street, Suite 2200
Baltimore, MD 21201
410-539-1800 (Main)
410-962-8758 (Fax)
Timothy.Carey@wilsonelser.com

*/s/ Matthew W. Lee*
Matthew W. Lee (Bar #27949)
8444 Westpark Drive, Suite 510
McLean, VA 22102
703-852-7788 (Main)
703-245-9301 (Fax)
Matthew.Lee@wilsonelser.com

*Attorneys for John Burns and The Burns
Law Firm, LLC*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on the 20th day of February 2024, I served the foregoing pleading electronically, via CM/ECF upon:.

*By ECF Notification Upon:*
jeanette.rice@usdoj.gov <Jeanette.Rice@usdoj.gov>

Justin P. Fasano jfasano@mhlawyers.com

williamrudow@rudowlaw.com

emeyers@mrrlaw.net

JOrenstein@wolawgroup.com
Parties registered for ECF notification
*By First Class Postage Pre-Paid Mail Upon:*

**Dr. William Bevan**
**ProMedica Skilled Nursing and Rehab (Manor Care)**
**11901 Georgia Avenue**
**Wheaton, MD 20902**

*/s/ Timothy S. Carey*
/s/ Timothy S. Carey, Esquire

293265950v.1