Case 22-12609 Doc 53 Filed 08/22/22 Page 1 of 4

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
(Greenbelt Division)

In re:

WILLIAM C. BEVAN, JR.,

Debtor.

Case No. 22-1-2609-LS
Chapter 13

**TRUSTEE'S SUPPLEMENTAL OBJECTION TO DEBTOR'S CHAPTER 13 PLAN FILED AUGUST 15, 2022**

Timothy P. Branigan, Chapter 13 trustee in the above-captioned case ("Trustee"), pursuant to section 1325 of the Bankruptcy Code and Bankruptcy Rule 3015(f) objects to confirmation of the Debtor's Chapter 13 plan filed August 15, 2022 (the "Plan"). In support of his opposition, the Trustee respectfully represents the following:

1. The Debtor commenced this case under Chapter 13 on May 13, 2022. The Plan proposes to pay $100.00 monthly for 60 months. In addition, the Debtor shall have up until the confirmation date of his Plan to close on a refinance loan with respect to 11229 Empire Lane, Rockville, Maryland 20852 and to close on a reverse mortgage contract or other financing with respect to 3415 Wenona South, Laurel, Maryland 20724 within 90 days following confirmation of his Plan.

2. Counsel for the Debtor represented to the Court at the July 26, 2022 Confirmation hearing that Debtor had paid his $15,000.00 retainer by taking a draw from his business. Debtor testified at the 341 Meeting of Creditors that instead he had taken the money out of an undisclosed retirement account. Debtor was not certain if the account was a regular bank account or an actual retirement account and could not, or would not, name the financial institution from which he withdrew the money to pay his attorney. Debtor advised that there may be other undisclosed bank

accounts because he does not have access to his records since he is in a nursing home facility. Trustee has asked for bank statements from all of the Debtors bank accounts, investment accounts and/or retirement accounts but has not received those statements. At this time, the Debtor has failed to fully cooperate with the Trustee as required under section 521(a)(3) of the Bankruptcy Code.

3. Debtor further testified that he has still not disclosed all of his assets in the schedules as filed with the court. Debtor must immediately amend the schedules to disclose all of his assets. At this time, the Debtor has failed to fully cooperate with the Trustee as required under section 521(a)(3) of the Bankruptcy Code.

4. The Debtor has failed to provide completed refinance and reverse mortgage applications as requested by the Trustee. Debtor testified at the Meeting of Creditors that the applications have been completed. At this time, the Debtor has failed to fully cooperate with the Trustee as required under section 521(a)(3) of the Bankruptcy Code.

5. The Debtor's Schedule J reflects insufficient net monthly income to support the proposed Plan payments and he cannot afford to refinance the properties as described in the Plan. The Debtor has not demonstrated that the Plan is feasible. The Plan does not satisfy the requirements of section 1325(a)(6) of the Bankruptcy Code.

6. The Debtor further evaded questions regarding his self-appointed title of "Doctor." Creditor William Rudow repeatedly asked the Debtor to disclose from which colleges or universities the Debtor obtained either an M.D. or a Ph.D. Debtor could not name a single degree that he has earned. While not particularly relevant to the assets and liabilities of this particular Debtor, the Trustee is concerned that a pattern is developing that the Debtor is not being honest with the Bankruptcy Court. Debtor should be required to provide proof of any degrees earned so as to verify the authenticity of his statements made under oath at the Meeting of Creditors.

7. The Trustee has further asked for an affidavit from the Debtor regarding the current status of the business disclosed as Abevco Incorporated including any assets of the business and any income being generated by the business.

8. The Debtor has also failed to provide the most recently filed tax returns to the Trustee. Debtor could not remember the last time that he was required to file at the Meeting of Creditors.

9. Accordingly, the Plan should not be confirmed.

**PLEASE TAKE NOTICE** THAT *THIS OBJECTION MUST BE RESOLVED AT LEAST 2 BUSINESS DAYS PRIOR TO THE CONFIRMATION HEARING*. AFTER THAT TIME, THE TRUSTEE MAY DECLINE TO ACCEPT MATERIALS THAT HE HAS REQUESTED FROM THE DEBTORS. THE TRUSTEE MAY DECLINE TO DISCUSS THE CASE AT THE CONFIRMATION HEARING. THE DEBTORS SHOULD EXPECT THAT ANY UNRESOLVED OBJECTION WILL BE HEARD BY THE COURT.

Respectfully submitted,

August 22, 2022

/s/ Timothy P. Branigan
Timothy P. Branigan (Fed. Bar No. 06295)
Chapter 13 Trustee
9891 Broken Land Parkway, #301
Columbia, Maryland 21046
(410) 290-9120

**Certificate of Service**

I hereby certify that the following persons are to be served electronically via the CM/ECF system:

John D. Burns, Esquire

I caused a copy of the pleading above to be sent on August 22, 2022 by first-class U.S. mail, postage prepaid to:

William C. Bevan, Jr.
11719 Devilwood Dr.
Potomac, MD 20854

/s/ Timothy P. Branigan
Timothy P. Branigan (Fed. Bar No. 06295)