Case 22-12609 Doc 51 Filed 08/12/22 Page 1 of 7

IN THE UNITED STATES BANKRUPTCY COURT
**FOR THE DISTRICT OF MARYLAND (Greenbelt)**

| | | |
|---|---|---|
| IN RE: | * | |
| | * | Case No.: 22-12609-LSS |
| WILLIAM C. BEVAN, JR., | * | |
| | * | |
| Debtor. | * | Chapter 13 |
| | * | |

**************************************************************************

**CREDITOR MANOR CARE'S OBJECTION TO CONFIRMATION OF SECOND CHAPTER 13 PLAN [DKT. NO. 55]**

Creditor, Manor Care of Bethesda MD, LLC ("Creditor"), by its counsel, William M. Rudow, Esquire and the Rudow Law Group, LLC, objects to the confirmation of the second Chapter 13 Plan ("Second Plan") [Dkt. No. 55] and respectfully represents:

1. Jurisdiction is based on 28 U.S.C. § 1334, 11 U.S.C. § 1322, 11 U.S.C. § 1324, 11 U.S.C. § 1325(a)(3) and/or (6), Rule 3015(f), Rule 9014, and Local Rule 3015-2; this is a core proceeding pursuant to 28 U.S.C. § 157.
2. The Movant is an allowed secured creditor, owed $60,401.27; see Claim 1.
3. On or about May 3, 2022 ("Petition Date"), William C. Bevan ("Debtor") filed a Voluntary Petition in this Court under Chapter 13 of the Bankruptcy Code.
4. Timothy P. Branigan is the Chapter 13 Trustee.
5. On June 14, 2022, the Debtor filed its first Chapter 13 Plan ("First Plan") [Dkt. No. 24].
6. On June 23, 2022, secured creditor U.S. Bank Trust National Association, not in its individual capacity, but solely as Trustee of LSRMF MH Master Participation Trust II filed an Objection to Confirmation of Chapter 13 Plan ("First Objection") [Dkt. No. 28], inter alia,

Case 22-12609 Doc 54 Filed 08/18/22 Page 2 of 7

because the Debtor's plan was *speculative* and not feasible as well as failing to provide adequate protection.

7. On July 7, 2022, the Chapter 13 Trustee filed the Trustee's Objection to Debtor's Chapter 13 Plan Dated June 14, 2022 ("Second Objection") [Dkt. No. 28], inter alia, because the Debtor had failed to fully cooperate with the Trustee as required under section 521(a)(3) of the Bankruptcy Code and had not demonstrated that the Plan was feasible and did not satisfy the requirements of section 1325(a)(6) of the Bankruptcy Code.

8. On July 28, 2022, the Court held a hearing on the Chapter 13 Plan proposed by the Debtor and having concluded that the proposed Plan did not fulfill the requirements for confirmation set out in 11 U.S.C. § 1325, denied confirmation of the Chapter 13 Plan with leave to file an amended Plan [Dkt. No. 45].

9. On August 15, 2022, the Debtor filed a second Chapter 13 Plan ("Second Plan") [Dkt. No. 55] containing the same basic terms as the First Plan.

10. Movant identified to Debtor's counsel that the Debtor's Schedules lacked honesty in that significant tangible personal property ("TPP") was missing from the Debtor's schedules, providing a series of photographs of the Debtor's TPP in boxes ready to be moved into the Debtor's house at 11229 Empire Lane, Rockville, Maryland 20852; see Movant Exhibit 1.

11. Debtor's counsel responded that the TPP should inventoried during the first week of July by the realtor; see Movant Exhibit 2, redacted from an email string, but the TPP still has not been inventoried or valued. A simple Amazon search could provide the purchase prices had the Debtor cared to do so; Mr. Bevan clearly knows how to use his Amazon account as he ordered most of the TPP via Amazon.

12. After a series of false starts, the Debtor attended a First Meeting of Creditors on July 14, 2022 ("341 Meeting"), during which the Debtor did not remember his email address, would not specify what type of degree allowed him to call himself a Doctor in his affidavit to the Court titled AFFIDAVIT OF DOCTOR WILLIAM CHARLES BEVAN [Emphasis Not Added] [Dkt. No. 55-1] affirming under oath that the Doctorial certificate from George Mason University was at 11229 Empire Lane, Rockville, Maryland 20852 (two areas of his alleged PhD were Neural Networks and Artificial Intelligence, but according to one GMU PhD professor, GMU does not give PhDs in NN or AI), failed to identify the name of the financial institution in which his *Rainy Day* bank account that funded Mr. Burns's $16k retainer was located, could not, or would not, identify any other bank account(s) which may exist, stated that he was looking after his mother, but admitted that he could not care for her as both were in different facilities, lied about not having access to the internet or wi fi at the present facility in which he resided (to support his lack of knowledge of his email address); the Debtor's exceptional lack of candor under oath sets the stage for the panoply of other issues with his Second Plan.

