IN THE UNITED STATES BANKRUPTCY COURT
**FOR THE DISTRICT OF MARYLAND (Greenbelt)**

| | | |
|---|---|---|
| IN RE: | * | |
| | * | Case No.: 22-12609-LSS |
| WILLIAM C. BEVAN, JR., | * | |
| | * | |
| Debtor. | * | Chapter 7 |
| | * | |

**AFFIDAVIT RE: LEGAL FEES – CLAIM 19**

My name is William M. Rudow, and I am over the age of eighteen (18) years. I am the sole member of the Rudow Law Group, LLC ("RLG") and have the authority to make this affidavit on behalf of the RLG because I am familiar with legal fees charged by the RLG.

**(A) the time and labor required**

The time and labor required was more than usual because this bankruptcy has a debtor who acts personally and erratically causing an enormous amount of litigation. The Debtor never paid anything for his stay at Creditor's facility, fought leaving, including filing an appeal and this bankruptcy. The Debtor continued to act personally and erratically causing an enormous amount of litigation in this bankruptcy despite being represented by counsel. The Debtor even filed sanctionable pleadings against the administrator of the Creditor resulting in Dkt. 388 – an Order Granting Motion for Sanctions. The basis of the Creditor's claim is unique and complex,

**Respondent Claim 19 Exhibit 7**

resulting in the need to file Creditor's Partial Objection to Exemption re 11229 Empire Lane Dkt. 50, et al. ("Exemption Objection").

Debtor's counsel acted in violation of his ethical obligations resulting in a complex, time consuming objection to his legal fee petition adding complexity and significant time to staying abreast of this case.

This is a highly contested, extraordinarily complex case; the novelty and difficulty of the questions were extreme. Even the Chapter 13 Plan was complex, probably seeking terms that are in direct violation of the Bankruptcy Code. Attempts to enforce the Chapter 13 Plan were bizarre and complex with the Debtor travelling to his Rockville Property, threatening workers, and destroying renovations. Even William Bevan's title is in material dispute as he insists on being called Doctor, while is does not hold an MD or PhD. A simple view of the docket – with over 577 entries shows the amount of complexity of this case.

**(B) the novelty and difficulty of the questions**

The issues raised in the Exemption Objection, appeal of the involuntary discharge proceedings, Chapter 13 Plan, Chapter 13 Plan, enforcement of Chapter 13 Plan, Conversion, Debtor's counsel's Legal Fee Objection … are novel presenting difficult questions and were each exceedingly difficult and very novel in this complex case.

**(C) the skill required to perform the legal service properly**

Much skill was required to perform the legal service properly in handling novel doctrines of Chapter 13 Plan, Chapter 13 Plan, enforcement of Chapter 13 Plan, Conversion, Debtor's counsel's Legal Fee Objection …. Extreme legal skill was needed because, coupled with the hinderance inherent with the Debtor's personality, made this a novel and complex case.

**(D) whether acceptance of the case precluded other employment by the attorney**

Employment preclusion is an issue as the time required to travel to and from Utah to defend and prosecute this in-person case precluded William Rudow from working on other cases.

**(E) the customary fee for similar legal services**

William Rudow's hourly billing rate associated with this case is $400.00 per hour. William Rudow's standard hourly billing rate is $650.00 for novel and complex litigation cases per hour but this rate was heavily discounted.

**<u>(F) whether the fee is fixed or contingent</u>**

The fee is neither fixed nor contingent.

**(G) any time limitations imposed by the client or the circumstances**

Time limitations were not an issue except for travel time which required counsel to fly to and from Baltimore as one motion to appear remotely was denied.

**(H) the amount involved, and the results obtained**

The amount at issue in this case is $278,267.65,.  One sanction motion was granted, an unusual result.

**(I) the experience, reputation, and ability of the attorneys**

William Rudow is very experienced, with a strong positive reputation and exceedingly high ability.  He is AV Rated by Martindale-Hubble and is one of the top-rated Civil Litigation attorneys in Towson, MD as he has met the stringent Super Lawyers selection criteria.  William Rudow has been performing complex litigation since 1991, has an exceptionally fine reputation in the legal community; his clients include the FDIC.  William Rudow, Esquire has been actively practicing law in the State of Maryland since 1987 and is licensed to practice in the state and federal courts in Maryland, and Washington, D.C. and federal court in Michigan and state court in Utah.  William Rudow has been or is lead counsel in complex cases in courts in the following jurisdictions:

1. Arizona,
2. District of Columbia,
3. Connecticut,
4. California,
5. Florida,
6. Pennsylvania,

7. New York,

8. New Jersey,

9. Georgia,

10. Maryland,

11. Missouri,

12. Michigan,

13. Minnesota,

14. Texas,

15. West Virginia; and

16. 11th Circuit.

William Rudow has been lead counsel in complex appeals in Maryland, Florida, and New York state courts. William Rudow has been practicing Bankruptcy Law since 1987 and was a member of the Bankruptcy Bar in Maryland, when it existed. William Rudow has litigated as lead counsel in a significant number of bankruptcy motions, cases and many adversarial proceedings in the Bankruptcy Court of Maryland, Baltimore and Greenbelt divisions, and Bankr. D.D.C. William Rudow has also appeared in the Bankruptcy Courts for the E.D. Pa. and S.D.N.Y.

**(J) the undesirability of the case**;

This case is undesirable because the Debtor lies constantly and was represented by a litigious unethical attorney.

**(K) the nature and length of the professional relationship with the client**

William Rudow has represented the group of Manor Care facilities continuously since 2004.

**(L) awards in similar cases**

Counsel is unaware of awards in similar cases as this is such a unique crazy case.

**(M) Invoices**

Legal fees are itemized in legal fee invoices attached hereto and identified as Movant Exhibit 2, including a summary. In total, $54,010.00 in legal fees and $0.00 in expenses were paid for the client totaling $54,010.00.

The creditor incurred $54,010.00 in legal fees and $0.00 in expenses which were all paid for. See that Respondent Exhibit 6 incorporated herein by this reference for calculations.

I do solemnly swear and affirm under the penalties of perjury, that to the best of my knowledge, information, and belief, the foregoing matters are true and correct.

Date: June 2, 2025

/S/ William Rudow
William M. Rudow, Esquire
Rudow Law Group, LLC
502 Washington Avenue, Suite 730
Towson, Maryland 21204
Fed. Bar No.: 09937

(410) 542-6000
Attorney for Plaintiff
WilliamRudow@RudowLaw.com.com
*Attorney for Creditor, Manor Care of Wheaton MD, LLC*