IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MAYRLAND
Greenbelt Division

| | |
|---|---|
| IN RE: | Case No. 22-12609-LSS |
| | Chapter 7 |
| **WILLIAM CHARLES BEVAN, Jr.** | |
| **DEBTOR** | |

## DEBTOR'S BRIEF ON UNSIGNED CONTRACT

NOW COMES Debtor, through counsel, and submits this Brief in response to the Court's Order [#589] to brief whether or not the Respondent Claim 19 Exhibit 4 unsigned contract was accepted/enforceable under Maryland law.

1. The exhibit at issue constitutes an unsigned "contract" for nursing home services. It is noted at the top that Debtor refused to sign, which was consistent with the testimony offered by Manor Care of Wheaton, the creditor at issue. The testimony was that Manor Care could have taken the contract to the hospital and asked Debtor to sign before accepting him as a patient/resident, but they did not.

2. "Creation of a contract requires an offer by one party and acceptance by the other party. *See David A. Bramble, Inc. v. Thomas,* 396 Md. 443, 455, 914 A.2d 136, 143 (2007); *Buffalo Steel Co. v. Kirwan,* 138 Md. 60, 64, 113 A. 628, 630 (1921). Acceptance of an offer is requisite to contract formation, and common to all manifestations of acceptance is a demonstration that the parties had an actual meeting of the minds regarding contract formation. *See Creel* [*v. Lilly*, 354 Md. 77, 101, 729 A.2d 385, 398 (1999)] (reiterating that to establish a contract the minds of the parties must be in agreement as to its terms); *Pavel v. A.S. Johnson,* 342 Md. 143, 162-63, 674 A.2d 521, 531 (1996) (holding that no contract was formed

because there was no meeting of the minds)." *Cochran v. Norkunas*, 919 A. 2d 700, 713 (Md. 2007).

3. While "[a]cceptance may be manifested by acts as well as by words," *id.*, here there is an express refusal of the terms, negating any suggestion that any act constituted acceptance. "In some cases, we have held that silence or inaction upon receipt of an offer may constitute acceptance, but this is the exception and not the general rule. Silence is generally not to be considered an acceptance of an offer unless the parties had agreed previously that silence would be an acceptance, the offeree has taken the benefit of the offer, or because of previous dealings between the parties, it is reasonable that the offeree should notify the offeror if she does not intend to accept." *Id.* at 714 (citations omitted). But here there was no silence. The offer was expressly rejected. The offeree *did* notify the offeror that he did not intend to accept.

4. Nor can acceptance be inferred by Debtor's conduct. The affirmative conduct relevant to purported acceptance is that which the Debtor would have agreed to in the would-be Contract. *See* Restatement (Second) of Contracts § 50 ("Acceptance by performance requires that at least part of what the offer requests be performed or tendered and includes acceptance by a performance which operates as a return promise.") Here, the conduct the offer requested to be performed was payment for skilled care services, rather than passive acceptance of those services. Debtor does not here contest the issue of non-payment, and has effectively conceded the quantum meruit claim. But that does not amount to performance of any part of what the offer requested to be performed.

5. "Under general principles of contract law, when a method of performance necessary to constitute acceptance of an offer has been prescribed, performance in some other manner does not constitute acceptance." *Baltimore Cnty. v. Archway Motors, Inc.*, 35 Md. App.

158, 163, 370 A.2d 113, 116 (1977). Here, the prescribed manner of acceptance was to sign the written contract; Debtor refused to do so. Acceptance cannot be inferred in any other way.

6. Debtor's express refusal demonstrates that there was no "meeting of the minds" required to form a contract. "Under Maryland law, "[t]he formation of a contract requires mutual assent (offer and acceptance), an agreement definite in its terms, and sufficient consideration." *CTI/DC, Inc. v. Selective Ins. Co. of Am.,* 392 F.3d 114, 123 (4th Cir. 2004) (citing *Peer v. First Fed. Sav. and Loan Ass'n of Cumberland,* 273 Md. 610, 331 A.2d 299, 301 (1975)). "An agreement implied in fact is `founded upon a meeting of minds, which, although not embodied in an express contract, is inferred, as a fact, from conduct of the parties showing, in the light of the surrounding circumstances, their tacit understanding.'" *Hercules, Inc. v. United States,* 516 U.S. 417, 424, 116 S.Ct. 981, 134 L.Ed.2d 47 (1996) (quoting *Baltimore & Ohio R. Co. v. United States,* 261 U.S. 592, 597, 58 Ct.Cl. 709, 43 S.Ct. 425, 67 L.Ed. 816 (1923))." *Spaulding v. Wells Fargo Bank, NA,* 714 F. 3d 769, 777 (4th Cir. 2013). But here, the express refusal negates any "tacit understanding."

