IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MAYRLAND
Greenbelt Division

IN RE:                                                    Case No. 22-12609-LSS
                                                          Chapter 7
**WILLIAM CHARLES BEVAN, Jr.**

                            **DEBTOR**

---

## RENEWED MOTION TO RECONSIDER OBJECTION TO EXEMPTION AND TO DIRECT TRUSTEE TO DISBURSE EXEMPT PROPERTY TO DEBTOR

NOW COMES Debtor, through counsel, and respectfully renews his Motion (#546) for an Order reconsidering the Court's prior ruling disallowing Debtor's claim of a homestead exemption, and directing the Trustee to pay that Debtor the homestead exemption and the Debtor's other exempt property.

*Background*

The Debtor, at the time he filed this case, and ever since, has been a patient at various skilled nursing facilities/nursing homes, currently at Manor Care of Wheaton MD, LLC.   At the time he filed this case, he was at a different Manor Care facility.   However, he owned his home at 11229 Empire Lane, Rockville, MD 20852, and intended to return there when he was medically able.   He never gave up that property as his principal residence – in fact, it was sold in this case over his vehement objections.

The Debtor has now self-discharged to another facility out of state, but he has yet to be able to afford to move to a proper residence because of lack of funds.   Unfortunately for the Debtor, both of the homes that he owned (in full or in part) were sold in this case, so he has nowhere to go other than a care facility.   The Debtor has located an RV that he intends to

purchase and reside in, but he needs money to do that.  However, all of his money (exempt retirement funds included) and the proceeds of the real estate sales are being held by the Trustee, leaving him with no resources to pay what it will cost to acquire the RV or otherwise move out of the facility.

The Debtor asserted a homestead exemption in the Rockville home.   The Trustee objected to that exemption, which objection the Debtor maintains he did not receive (he has had serious problems with mail delivery at the nursing home), and the objection was sustained by the Court as unopposed.[1]   The Debtor seeks reconsideration of that decision and turnover to the Debtor of the exempt amount.

The Trustee is also in possession of funds paid to her by Adam Ross Levin from an escrow account that consisted of the Debtor's exempt retirement funds withdrawn by Mr. Levin from Debtor's exempt accounts.   Those funds are also exempt and should be turned over to the Debtor.

Since the Debtor initially filed for this relief in December 2024, the Debtor's objections to Manor Care's proofs of claim were largely sustained (Docket #'s 596-597).   Manor Care of Bethesda is owed only $5143.00 (Claim 1) and Manor Care of Wheaton is owed $36,039.63 (Claim 19).   Of the other claims filed, Claims 2, 4, and 18 were disallowed, and secured Claims 3, 5, 10, and 21 were paid when the properties were sold, leaving only $765.54 (6), $6122.40 (7), $323.36 (8), $2046.30 (9), $880.19 (11), $239.19 (12), $5 (13-17), and $4270.55 (20), totaling $14,652.53, and with the Manor Care claims, $55,835.16 (the "Unsecured Claims"), to be paid.

---

[1] Manor Care of Bethesda MD, LLC also objected to the exemption during the Chapter 13 case, including the same argument made by the Trustee.  The Debtor did respond to that objection, but the Court did not consider that when ruling on the Trustee's same objection.  That objection was stayed *sine die* by the Court, as it only pertained to the Manor Care of Bethesda claim, which will undoubtedly be paid in full in this case.

Mr. Burns's firm has a pending fee application for $139045 and expenses of $5086, and Mr. Levin is seeking $36800.00 and expenses of $3799.98.    If allowed in full, these total $184,730.98 (the "Administrative Claimants").

The Trustee is holding $460,202.47, per her response to the prior motion (Doc. #559). That may be reduced slightly by subsequent bank fees.    Paying the Administrative Claimants and the Unsecured Claims in full leaves $216,636.33.    The foregoing does not account for bank fees or the Chapter 7 Trustee's commission or legal fees, but there is no way that they could total that much (Debtor's counsel was advised that the total of trustee fees and commissions as of March 2025 was about $109,000).    In other words, even accounting for bank fees, there is a surplus in the estate of over $100,000 even if Mr. Burns' and Mr. Levin's fees are allowed in full.    Mr. Bevan, by this motion, is seeking turnover of $41,371.93 of that as his exempt property so that he can have *something* to start over with (given that all of his social security is going to pay for his current living situation). ***Paying him this money will not put at risk the full payment of any allowed claim.***

*Homestead Exemption*

On his Schedule C, the Debtor claimed as exempt 11229 Empire Lane, Rockville, MD 20852 (the "Rockville property") pursuant to Md. Code CJ § 11-504(f)(1)(i)(2) in the amount of $25,150.00, which was the maximum amount allowed for that exemption at that time.    The Rockville property was solely owned by the Debtor, and it was his sole and principal residence as of the time he was temporarily admitted to the nursing home.    He intended to return there and considered it his residence.    He was opposed to selling it and did what he was able to prevent that from happening.    The language of the exemption is  "owner–occupied residential real property."

There is no question that Debtor was the owner and that it was residential real property.  It had no other occupants, and Debtor intended to return after his stay for medical care.  As such, it meets the statutory requirements.

