IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 22-12609-LSS |
| WILLIAM CHARLES BEVAN, ) | Chapter 7 |
| ) | |
| Debtor. ) | |
| ) | |

**OPPOSITION TO DEBTOR'S RENEWED MOTION TO RECONSIDER OBJECTION TO EXEMPTION AND TO DIRECT TRUSTEE TO DISBURSE EXEMPT PROPERTY**

Janet M. Nesse, Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of William Charles Bevan (the "Debtor"), by and through her undersigned counsel, McNamee Hosea, P.A., hereby submits this opposition to the Debtor's *Renewed Motion to Reconsider Objection to Exemption and to Direct Trustee to Disburse Exempt Property* (the "Motion," Dkt. No. 600), and in support states as follows:

1. Debtor commenced this case by filing a voluntary petition for Chapter 13 Bankruptcy on May 13, 2022 (the "Petition Date").

2. Debtor listed on his voluntary petition that on the date of filing, he was living at 11719 Devilwood Dr., Potomac, MD 20854. Docket No. 1.

3. On September 8, 2022, Debtor filed a change of address, informing the Court and all parties, that his new address was 11901 Georgia Ave., Wheaton, MD 20902. Docket No. 61.

4. The Debtor filed schedules asserting a homestead exemption in real property located at 11229 Empire Lane, Rockville, MD 20852 (the "Property").

5. According to the Debtor's Statement of Financial Affairs, he had last resided in the Property in August 2019, almost three years prior to the Petition Date.

1

6. The Debtor's Chapter 13 Plan [Docket No. 55] required the refinance of the Property on or before the confirmation date. If no refinance occurred by that date, the Property was to be listed for sale immediately following confirmation.

7. The Debtor did not refinance the Property by the confirmation date of the plan.

8. On October 26, 2022, the Court entered an Order Confirming Debtor's 13 Plan. Docket No. 80.

9. On June 13, 2023, after more than a year pending under chapter 13, on the Motion of the Chapter 13 Trustee, the Court converted this case to Chapter 7. Docket No. 220.

10. On June 26, 2023, the Chapter 7 Trustee promptly filed an Objection to Debtor's Claim of Exemptions ("Objection to Exemptions") pursuant to Federal Rule of Bankruptcy Procedure 4003(b), specifically objecting to Debtor's claim of a homestead exemption pursuant to Md. Cts. & Jud. Proc. § 11-504(f) on the Property. Docket No. 241.

11. The Debtor was properly served the Objection to Exemptions.

12. Despite proper service on the Debtor, no response was filed.

13. The Trustee objected to the claimed exemption under Md. Cts. & Jud. Proc. § 11-504(f)(1)(i)(2)(A), which limits the exemption to "[o]wner-occupied residential real property." At the time of filing and at all relevant times thereafter, the Property was not occupied by the Debtor and had not been for over a year. The Debtor was residing in a care facility and did not physically occupy the Property, nor did he demonstrate a concrete intent or ability to return.

14. On August 25, 2023, the Court entered an Order, for good cause shown, sustaining the Trustee's Objection to Exemptions. Docket No. 307.

15. The Bankruptcy Noticing Center served the Debtor with the Order Sustaining the Trustee's Objection to Exemptions on August 27, 2023, at his address of record—11901 Georgia Ave., Wheaton, MD. Docket No. 311.

16. The Debtor did not file a motion to reconsider or otherwise challenge the Sustaining the Trustee's Objection to Exemptions until nearly sixteen months later – on December 18, 2024. Docket No. 546. Such a significant delay severely undermines any argument that reconsideration is warranted under Rule 60(b)(4) or (6), as the Debtor fails to demonstrate any valid basis for relief given the passage of time and the finality of the Court's prior ruling. Moreover, while the Debtor cites Rule 60(b)(4), there is no allegation or evidence that the Order is void, which is required for relief under that subsection.

