**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division**

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 22-12609-LSS |
| WILLIAM CHARLES BEVAN, ) | Chapter 7 |
| ) | |
| Debtor. ) | |
| ) | |

**FIRST APPLICATION FOR APPROVAL OF COMPENSATION
AND EXPENSES OF MCNAMEE HOSEA, P.A. FOR
JUNE 14, 2023 THROUGH OCTOBER 31, 2025**

TO THE HONORABLE LORI S. SIMPSON BANKRUPTCY JUDGE:

COMES NOW McNamee Hosea, P.A. ("MH"), counsel for Janet M. Nesse, Chapter 7 Trustee ("Trustee") of the bankruptcy estate of William Charles Bevan (the "Debtor"), and submits its First Interim Application for Approval of Compensation and Expenses of McNamee Hosea, P.A. (the "Application") for the period of June 14, 2023 through October 31, 2025 (the "Application Period"), as follows:

**I.  NARRATIVE HISTORY AND BACKGROUND**

1. On May 13, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 13 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for District of Maryland (the "Bankruptcy Court"). The case was converted to a case under Chapter 7 of the Bankruptcy Code on June 13, 2023.

2. Janet Nesse is the duly appointed Chapter 7 Trustee for the bankruptcy estate.

3. On June 14, 2023, the Trustee filed a Notice of Assets in this case.

4. On an expedited basis, the Trustee, through MH, engaged in discussions with the United States Trustee's Office, the Debtor's prior counsel, and the selling and purchasing agents

related to the pending sales of the two properties, as well as reviewing and analyzing the entire case and the potential open legal issues related to the pending sales contracts.

5. On June 20, 2023, the Trustee filed her Application to Employ Janet Nesse and the Law Firm McNamee Hosea, P.A. as Counsel for the Trustee (Docket No. 232).

6. On June 20, 2023, the Debtor filed a Motion to Stay (Docket No. 233).

7. On June 22, 2023, the Trustee, through MH, filed an Opposition to the Debtor's Motion to Stay (Docket No. 234).

8. On June 22, 2023, the Trustee, through MH, filed two motions requesting the Court to enter amended proposed orders for authority to sell real property located at 11229 Empire Lane, Rockville, MD 20852 (Docket No. 235), and 3415 Wenona South, Laurel, MD 20724 (Docket No. 236).

9. These motions were necessary because the motions to sell both properties dated back to before the conversion, and the Trustee needed to substitute in as the movant and obtain Court authority to sell the properties for the estate.

10. On June 23, 2023, the Court entered an order denying the Debtor's Motion to Stay (Docket No. 237).

11. On June 26, 2023, MH filed an objection to the Debtor's claimed exemptions (Docket No. 241). On the same day, the Debtor filed a Motion to Dismiss his bankruptcy case (Docket No. 242).

12. On June 27, 2023, the Debtor filed a Notice of Appeal to the U.S. District Court concerning prior orders in the case (Docket No. 257).

13. On July 11, 2023, the Court entered an Order granting the Trustee's Application to Employ MH as counsel for the Trustee (Docket No. 266).

14. On July 21, 2023, MH filed a support document supplement to the Motion to Enter Amended Proposed Order for the sale of the Empire Lane property (Docket No. 271). On July 26, 2023, the Court granted both amended proposed orders for the sale of the Empire Lane and Wenona South properties (Docket Nos. 275 and 276).

15. On July 27, 2023, the Debtor filed an emergency motion to delay or prevent the sale of estate property (Docket No. 280).

16. On July 27, 2023, MH attended the court hearings on the Motions to Sell the real property.

17. On August 1, 2023, MH filed oppositions to the Debtor's emergency motion on behalf of the Trustee (Docket No. 292).

18. On August 3, 2023, the Debtor filed a Motion to Deny the Sale of Laurel Property and the Rockville Property. (Docket No. 294).

19. On August 7, 2023, MH filed an opposition to the Debtor's Motion to Deny the Sale of Laurel Property and the Rockville Property (Docket No. 299).

20. On August 15, 2023, Debtor's former counsel filed a Motion to Fix Pre-Conversion Administrative Claims Bar Date (Docket No. 300).

21. On August 18, 2023, the Debtor filed a Motion to Prevent the Sale of the real property located at 11229 Empire Lane, Rockville, MD 20852 (Docket No. 301).

22. On August 22, 2023, the Debtor filed a Motion to Remove the Chapter 7 Trustee (Docket No. 303) and Motion to Appeal all Decisions from June 13, 2023 Hearing (Docket No. 304).

