**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**Greenbelt Division**

|  |  |  |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| | ) | **Case No. 22-12609-LSS** |
| **WILLIAM CHARLES BEVAN, JR.,** | ) | **Chapter 7** |
| | ) | |
| *Debtor*. | ) | |
| | ) | |

**MOTION TO ALLOW INTERIM PARTIAL**
**DISTRIBUTION OF TRUSTEE COMMISSIONS**

Janet M. Nesse, the Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of the debtor William Charles Bevan, Jr. (the "Debtor"), by and through counsel, hereby respectfully files this *Motion to Allow Interim Partial Distribution of Trustee Commissions* (the "Motion"), and moves, pursuant to §§ 326, 330, and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), for interim approval of a partial distribution of her statutory commission and, in support thereof, states as follows:

**JURISDICTION**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (M), (N), and (O).

3. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The basis for the relief requested herein are, inter alia, §§ 105, 326, 330, and 331 of the Bankruptcy Code.

**BACKGROUND**

5.      On May 13, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for District of Maryland (the "Bankruptcy Court"). This case was the Debtor's fifth Chapter 13 filing with the Bankruptcy Court since 2014, of which all prior filings have been dismissed without discharge.

6.      On June 13, 2023, the Debtor's bankruptcy case was converted to a case under Chapter 7 of the Bankruptcy Code on the motion of the Chapter 13 trustee (Dkt. No. 220). Janet M. Nesse was thereafter duly appointed Chapter 7 Trustee (Dkt. No. 221).

7.      Among the assets of the bankruptcy estate were the real properties located at 3415 Wenona South, Laurel, Maryland 20724 (the "Laurel Property"), and 11229 Empire Lane, Rockville, Maryland 20852 (the "Rockville Property," and together with the Laurel Property, the "Properties").

8.      The Trustee sold the Laurel Property on August 1, 2025, and sold the Rockville Property on August 2, 2025. On August 29, 2025, the Trustee filed the Reports of Sale related to the Properties (Dkt. Nos. 319 and 320).

9.      The Reports of Sale state the Laurel Property sold for a total price of $275,000.00, and the Rockville Property sold for a total price of $920,000.00.

10.      From the sale of the Laurel Property, the Trustee disbursed a total of $211,704.57 to secured creditors and lien holders, which left $63,295.43 for the bankruptcy estate.

11.      From the sale of the Rockville Property, the Trustee disbursed a total of $532,393.70 to secured creditors and lien holders, which left $387,606.30 for the bankruptcy estate.

12. The Trustee has disbursed a total of $744,098.27 to secured creditors and lien holders from the sales of the Properties.

13. On January 6, 2026, the Trustee, by and through counsel, filed her First Interim Application for Compensation and Expenses of McNamee Hosea, P.A. for the period of June 14, 2023 through October 31, 2025, and therein requested compensation for administrative legal fees and expenses for the period of June 14, 2023, through October 31, 2025, requesting $53,008.50 in fees and $1,467.04 in expenses, totaling $54,475.54 (Dkt. No. 627).

14. On February 3, 2026, this Court granted an order approving the Trustee's First Interim Application for Compensation and Expenses of McNamee Hosea, P.A. for the period of June 14, 2023 through October 31, 2025, in the total requested amount of $54,475.54 (Dkt. No. 636).

15. Additional funds have been provided to the Trustee from Mr. Levin's escrow account and water escrow refunds.

16. The Trustee currently holds $393,840.90 in her Trustee account on behalf of the Debtor's bankruptcy estate that has not been approved for disbursement to a creditor of the bankruptcy estate.

17. The Trustee anticipates that this bankruptcy case will continue to remain open for some time, as the administrative fee applications of John D. Burns and The Bruns Law Firm and of Adam Ross Levin are currently the subject of ongoing litigation.

18. Those administrative fees still being litigated, regardless of the amount awarded, if any, would be subordinate in priority to the Trustee commissions.

19. Distribution from the bankruptcy estate to the Trustee for the Trustee's interim partial compensation in the form of commission would not unduly burden or prejudice creditors

3

in this case, whether secured or unsecured, or their ability to recover had this request not been filed.

**REQUESTED RELIEF**

20.     Section 326(a) of the Bankruptcy Code provides Trustee's compensation which shall not exceed the amounts set out therein.

21.     Section 330(a)(7) of the Bankruptcy Code provides that the Trustee compensation is to be treated as a commission.

22.     Section 331 of the Bankruptcy Code provides that the Trustee may apply for interim compensation once every 120 days after the order for relief, or more often if the Court permits.

23.     The Trustee requests that the Court authorize interim commission payment to the Trustee of accrued administrative expenses in the amount totaling $40,454.91.

24.     This amount is the amount to which the Trustee is entitled under 11 U.S.C. § 326. The Trustee has not requested fees to be paid at this time on the cure amounts, payment of closing costs, payment of administrative expenses, or any other payments with respect to which the Trustee might be entitled to compensation.

25.     Because the Trustee's account is a Chapter 7 trustee account, the funds do not earn interest. Rather, the holding of significant funds in the account causes the estate to incur significant bank fees, eating into the total remaining estate proceeds, which can be avoided in part by payment of the interim commission.

26.     The Trustee and her staff have expended considerable effort in this case over the course of three years in the liquidation and disbursal of moneys turned over to parties in interest, excluding the Debtor, but including holders of secured claims.

27. The Trustee has advised the Office of the United States Trustee of her intention to seek this relief.

### **CONCLUSION**

28. The Trustee believes that the proposed interim partial disbursement will not prejudice any creditors (administrative or unsecured) and is reasonable under the unusual circumstances of this case.

**WHEREFORE**, the Trustee, Janet M. Nesse, moves for the entry of an order

a. Authorizing the interim partial disbursement of $40,454.91 to the Trustee;

b. Granting such other and further relief as is just and proper.

Date: June 16, 2026

Respectfully submitted,

/s/ *Janet M. Nesse*
Janet M. Nesse (#07804)
McNamee Hosea, P.A.
6404 Ivy Lane, Suite 820
Greenbelt, Maryland 20770
(301) 441-2420
jnesse@mhlawyers.com
*Counsel for the Chapter 7 Trustee*

5

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on June 16, 2026, I served a copy of the foregoing *Motion to Allow Interim Partial Distribution of Trustee Commissions* via first class mail, postage prepaid, upon the following:

Office of the U.S. Trustee
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770

and to all creditors on the attached mailing matrix;

and by electronic mail via CM/ECF upon:

- Daniel M. Press        dpress@chung-press.com

*/s/ Janet M. Nesse*
Janet M. Nesse