Entered: November 20th, 2026

Signed: November 20th, 2026

**SO ORDERED**

**LORI S. SIMPSON**
**U.S. BANKRUPTCY JUDGE**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**at Greenbelt**

| | | |
|---|---|---|
| In re: | * | |
| William C Bevan, Jr., | * | Case No. 22-12609-LSS |
| | * | Chapter 7 |
| Debtor. | * | |
| | * | |

*   *   *   *   *   *   *   *   *   *   *   *

## <u>ORDER APPROVING APPLICATION FOR COMPENSATION</u>

Before the Court is the First and Final Application for Pre-Conversion Administrative Compensation for Former Counsel for the Chapter 13 Debtor and for Reimbursement of Expenses [Dkt. No. 354] (“Application for Compensation”), filed by The Burns Law Firm, LLC (“Former Counsel”), the Response [Dkt. No. 382], filed by Janet M. Nesse, Chapter 7 Trustee. For the reasons that follow, the Court has determined that no hearing is necessary and that the Application for Compensation should be approved, as provided herein.

On May 13, 2022, Debtor, through Former Counsel, filed his Voluntary Chapter 13 Petition [Dkt. No. 1]. From the beginning, this case was not a run-of-the-mill Chapter 13 reorganization. This case presented significant complexity and required significant attentiveness and creativity from Debtor, counsel, and others. Debtor had previously filed four Chapter 13

cases, all of which were dismissed without a discharge. Further, heavy litigation between the Debtor and the Chapter 13 Trustee and creditors commenced early in the case.

Debtor filed his original Chapter 13 Plan [Dkt. No. 24] ("Original Plan") and bankruptcy schedules on June 14, 2022. In Schedule A/B, Debtor listed that he owned the real property known as 11229 Empire Lane, Rockville, Maryland 20852 ("Rockville Property") and held a partial ownership interest in the real property known as 3415 Wenona South, Laurel, Maryland 20724 ("Laurel Property," collectively "Properties"). The Original Plan included several paragraphs of "non-standard provisions," which set a complicated procedure for Debtor to either refinance or sell his interests in the Properties. After a confirmation hearing on July 26, 2022, the confirmation of the Original Plan was denied with leave to amend.

On August 15, 2022, Debtor filed his Amended Chapter 13 Plan [Dkt. No. 55] ("Amended Plan"), which also contained extensive non-standard provisions concerning the refinance or sale of the Properties. The Court held a confirmation hearing on the Amended Plan on September 27, 2026. At the hearing, the Court heard the direct testimony of Debtor and based thereon, the Court found that Debtor understood and agreed to the terms of the Amended Plan. The Court also overruled the objections of the Chapter 13 Trustee and creditors and found that the Amended Plan complied with the requirements of the Bankruptcy Code. Therefore, the Court orally ruled that the Amended Plan would be confirmed with a hold to allow for needed amendments to the Amended Plan. The Court entered the Order Confirming Plan [Dkt. No. 80] on October 26, 2022. Following confirmation, Former Counsel and Debtor proceeded to carry out the terms of the Amended Plan. Debtor, through Former Counsel, obtained the Court's approval to employ a realtor as well as other vendors including an accountant and mold remediation specialist.

Debtor's reorganization as provided for under the Amended Plan began to fall apart soon after confirmation. The Chapter 13 Trustee filed a Motion to Convert Case to Chapter 7 [Dkt. No. 112] on February 3, 2023. At the same time, Debtor's relationship with Former Counsel deteriorated and, on May 18, 2023, the Court entered the Order Striking Appearance of John D. Burns and the Burns Law Firm, LLC [Dkt. No. 193]. Shortly thereafter, the Court held a hearing on the Chapter 13 Trustee's motion and other matters. On June 13, 2023, the Court entered the Order Converting Chapter 13 Case to a Case Under Chapter 7 [Dkt. No. 220].

On October 31, 2023, Former Counsel filed the Application for Compensation. Former Counsel sought an award of $139,045.12 in fees and $5,086.47 in costs. On November 19, 2023, the Chapter 7 Trustee filed her Response. The Response does not posit a true objection to approval of the Application for Compensation. Instead, the Response recites a history of the case as well as a reminder to the Court to fulfill its duty to independently review the Application for Compensation and ensure it fulfills the requirements of the Bankruptcy Code, including 11 U.S.C. § 328. Which the Court always does and has done in this instance. On November 30, 2023, the United States Trustee filed its Objection to the Application for Compensation [Dkt. No. 389] ("UST's Objection"). On January 17, 2024, Debtor, acting *pro se*, filed his Objection to the Application for Compensation [Dkt. No. 415] ("Debtor's Objection"). In March 2024, Debtor hired new counsel to represent him in this case.

Over the intervening nearly three years, the parties engaged in discovery, settlement negotiations, and mediation. Former Counsel and the United States Trustee reached a settlement and submitted a Consent Order Resolving UST's Objection [Dkt. No. 657], which the Court reviewed, signed, and entered on September 4, 2026. Pursuant thereto, Former Counsel agreed to reduce the compensation sought under the Application for Compensation to $122,686.87 in fees

and $5,086.47 in costs. On November 16, 2026, the Court allowed Debtor and Former Counsel to continue attempting to resolve Debtor's Objection, at which they were ultimately successful. The parties then appeared on the record and announced that they had reached an agreement whereby Former Counsel would agree to a further reduction of $5,000.00 in total compensation sought and Debtor agreed to withdraw his Objection and provide a release to Former Counsel. The Court then announced that it would review the Application for Compensation and the entire docket and determine whether further evidence or a hearing was needed.

After reviewing the Application for Compensation, the Chapter 7 Trustee's Response, and the entire record, the Court has determined that no further evidence is needed. Ordinarily, after conducting such review, the Court would simply sign the proposed order appended to the application for compensation. In light of the long, tortured history of this case and this matter, the Court determined that more was needed. Based on its review, the Court finds that all fee disclosures were timely filed, and the fees and costs incurred and sought by Former Counsel were reasonable and necessary given the complexities of the case. Based thereon, the Court finds and concludes that no further reduction is warranted, and the Court approves the fees in the amount of $117,686.87 and approve costs in the amount of $5,086.47. Further, to the extent the Chapter 7 Trustee's Response constitutes an objection, it is overruled. Wherefore, it is, by the United States Bankruptcy Court for the District of Maryland,

**ORDERED**, that the Application for Compensation is GRANTED, as provided herein; and it is further,

**ORDERED**, that Former Counsel is awarded net fees in the amount of $117,686.87; and it is further,

**ORDERED**, that counsel is awarded costs in the amount of $5,086.47, which are

authorized to Former Counsel for reimbursement; and it is further,

**ORDERED**, that the Chapter 7 Trustee is authorized to remit to Former Counsel $104,743.86 from funds on hand in fees and costs in full and final satisfaction of Former Counsel's administrative expense; and it is further,

**ORDERED**, that the sum of $104,743.86 remains a liability of the Debtor to Former Counsel to the Extent it is not paid by the Chapter 7 Trustee as authorized above; and it is further,

**ORDERED**, that this is a final order.

cc: Debtor
Debtor's Counsel – Daniel M. Press
The Burns LawFirm – Timothy Stephen Carey
Chapter 7 Trustee – Janet M. Nesse
U.S. Trustee

**End of Order**