13. On August 22, 2022, the Chapter 13 Trustee filed the Trustee's Supplemental Objection to Debtor's Chapter 13 Plan Filed August 15, 2022 ("Third Objection") [Dkt. No. 57], inter alia, because the Debtor had continued to fail to fully cooperate with the Trustee as required under section 521(a)(3) of the Bankruptcy Code (as pled in the Second Objection), and had not demonstrated that the Plan was feasible and did not satisfy the requirements of section 1325(a)(6) of the Bankruptcy Code, also as pled in the Second Objection; Movant incorporates the Third Objection herein by this reference.

Case 22-12609 Doc 54 Filed 08/18/22 Page 4 of 7

14. Three months into this bankruptcy, the Debtor still has not identified the amount of secured claims of BB&T Trust, Chincoteague Bay HOA, Montgomery Cty, MD, or Trails End Utility Co. per Second Plan § 6.6.3 so it is impossible to completely analyze, or implement, the Second Plan; the Second Plan is not proposed in good faith as required in 11 USC § 1325(a)(3).

15. Three months into this bankruptcy, the Debtor has not identified if any funds are owed to the IRS for the past 3 years, as he has not filed any tax returns in the past three years, as testified in his 341 Meeting, but the Second Plan § 4.5 identifies an estimated $28,607.51 as owed to the IRS; the Second Plan is not proposed in good faith as required in 11 USC § 1325(a)(3).

16. A key Non-Standard Provision of the Debtor's Second Plan § 9 is refinancing ("Refinance Provision") 11229 Empire Lane, Rockville, Maryland 20852 ("Rockville Property"); the Refinance Provision was also a key provision of the First Plan; despite the Chapter 13 Trustee's continuing request, and almost three months having passed, the Debtor refuses to produce a copy of his refinance application. The Debtor filed a very vague Status Report on Chapter 13 Case Matters on August 15, 2022 [Dkt No. 56] allegedly updating the Court on the status of the Refinance Provision *[t]he Debtor is working closely with Mr. Ross Levin to coordinate his financing actions with a panoply of brokers which must precede the confirmation date if the plan is to permit financing rather than sales.* But no the Status Report excluded the most basic information regarding the Refinance Provision, such as the dates that the applications were allegedly provided to lenders, copies of the alleged applications, or even the names of the alleged lenders. The First Plan, filed two months before the Second Plan, also requiring the Debtor to refinance the Rockville Property stating that *[t]ime is of the essence as to the*

Case 22-12609 Doc 154 Filed 08/17/22 Page 5 of 20

*foregoing refinance and reverse mortgage/ closing obligations*. Accordingly, had the Debtor timely applied for this refinance, he should have heard back from the lender(s) by now and either has been denied & failed to report this, accepted or has not even applied; the Second Plan is not proposed in good faith as required in 11 USC § 1325(a)(3); the Second Plan will not conform with 11 USC § 1325(a)(6), as the Debtor can only speculate as to the ability to make all payments under the plan.

17. Another Non-Standard Provision of the Debtor's Second Plan § 9 is as follows: *[i]f for any reason unknown to the Debtor that the Rockville Property is not sufficient in value and equity to satisfy such obligations in full, the Debtor shall supplement from his own retirement fund*. But no retirement fund has been disclosed by the Debtor, much less proof of the balance or a recent statement, and during the 341 Meeting, the Debtor refused to disclose the name of the entity holding these alleged non-disclosed funds; Mr. Bevan only identifies the funds on his Schedule A/B Part 4 B 21. as *unknown*. This non-standard provision further states that if *any necessary funds to ensure that this funding occurs to the extent the Rockville Property for any reason unknown at present is insufficient to pay off the aforementioned expenses and claims or he **may** pay any shortfall in full from the purchase or sale of the Laurel Property below*. [Emphasis Added] My using the term *may*, instead of *must* or *shall*, the Debtor may choose not to pay the shortfall. The Second Plan will not conform with 11 USC § 1325(a)(6) as the Debtor can only speculate as to the ability to make all payments under the plan & the Second Plan is not proposed in good faith as required in 11 USC § 1325(a)(3).

18. Another Non-Standard Provision of the Debtor's Second Plan § 9 includes buying out his siblings from co-ownership of the Laurel Property by obtaining reverse mortgage financing

or if that fails, using surplus proceeds from the sale of the Rockville Property; but the Debtor has not produced an appraisal of the Rockville Property or Laurel Property, so any proceeds relating thereto are speculative; the Debtor has proven that he has negative cash flow in his Schedule J Part 2: 23c. *-1,233.00* so the Debtor cannot pay insurance, maintenance, gas and/or electric, or repairs on the Rockville Property or Laurel Property during the 90 day post-confirmation time authorized to perform the Second Plan actions, effectively prohibiting the Debtor from preserving or protecting the Rockville Property or Laurel Property; the Second Plan is not proposed in good faith as required in 11 USC § 1325(a)(3).