7. The cases cited by Manor Care at the hearing are inapposite because they deal with ratification of the acts of an agent, not with contract formation as is at issue here.

8. As for promissory estoppel, an argument Manor Care made for the first time in its brief filed today, it fundamentally misunderstands the concept. The only "promise" was that made by Manor Care. Under different circumstances perhaps Debtor could try to enforce that promise via promissory estoppel, but Manor Care cannot enforce a promise by Debtor that was never made.

9. In sum, Debtor never agreed to the terms of the "contract" at issue. There was no meeting of the minds; no mutual assent. There was an offer, but no acceptance – in fact, there

was an express rejection.  "Under settled legal principles, the terms of the rejected offer, including the provisions of the employment application, did not survive the rejection of the offer. [Offeree's] power of acceptance of that offer was terminated by his rejection of it. *See* Restatement (Second) of Contracts §§ 36, 38 (when offeree rejects offer, his power of acceptance is terminated)."  As such, the unsigned "contract" is not a contract and Debtor is not bound by its terms.

.

Dated:  June 27, 2025

/s/ Daniel M. Press
Daniel M. Press (#07300)
Chung & Press, P.C.
6718 Whittier Ave. #200
McLean VA 22101
703-734-3800
dpress@chung-press.com
*Counsel for Debtor*

CERTIFICATE OF SERVICE

This is to certify that on this 27th day of June, 2025, I caused the foregoing document to be served by CM/ECF on the following:

Donald L Bell donbellaw@gmail.com,
admin@donbellaw.com,
bell.donaldr125259@notify.bestcase.com

John D. Burns info@burnsbankruptcyfirm.com,
burnslaw3@gmail.com,
burnslaw6@gmail.com,
notices@nextchapterbk.com,
pacerecfemails@gmail.com,
2634@notices.nextchapterbk.com

Timothy Stephen Carey timothy.carey@wilsonelser.com,
Rajdeep.Sraun@wilsonelser.com

Anthony Joseph DiPaula ajdipaula@dipaulalaw.com,

cevans@dipaulalaw.com

Justin Philip Fasano jfasano@mhlawyers.com,
jfasano@ecf.courtdrive.com,
dmoorehead@mhlawyers.com,
tmackey@mhlawyers.com,
hleaphart@mhlawyers.com,
cmartin@mhlawyers.com,
Fasano.JustinR92003@notify.bestcase.com

Nikita Rajendra Joshi Nikita.Joshi@bww-law.com,
bankruptcy@bww-law.com

Nicole C. Kenworthy bdept@mrrlaw.net

Lynn A. Kohen lynn.a.kohen@usdoj.gov

M. Evan Meyers bdept@mrrlaw.net

Janet M. Nesse jnesse@mhlawyers.com,
DC0N@ecfcbis.com,
jmnesse@ecf.axosfs.com,
jfasano@mhlawyers.com,
cpalik@mhlawyers.com,
tmackey@mhlawyers.com,
Nesse.JanetR92003@notify.bestcase.com,
kfeig@mhlawyers.com

Jeffrey M. Orenstein jorenstein@wolawgroup.com

Daniel J. Pesachowitz dpesacho@siwpc.com,
rjones@siwpc.com,
bkreferrals@siwpc.com,
siwbkecf@siwpc.com,
siwpc@ecf.courtdrive.com,
siwattecf@siwpc.com

L. Jeanette Rice Jeanette.Rice@usdoj.gov,
USTPRegion04.GB.ECF@USDOJ.GOV

William Mark Rudow williamrudow@rudowlaw.com

Dorothy Carol Sasser dsasser@siwpc.com,
bkreferrals@siwpc.com,
siwbkecf@siwpc.com,
siwpc@ecf.courtdrive.com,

siwattecf@siwpc.com

William Frederick Steinwedel wsteinwedel@mdlab.org,
roithamer21988@gmail.com,
G21117@notify.cincompass.com

                          /s/ Daniel M. Press
                            Daniel M. Press