While there appear to be no Maryland cases directly on point, other states with homestead exemption allow the exemption when there is a temporary absence for medical care, incarceration, or other reason that does not demonstrate an intent to abandon.  *See e,g,m Ilardi v. Parker*, 914 P. 2d 888 (Alaska 1996);  *In re Garcia*, 168 BR 403 (D. Ariz. 1994);  *Monroe v. Monroe*, 465 SW 2d 347 (Ark. 1971);  *Matter of Estate of Dodge*, 685 P. 2d 260 (Colo. App. 1984);  *In re Dodge*, 138 BR 602 (Bankr. ED Cal. 1992); *In re Roberts*, 443 BR 531 (Bankr. ND Iowa 2010);  *Jackson v. Reid*, 32 Ohio St. 443 (Ohio 1877) (despite debtor's temporary absence from homestead, exemption was allowed because evidence showed no intention to permanently abandon); *Wetz v. Beard*, 12 Ohio St. 431 (Ohio 1861) (exemption allowed where temporary removal without intent to abandon homestead); *In re Cameron*, 25 B.R. 119 (Bankr.N.D.Ohio 1982) (absence from residence at time of filing is not always sufficient, in itself, to extinguish right to use homestead exemption; intent to return may preserve exemption).  *Wiszniewski v. N.Y. State Dept. of Soc. Servs*., 140 AD 2d 952 (N.Y. App. Div. 1988) (nursing home).

As such, the Trustee's objection lacks merit and should be reconsidered.   Under FRCP Rule 60(b)/Bankr. R. 9024, the fact that Debtor did not receive the objection; that the Debtor did respond to the Manor Care objection asserting the same issue; and that no one will be harmed because with or without the exemption, the estate is solvent, Debtor asserts that the grounds for relief under Rule 60(b)(4) and 60(b)(6) are satisfied.

The homestead exemption should be allowed, and the funds paid over to the Debtor forthwith.

*The Retirement Funds*

The fact is that virtually all of the funds in the Trustee's possession are derived from Debtor's exempt retirement funds that were (wrongfully) removed from his exempt retirement accounts by Mr. Burns and Mr. Levin, as they were put into the residence and then taken back out after sale.    But there were some funds ($16,221.93, per the Trustee's response, #559) remaining in the escrow account, directly attributable to the exempt retirement accounts.   Those funds were paid over to the Trustee.   "Traceable pension funds that were received … before conversion are exempt under C & JP § 11-504(h)."  *In re Massenburg*, 508 BR 362 (Bankr. D. Md. 2014).   These funds are clearly exempt and should be paid over to the Debtor forthwith.

WHEREFORE, Debtor respectfully requests that the Court enter an Order reconsidering its prior disallowance of Debtor's homestead exemption, and directing the Trustee to pay the Debtor the exempt homestead funds ($25,150) and the funds directly traceable to Debtor's exempt retirement funds as paid over by Mr. Levin ($16,221.93), so that the Debtor may use them to purchase an RV or otherwise acquire a place to live.

Dated: September 9, 2025

Respectfully submitted.

/s/ Daniel M. Press
Daniel M. Press (#07300)
Chung & Press, P.C.
6718 Whittier Ave. #200
McLean VA 22101
703-734-3800
dpyress@chung-press.com
*Counsel for Debtor*

<u>CERTIFICATE OF SERVICE</u>

   This is to certify that on this 9th day of September, 2025, I caused the foregoing document to be served by CM/ECF on the following:

Donald L Bell donbellaw@gmail.com,
admin@donbellaw.com,
bell.donaldr125259@notify.bestcase.com

John D. Burns info@burnsbankruptcyfirm.com,
burnslaw3@gmail.com,
burnslaw6@gmail.com,
notices@nextchapterbk.com,
pacerecfemails@gmail.com,
2634@notices.nextchapterbk.com

Timothy Stephen Carey timothy.carey@wilsonelser.com,
Rajdeep.Sraun@wilsonelser.com

Anthony Joseph DiPaula ajdipaula@dipaulalaw.com,
cevans@dipaulalaw.com

Justin Philip Fasano jfasano@mhlawyers.com,
jfasano@ecf.courtdrive.com,
tmackey@mhlawyers.com,
mevans@mhlawyers.com,
cmartin@mhlawyers.com,
Fasano.JustinR92003@notify.bestcase.com

Nikita Rajendra Joshi Nikita.Joshi@bww-law.com,
bankruptcy@bww-law.com

Nicole C. Kenworthy bdept@mrrlaw.net

M. Evan Meyers bdept@mrrlaw.net

Janet M. Nesse jnesse@mhlawyers.com,
DC0N@ecfcbis.com,
jmnesse@ecf.axosfs.com,
jfasano@mhlawyers.com,
cpalik@mhlawyers.com,
tmackey@mhlawyers.com,
Nesse.JanetR92003@notify.bestcase.com,
kfeig@mhlawyers.com

Jeffrey M. Orenstein jorenstein@wolawgroup.com

Daniel J. Pesachowitz dpesacho@siwpc.com,
rjones@siwpc.com,
bkreferrals@siwpc.com,
siwbkecf@siwpc.com,
siwpc@ecf.courtdrive.com,
siwattecf@siwpc.com

L. Jeanette Rice Jeanette.Rice@usdoj.gov,
USTPRegion04.GB.ECF@USDOJ.GOV

William Mark Rudow williamrudow@rudowlaw.com

Dorothy Carol Sasser dsasser@siwpc.com,
bkreferrals@siwpc.com,
siwbkecf@siwpc.com,
siwpc@ecf.courtdrive.com,
siwattecf@siwpc.com

William Frederick Steinwedel wsteinwedel@mdlab.org,
roithamer21988@gmail.com,
G21117@notify.cincompass.com

/s/ Daniel M. Press
Daniel M. Press