17. The Debtor did not reside in the Property for almost three full years prior to the Petition Date. On the Petition Date, the Property was apparently uninhabitable. Under these circumstances, a homestead exemption should be denied. In re Issa, 501 B.R. 223 (Bankr. S.D.N.Y. 2013) (finding that debtor did not intend to reside in property in which she claimed a homestead exemption when she had not lived there for 7 years; and notwithstanding the debtor's assertion that the alleged homestead was inhabitable, the debtor did nothing to maintain or repair the premises).

18. The Debtor has failed to establish any valid basis for reconsideration of this Court's prior Order sustaining the Trustee's Objection to Exemptions.

19. The exemption was properly disallowed because the Property was not owner-occupied as required by Maryland law. Further, the Debtor's delay in seeking reconsideration – more than a year and a half after the objection and sixteen months after service of the Order Sustaining the Trustee's Objection to Exemptions – precludes relief under Rule 60(b).

WHEREFORE, the Trustee respectfully requests that the Court Deny the Debtor's *Renewed Motion to Reconsider Objection to Exemption and to Direct Trustee to Disburse Exempt Property*, and that the Court grant such other relief as it deems appropriate and proper.

Dated: September 22, 2025       Respectfully submitted

/s/ *Janet M. Nesse*
Janet M. Nesse (Fed. Bar No. 07804)
Justin P. Fasano (Fed Bar No. 28659)
McNamee Hosea, P.A.
6404 Ivy Lane, Suite 820
Greenbelt, MD 20770
Tel: 301-441-2420
Fax: 301-982-9450
jnesse@mhlawyers.com
jfasano@mhlawyers.com
*Counsel for the Trustee*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this September 22, 2025, a true and correct copy of the *foregoing* has been served via the CM/ECF system to all registered users of the CM/ECF system that have requested such notification in this proceeding, including

- Donald L Bell    donbellaw@gmail.com, admin@donbellaw.com; bell.donaldr125259@notify.bestcase.com
- John D. Burns    info@burnsbankruptcyfirm.com, burnslaw3@gmail.com; burnslaw6@gmail.com; notices@nextchapterbk.com; pacerecfemails@gmail.com; 2634@notices.nextchapterbk.com
- Timothy Stephen Carey    timothy.carey@wilsonelser.com, Rajdeep.Sraun@wilsonelser.com
- Anthony Joseph DiPaula    ajdipaula@dipaulalaw.com, cevans@dipaulalaw.com
- Nikita Rajendra Joshi    Nikita.Joshi@bww-law.com, bankruptcy@bww-law.com
- Nicole C. Kenworthy    bdept@mrrlaw.net
- M. Evan Meyers    bdept@mrrlaw.net
- Jeffrey M. Orenstein    jorenstein@wolawgroup.com
- Daniel J. Pesachowitz    dpesacho@siwpc.com, rjones@siwpc.com; bkreferrals@siwpc.com; siwbkecf@siwpc.com; siwpc@ecf.courtdrive.com; siwattecf@siwpc.com
- Daniel M. Press    dpress@chung-press.com, pressdm@gmail.com; danpress@recap.email
- L. Jeanette Rice    Jeanette.Rice@usdoj.gov, USTPRegion04.GB.ECF@USDOJ.GOV
- William Mark Rudow    williamrudow@rudowlaw.com

- Dorothy Carol Sasser    dsasser@siwpc.com, bkreferrals@siwpc.com; siwbkecf@siwpc.com; siwpc@ecf.courtdrive.com; siwattecf@siwpc.com
- William Frederick Steinwedel    wsteinwedel@mdlab.org, roithamer21988@gmail.com; G21117@notify.cincompass.com

**I FURTHER CERTIFY** that on this September 22, 2025, a true and correct copy of the *foregoing* has been served by first class mail, postage prepaid, to the parties listed below:

Office of the U.S. Trustee
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770

Dr. William Bevan
11901 Georgia Avenue
Wheaton, MD 20902

/s/ *Janet M. Nesse*
Janet M. Nesse