23. On August 25, 2023, MH filed oppositions to the Debtor's motions filed on August 18, 2023 and August 22, 2023 (Docket Nos. 308, 309 and 310 respectively).

24. On August 28, 2023, MH filed a response to Debtor's former counsel's Motion to Fix Pre-Conversion Administrative Claims Bar Date (Docket No. 312).

25. On August 29, 2023, MH filed Amended Reports of Sale for both properties (Docket Nos. 319 and 320).

26. On August 30, 2023, the Court entered an order denying the Debtor's Motion to Appeal (Docket No. 323) and an order denying the Debtor's Motion to Remove the Trustee (Docket No. 324).

27. On September 5, 2023, the Debtor filed a Motion to Order the Trustee to Rescind the sale of the Properties located at 11229 Empire Lane, Rockville, MD 20852 and 3415 Wenona South, Laurel, MD 20724 ("Motion to Rescind Sales") (Docket No. 334).

28. On September 6, 2023, MH filed an opposition to the Debtor's Motion to Rescind Sales (Docket No. 336).

29. On September 6, 2023, the Court entered orders denying the Debtor's Motion to Rescind Sales (Docket No. 337).

30. On September 20, 2023, MH filed a Motion to Dismiss Debtor's Appeal to the U.S. District Court concerning prior orders in the case.

31. On September 22, 2023, MH filed a Motion to Abandon Remaining Assets of the Estate ("Motion to Abandon") as burdensome to the estate or that is of inconsequential value and benefit to the estate (Docket No. 344).

32. On October 17, 2023, the Court entered an order Granting the Trustee's Motion to Abandon (Docket No. 350).

33. On October 31, 2023, Debtor's former counsel filed a Final Application for Compensation and Reimbursement of Expense (Docket No. 354).

34. On October 31, 2023, Adam Ross Levin, the Real Estate Broker, filed an Application for Compensation (Docket No. 360).

35. On November 20, 2023, MH filed Responses to the Application for Compensation filed by Debtor's prior counsel and the Application for Compensation filed by Adam Ross Levin (Docket Nos. 382 and 383).

36. On January 24, 2024, the Debtor filed a Motion that the Court Order the Trustee to Call the Debtor and Give him the Location of the Debtor's Cars ("Motion to Call") (Docket No. 417).

37. On January 29, 2024, MH filed an opposition to the Debtor's Motion to Call (Docket No. 420).

38. On February 6, 2024, the Court entered an order Denying the Debtor's Motion to Call (Docket No. 425).

39. On May 30, 2024, the U.S. District Court entered an Order Dismissing Debtor's Appeal concerning prior orders in the bankruptcy case.

40. On November 7, 2024, MH attended the court hearings on the Application for Compensation filed by Debtor's prior counsel and the Application for Compensation filed by Adam Ross Levin.

41. On December 18, 2024, the Debtor filed a Motion to Reconsider Objection to Exemption and to Direct Exempt Property to Debtor (Docket No. 546).

42. On January 2, 2025, MH filed an opposition to the Debtor's Motion Reconsider Objection to Exemption and to Direct Exempt Property to Debtor (Docket No. 559).

43. On September 9, 2025, the Debtor filed a Renewed Motion Reconsider Objection to Exemption and to Direct Exempt Property to Debtor (Docket No. 600).

44. On September 22, 2025, MH filed an opposition to the Debtor's Renewed Motion Reconsider Objection to Exemption and to Direct Exempt Property to Debtor (Docket No. 605).

45. On October 28, 2025, MH attended the court hearings on the Debtor's Renewed Motion to Reconsider Objection to Exemption and to Direct Exempt Property to Debtor.

46. On October 28, 2025, the Court entered an order Granting in part, Denying in part Debtor's Renewed Motion to Reconsider Objection to Exemption and to Direct Exempt Property to Debtor (Docket No. 612).

## II. HIGHLIGHTS OF SERVICES RENDERED

**A. Asset Analysis and Recovery:** From the outset of the case, MH conducted an extensive review and analysis of the Debtor's assets, including the bankruptcy schedules, pre-conversion pleadings, and the pending sale contracts for the two real properties located at 11229 Empire Lane, Rockville, Maryland and 3415 Wenona South, Laurel, Maryland. MH immediately engaged with the United States Trustee, the Debtor's former counsel, and the selling and purchasing agents to evaluate the estate's interests in the properties, identify issues affecting the contemplated sales, and ensure a timely and orderly liquidation process. Because the sale motions had been filed pre-conversion, MH prepared and filed amended proposed orders substituting the Trustee as movant and securing Court authority for the sales. MH also responded to a barrage of filings by the Debtor seeking to delay, deny, rescind, or otherwise interfere with the sales, including motions to stay, motions to deny or rescind the transactions, and a motion to remove the Trustee, preparing timely oppositions and appearing at hearings to protect the estate's interests. MH further assisted the Trustee in obtaining approval to abandon remaining assets determined to be burdensome or of inconsequential value to the estate. Through these combined efforts, the Trustee secured over $460,000.00 for the estate, and these funds are expected to be sufficient to

permit a 100% distribution to all allowed unsecured claims, thereby maximizing recovery for creditors.