19. The Debtor supports his Second Plan with an Affidavit of Doctor William Charles Bevan ("Affidavit"). This Affidavit supports rejection of the Second Plan. Upon information and belief, Mr. Bevan was not conferred a medical degree or PhD. He has no legal right to hold himself out as a *Doctor*, much less under oath. This goes to Mr. Bevan's lack of credibility if not perjury. In Affidavit paragraph 3., Mr. Bevan fails to take responsibility for his prior bankruptcy failures, blaming them on bad luck rather than his actions. In Affidavit paragraph 8. Mr. Bevan magnanimously agrees to *add any bank accounts I may have omitted*. Identifying all of his bank accounts is not an option; the Second Plan is not proposed in good faith as required in 11 USC § 1325(a)(3).

20. In sum, the Second Plan is not proposed in good faith as required in 11 USC § 1325(a)(3) and will not conform with 11 USC § 1325(a)(6) as the Debtor can only speculate as to the ability to make all payments under the plan.

WHEREFORE, Movant prays that this honorable Court:

1. Deny confirmation of the Chapter 13 Plan, without leave to amend, and

2. Grant such other and further relief as may be necessary.

Dated: August 24, 2022

/S/ William Rudow
William M. Rudow, Esquire
Rudow Law Group, LLC
502 Washington Avenue, Ste 730
Towson MD 21204-4525
Fed. Bar No.: 09937
(410) 542-6000
Fax (410) 542-9500
WilliamRudow@RudowLaw.com.com
*Attorney for Creditor, Manor Care of Bethesda MD, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 24, 2022, the following persons were served with the foregoing pleading electronically via the CM/Dkt. system: John Burns, Esquire and Timothy Branigan, Esquire, Chapter 13 Trustee, and a copy of the foregoing was sent via first class mail, postage prepaid to the Office of the United States Trustee, 6305 Ivy Lane, Suite 600, Greenbelt, Maryland 20770 and to Timothy Branigan, Esquire, Chapter 13 Trustee at 9891 Broken Land Parkway, Suite 301, Columbia, MD 21046.

/S/ William Rudow
William M. Rudow, Esquire

I HEREBY CERTIFY that the terms of the copy of the pleading submitted to the Court are identical to those set forth in the original; and the signature represented by the /S/ on the copy submitted to the Court reference the signature of the party obtained on the original.

/S/ William Rudow
William M. Rudow, Esquire

**William Rudow**

**From:** William Rudow
**Sent:** Wednesday, June 22, 2022 5:41 PM
**To:** John Burns
**Subject:** William Bevan / Tangible Personal Property

John, I apologize for the late email. I took depositions all day yesterday & Monday, am recovering from COVID & was out of the country just prior to that.

You probably do not know that Mr. Bevan had significant tangible personal property when he lived at my client's facility. Mr. Bevan had so much mail order purchases that it would not fit in his room & a storage room was dedicated to storing his stuff. It took a 15-person team had to do to get Mr. Bevan's things packed. When Mr. Bevan moved out of my client's facility, his property was moved to his Rockville house at 11229 Empire Lane, Rockville MD, 20852. This move was at my client's expense. I attach photos of some of the volume of boxes of Mr. Bevan's stuff, including a drone, which he needs to add to his schedules.

I believe that someone needs to go through his Amazon account to identify the tangible personal property & create some sort of valuation. The furniture in the photos is not Mr. Bevan's, just the boxes.



**Movant Exhibit 1**





**Movant Exhibit 1**





**Movant Exhibit 1**





Movant Exhibit 1





Movant Exhibit 1





**Movant Exhibit 1**





Movant Exhibit 1






**Movant Exhibit 1**






**Movant Exhibit 1**



Sincerely,

Bill

William M. Rudow, Esquire
Licensed in MD DC UT

**Rudow Law Group, LLC**
**502 Washington Avenue, Suite 730**
**Towson, Maryland 21204**
(410) 542-6000 Fax (410) 542-9500
WilliamRudow@RudowLaw.com
www.RudowLaw.com

This communication is from a debt collector.

Notice: This e-mail transmission is intended only for the individual or entity named in the e-mail and may contain confidential or legally-privileged information that is exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any disclosure, distribution, or reliance upon the contents of this e-mail communication is strictly prohibited. If you have received this e-mail transmission in error, please reply to the sender, and delete the message from your system.