  **B.** **Asset Disposition:** During the Application Period, the Trustee, with MH's assistance, completed the sale of the estate's two real properties and secured over $460,000.00 in proceeds, despite the Debtor's repeated attempts to delay or challenge the transactions.

  **C.** **Business Operations:** MH was not involved in any business operations in this Chapter 7 case.

  **D.** **Case Administration:** During the Application Period, MH assisted the Trustee in all aspects of case administration, including reviewing and analyzing the Debtor's filings and motions, preparing timely oppositions, coordinating with the United States Trustee and other parties in interest, and attending hearings to ensure the orderly administration of the estate.

  **E.** **Claims Administration and Objections:** MH was not involved in claims administration and objections in this case.

  **F.** **Employee Benefits/Pensions:** MH did not provide services related to employee benefits or pensions in this case.

  **G.** **Fee/Employment Applications and Objections:** During this Application Period, MH prepared this First Interim Fee Application and the Trustee's Employment Application. MH also prepared and filed responses to the compensation applications submitted by the Debtor's prior counsel and the real estate broker.

  **H.** **Financing:** MH provided no service to the Trustee with respect to financing during the period covered in this Application.

  **I.** **Litigation:** MH did not initiate or defend any adversary proceedings in this case but actively addressed contested matters, including opposing multiple motions filed by the Debtor

seeking to stay, delay, rescind, or otherwise interfere with the sale of estate property, as well as motions to remove the Trustee and reconsider exemptions. MH also defended the Debtor's appeal to the U.S. District Court concerning prior orders in the case, including filing a motion to dismiss the appeal.

  **J.** **Objection to Exemptions:** During the Application Period, MH assisted the Trustee in addressing the Debtor's claimed exemptions. MH prepared and filed an objection to the Debtor's exemptions shortly after the conversion to Chapter 7 and subsequently filed oppositions to the Debtor's motions to reconsider or redirect exempt property, including the Debtor's Renewed Motion to Reconsider Objection to Exemption. MH also appeared at hearings related to these matters, ensuring the estate's interests were protected and the Trustee could maximize recoveries for creditors.

  **K.** **Meetings of Creditors:** A meeting of creditors was conducted by the Trustee on July 18, 2023. MH did not bill for the time spent on this meeting.

  **L.** **Plan and Disclosure Statement:** MH provided no services with respect to a Plan or Disclosure Statement as this is a Chapter 7 case.

  **M.** **Relief from Stay Proceedings:** MH provided no services with respect to relief from stay proceedings because no such motions were filed in this case.

### III. PRIOR APPLICATIONS FOR COMPENSATION

This is the first application for approval of compensation filed by MH.

### IV. INFORMATION REQUIRED BY RULE 2016

As required by Federal Rule of Bankruptcy Procedure 2016, MH discloses that it has not received a retainer. No other compensation was promised except for compensation on an hourly basis for services performed as set forth herein. No compensation received has been shared. There

is no understanding between MH and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with this case.

## V. VALUE OF SERVICES

**A.  Computation of Value:** The services rendered by MH were important, necessary, valuable, constructive, positive and reasonable, and were all rendered with the objective of assisting the Trustee in bringing assets into this estate. MH submits that the expenses incurred in the representation of the Trustee were reasonable, necessary and appropriate.

The fees charged and expenses advanced by MH during this Application period, using the lodestar method of fee computation, are:

| Fees | Expenses |
|---|---|
| **$53,008.50** | **$1,467.04** |

A summary of the time spent by MH in representation of the Trustee is attached hereto as **Exhibit A**. Copies of the records of the time entries made by all of the professionals rendering service to the Trustee, along with a listing of expenses incurred, are attached hereto as **Exhibit B**.

**B.  Identification of Professionals Rendering Service**: Services were primarily rendered by Janet M. Nesse (at $525/hour) Justin P. Fasano (at $400/hour) and Kevin R. Feig ($325.00/hour).

**C.  Billing Discretion:** It has been the normal practice of MH in the representation of the Trustee, as in all cases, to bill certain types of matters with discretion. Certain services do not justify billing at all, and some only at an amount reduced from the actual time spent. Although the billing records will not reflect the amounts reduced or not billed in this Application, MH is providing the Court with a narrative description of such items.  On occasions in which the Trustee conferred with counsel on legal matters, time is not billed.