**From:** John Burns <jburns@burnsbankruptcyfirm.com>
**Sent:** Wednesday, June 22, 2022 4:02 PM
**To:** William Rudow <williamrudow@rudowlaw.com>
**Subject:** Re: Confirmation Hearing

Yup

Sent from my iPhone

On Jun 22, 2022, at 3:45 PM, William Rudow <williamrudow@rudowlaw.com> wrote:

Thanks; at some point we should talk about this case. I have been too busy to work on it until now.

Sincerely,

Bill

William M. Rudow, Esquire
Licensed in MD DC UT

**Rudow Law Group, LLC**
**502 Washington Avenue, Suite 730**
**Towson, Maryland 21204**
(410) 542-6000 Fax (410) 542-9500
WilliamRudow@RudowLaw.com
www.RudowLaw.com

This communication is from a debt collector.

Notice: This e-mail transmission is intended only for the individual or entity named in the e-mail and may contain confidential or legally-privileged information that is exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any disclosure, distribution, or reliance upon the contents of this e-mail communication is strictly prohibited. If you have received this e-mail transmission in error, please reply to the sender, and delete the message from your system.

**From:** John Burns <jburns@burnsbankruptcyfirm.com>
**Sent:** Wednesday, June 22, 2022 3:04 PM
**To:** Paralegal <paralegal@rudowlaw.com>
**Cc:** William Rudow <williamrudow@rudowlaw.com>
**Subject:** Re: Confirmation Hearing

I consent to a continuance (obviously)

Sent from my iPhone



**Movant Exhibit 1**

On Jun 22, 2022, at 2:54 PM, Paralegal <paralegal@rudowlaw.com> wrote:

Good afternoon Mr. Burns,

Please see the attached PDF in regards to the Confirmation Hearing on July 26, 2022.

Sincerely,

Becky Chessler
**Rudow Law Group, LLC**
**502 Washington Avenue, Suite 730**
**Towson, Maryland 21204**
(410) 542-6000 Fax (410) 542-9500
paralegal@RudowLaw.com
www.RudowLaw.com

This communication is from a debt collector.

Notice: This e-mail transmission is intended only for the individual or entity named in the e-mail and may contain confidential or legally-privileged information that is exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any disclosure, distribution, or reliance upon the contents of this e-mail communication is strictly prohibited. If you have received this e-mail transmission in error, please reply to the sender, and delete the message from your system.



**Movant Exhibit 1**

| | |
|---|---|
| **From:** | John D. Burns |
| **To:** | William Rudow |
| **Cc:** | "Daniel Pesachowitz"; tbranigan@chapter13maryland.com; "Ross Levin" |
| **Subject:** | RE: Confirmation Hearing |
| **Date:** | Friday, July 1, 2022 11:58:06 AM |

Bevan just hired the realtor, Ross Levin, to perform the inventory in full (partially st arted as you know). That should happen this coming week. JDB

**PLEASE ONLY USE: INFO@BURNSBANKRUPTCYFIRM.COM TO RESPOND TO INITIATE OR RESPOND TO EMAILS WITH THE LAW FIRM.**

**DUE TO THE LARGE VOLUME OF EMAILS RECEIVED BY THIS FIRM, AS WELL AS SPAM FILTERS, PLEASE RE-SEND YOUR EMAIL AND/OR CONTACT US VIA TELEPHONE IF YOU DO NOT RECEIVE A RESPONSE TO YOUR EMAIL WITHIN 24 HOURS. WE APOLOGIZE FOR ANY INCONVENIENCE THIS MAY CAUSE.**

***WARNING: Emails without a client name/matter will be coded to SPAM and discarded. It is incumbent upon you the sender to list the client name/matter in the subject line to cause correct routing. Otherwise, you may conclude your email will not be read or responded to.***

John D. Burns, Esquire

The Burns LawFirm, LLC
6303 Ivy Lane, Suite 102
Greenbelt, MD 20770
Phone: 301-441-8780
CALL TO FAX
Email: info@burnsbankruptcyfirm.com
We Are A Debt Relief Agency

Notice: Email is covered by the Electronic Communications Privacy Act, Title 18, Sections 2510-2521of the United States Code and is legally privileged. If you have received this message in error, please notify me by telephone or return email and delete it and any attachments from your computer. This email does not create an attorney-client relationship, as an attorney-client relationship is only created by the execution of a retainer agreement.-

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.Confidentiality Notice: The information in this message is confidential and may be legally privileged. It is intended solely for the addressee. If you are not the intended recipient, any disclosure, copying, or distribution of the message, or any action or omission taken by you in reliance on it, is prohibited and may be unlawful. Please immediately contact the sender if you have received this message in error. Thank you.

**Movant Exhibit 2**