It is rare for MH to bill the Trustee for time spent reading incoming correspondence. Any time spent reviewing incoming material that does appear in the billing detail relates only to extraordinary pleadings, correspondence or other documents requiring immediate reply or other action. MH is not billing, in general, for review of documents issued by the Court, and has billed all conversations with employees as Trustee time, not as compensable legal time.

## VII.  EVALUATION STANDARDS

MH submits that it is entitled to be paid the full amount of fees and expenses sought herein, which is already reduced to **$53,008.50**, based upon the factors established in *Johnson v. Georgia Highway Express,* 488 F.2d 714 (5th Cir. 1974) and adopted by the Fourth Circuit in *Barber v. Kimbrell's Inc.,* 577 F.2d 216 (4th Cir. 1986). *See In re Information Network, Inc.,* 465 B.R. 67 (Bankr. D. Md. 2011). MH is also entitled to the fees sought herein, based upon the Guidelines established by Appendix D to the Local Rules of this Court, as addressed in detail below:

a. <u>Skill Required to Perform the Services Properly</u>: MH submits that the skill and competence level required of Chapter 7 Trustee's counsel is, at a minimum, the ordinary skill and competence required of experienced bankruptcy attorneys.

b. <u>Preclusion of Other Employment:</u> MH was not denied the opportunity to accept representations of other clients as a result of the rendition of service to the Trustee herein.

c. <u>Novelty and Difficulty of Questions:</u> MH was not confronted with novel or difficult questions in the course of its representation of the Trustee in this matter.

d. <u>Time and Labor Required:</u> The time and labor required of MH in connection with its representation of the Trustee is set forth in the time records attached hereto as Exhibit B. The amount of compensation sought through this Application is the lodestar amount, derived from the hours actually billed on this matter, as reflected in Exhibit B.

  e. <u>The Customary Fee:</u> MH's attorneys charged their customary rates, which are the market rate for attorneys of comparable experience and expertise. No variance from the practice of billing time at an hourly rate – e.g., through "value billing" – was ever undertaken or permitted by MH.  As much work as possible was performed by associates at lower rates.

  f. <u>Fixed or Contingent:</u> The fees charged by MH were determined at an hourly rate, based on time actually expended working on matters for the Trustee. The matter was not undertaken on any arrangement, promise, or expectation other than the anticipation of payment for services rendered on an hourly basis, to the extent allowed by this Court.

  g. <u>Experience, Reputation and Ability of the Attorneys:</u> MH attorneys have extensive experience dealing with bankruptcy trustee, Chapter 7, and bankruptcy litigation matters before this Court (and others). MH submits that the attorneys who worked on this case are generally well-regarded among their peers, and enjoy favorable reputations.

  h. <u>Awards in Similar Cases:</u> The compensation requested herein is similar to fee awards granted to other attorneys who have acted as counsel to trustees in cases bearing similarity to this case.

  i. <u>Time Limitations:</u> MH was not burdened by any unusual time limitations, other than normal bankruptcy deadlines.

  j. <u>Results Obtained:</u> MH submits that its rendition of services to the Trustee have precipitated good and economic results for the estate and the creditors. MH seeks no increment above the lodestar amount of its fees on account of the results it achieved during the period covered by this Application.

**VIII.  <u>ABILITY TO PAY</u>**

It appears that the estate has sufficient funds with which to pay the fees and expenses sought herein.

## IX. FURTHER APPLICATION

MH intends to submit further applications for compensation in this case as additional services are rendered and additional time is incurred on behalf of the Trustee.

## X. REIMBURSEMENT OF EXPENSES

MH incurred expenses related to postage, printing, overnight mailings, notary fees, PACER search fees and filing fees in the amount of **$1,467.04**, and is seeking reimbursement for these expenses. Expense reimbursement is sought herein in the amount of **$1,467.04**.

## XI. PRIOR, INTERIM AWARD

This is the first application for approval of compensation filed by MH.

WHEREFORE, the Trustee requests that this Court enter an order:

1. Approving the compensation and expenses sought herein; and

2. Granting such other and further relief as is just and proper.

Date: January 6, 2026                                Respectfully submitted,

/s/ Janet M. Nesse
Janet M. Nesse (#07804)
McNamee, Hosea, P.A.
6404 Ivy Lane, Suite 820
Greenbelt, Maryland 20770
(301) 441-2420
jnesse@mhlawyers.com
*Counsel for the Chapter 7 Trustee*